**UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **CENTER FOR** | **CIVIL ACTION** |
| **RECONSTRUCTIVE BREAST** | |
| **SURGERY, LLC., et al.** | |
| **Plaintiffs** | |
| | |
| **VERSUS** | **No.  11-806** |
| | |
| **BLUE CROSS BLUE SHIELD OF** | **Section "E"** |
| **LOUISIANA, et al.** | |
| **Defendant**s | |

**ORDER & REASONS**

Before the Court is a motion to dismiss or in the alternative for a more definite statement or to sever, filed by Defendant Blue Shield of Michigan.[1]  Plaintiffs oppose the motion.[2]  For the following reasons the motion is **GRANTED** in part and **DENIED** in part.

Plaintiffs are a practice group of physicians and a specialty surgical center they own. In their third amended complaint, they assert claims under ERISA and state law to the reimbursement processes of twenty eight health insurance plans that have allegedly failed to provide appropriate reimbursement for hundreds of their patients.[3]  But the complaint groups all Defendants together and contains no specific allegations against a given health insurance plan based on a given patient.  Instead, Plaintiffs have simply made general

---

[1]     R. Doc. No. 171.

[2]     R. Doc. No. 183.

[3]     Although the motion to dismiss is directed to Plaintiffs' second amended complaint, the parties stipulated at the time Plaintiffs' third amended complaint was filed that there would be no need to re-brief the pending motions because the third amended complaint merely added additional patients.

1

allegations against all Defendants and attached a list of patients. This is insufficient under well established law.

"To sufficiently plead its claims, Plaintiffs must establish the existence of the ERISA plans under which they sue." *Sanctuary Surgical Centre, Inc. v. Connecticut Gen. Life Ins. Co.*, 2012 WL 28263, at *3 (S.D. Fla. Jan. 5, 2012) (citing *Advanced Rehab., LLC v. UnitedHealth Group, Inc.*, 2011 WL 995960, at *2 (D.N.J. Mar. 17, 2011)). "A plan is established if a reasonable person 'can ascertain the intended benefits, a class of beneficiaries, the source of financing and procedures for receiving benefits.'" *Forest Ambulatory Surgical Assocs., L.P. v. United Healthcare Ins. Co.*, 2011 WL 2749724, at *5 (N.D. Cal. July 13, 2011) (quoting *Donovan v. Dillingham*, 688 F.2d 1367, 1373 (11th Cir. 1982)). "Having established the plan at issue, Plaintiffs must then identify the plan terms Defendants have breached." *Sanctuary Surgical Centre*, 2012 WL 28263, at *3. "[T]he mere fact that [Plaintiffs] have yet to obtain the policies does not excuse them from this pleading obligation." *Id.* at *2 (citing *In re Managed Care Litig.*, 2009 WL 742678, *3 (S.D. Fla. 2009).

Plaintiffs' third amended complaint does not satisfy these requirements. On the most basic level, Plaintiffs fail to distinguish between the patients who were participants in an ERISA covered plan and those who were not—a crucial distinction.[4] The Court must therefore decide whether to dismiss or require a more definite statement. Either would seem to be acceptable, *see, e.g., Sanctuary Surgical Centre*, 2012 WL 28263, at *3

---

[4]    At least some patients apparently were in non-ERISA covered plans. R. Doc. No. 223, ¶ 2 ("For those patients listed in the attached Exhibit 1 who were neither participants nor beneficiaries under an ERISA plan during the relevant period, Plaintiffs' derivative causes of action do not apply.").

(dismissing); *Kindred Hospital East, LLC v. Blue Cross & Blue Shield of Fla., Inc.*, 2007 WL 601749, at *4 (M.D. Fla. Feb. 16, 2007) (*sua sponte* requiring Plaintiff to re-plead), and the Court elects to require Plaintiffs to provide a more definite statement. "To comply with the notice requirements of Rules 8 and 10, [Plaintiffs] shall separate by count each individual claim, setting forth the patient (identified by initials); the specific insurance plan under which plaintiff is proceeding and whether it is an ERISA-governed plan or not; the dates of treatment at plaintiff's facility; the amount of alleged incurred charges; the amount of charges allegedly remaining outstanding; and the amount of benefits sought on behalf of that patient." *Kindred Hospital East*, 2007 WL 601749, at *4.  Additionally, for claims based on plans governed by ERISA, Plaintiffs shall identify the specific plan terms allegedly breached and the manner of their breach (so, for example, claims relating to denied appeals should contain allegations concerning the appeal of that claim). *See Sanctuary Surgical Centre*, 2012 WL 28263, at *3.

Accordingly,

**IT IS ORDERED** that so much of Defendant's motion as requests a more definite statement is **GRANTED** while the remainder is **DENIED**.[5]

**IT IS FURTHER ORDERED** that in light of Plaintiffs' need to re-plead, the other pending motions to dismiss are **DISMISSED AS MOOT**.[6]

---

[5]      R. Doc. No. 171.

[6]      R. Docs. Nos. 170, 172, 173, 176.  Particularly as to issues such as exhaustion, Defendants' current motions cannot be decided because of Plaintiffs' generalized, collective pleading.

New Orleans, Louisiana, this 30th day of September, 2013.

                                    _____
                                          **SUSIE MORGAN**
                        **UNITED STATES DISTRICT JUDGE**