**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| CENTER FOR RESTORATIVE BREAST | * | |
| SURGERY, L.L.C., ET AL. | * | CIVIL ACTION NO. 11-806 |
| | * | |
| VERSUS | * | SECTION E |
| | * | |
| BLUE CROSS BLUE SHIELD OF | * | MAGISTRATE 5 |
| LOUISIANA, ET AL. | * | |

<u>FIFTH  AMENDED, SUPPLEMENTED AND RESTATED COMPLAINT</u>
<u>BY ORDER OF COURT</u>

**NOW   INTO   COURT**, through  undersigned  counsel,  come  Plaintiffs,  Center  for

Restorative Breast Surgery, LLC and St. Charles Surgical Hospital, who submit the following

Fifth Amended, Supplemental and Restated Complaint (the "Complaint") filed by order of the

Court.

<u>NATURE OF THE CASE</u>

1.          Plaintiffs, the  Center  for  Restorative  Breast  Surgery ("Center")  and  St.

Charles Surgical Hospital ("Hospital") bring this action in two capacities: (1) as independent

health care providers seeking redress under Louisiana laws for the unlawful acts and inactions of

Defendants for their direct dealings with the Plaintiffs, through a common scheme directed at

out  of  network  providers  that  was  created  and  perpetuated  by  Defendants  through  their

interrelationship  with  Blue  Cross  Blue  Shield  Association  to  reduce  the  payment  for  their

services  to  the  patients  listed  in  Exhibit  I.[1]; and  (2)  as  assignees  of  the  complete  *ERISA*

rights  of  their  patients  who  are  participants  and/or  beneficiaries  under  *ERISA*  plans,  and

who   are  specifically  identified  in  Exhibit  I,  seeking  appropriate  redress  for  Defendants'

various  breaches  of  said  *ERISA*  plans,  *ERISA*  regulations,  and  principles  of  trust  law  judicially

engrafted upon same.

_____
[1] Manual Attachment.

## JURISDICTION AND VENUE

2.      The rights and duties of insurance companies and beneficiaries of employer-sponsored health care plans are governed by the Employee Retirement Income Security Of 1974 (*ERISA*), §502, *29 U.S.C. § 1132*. Plaintiffs assert jurisdiction in the federal courts pursuant to *ERISA §502, 29 U.S.C. section 1132 (e)*.

3.      Venue is proper in this district pursuant to *28 U.S.C. §1441(a)* based on the removal of this action from the Civil District Court for the Parish of Orleans, which court is located in the Eastern District of Louisiana, and pursuant to *29 U.S.C. §1332(e)(2)* as the place where the patients received services, a substantial part of the events or omissions giving rise to these claims occurred and the place where Defendants may be found.

## PARTIES

### PLAINTIFFS

4.      **The Center for Restorative Breast Surgery, L.L.C.**, a Louisiana limited liability company authorized to do and actually doing business in the parish of Orleans, State of Louisiana, and who provided health care services to the persons listed in Exhibit I, its "patients," on the dates and for amounts indicated therein.  Plaintiff, The Center for Restorative Breast Surgery, L.L.C., may hereinafter at times be referred to as the "Center."

5.      **St. Charles Surgical Hospital, L.L.C.,** a Louisiana limited liability company authorized to do and actually doing business in the parish of Orleans, State of Louisiana, and who provided health care services to the persons listed in Exhibit I, its "patients," on the dates and for amounts indicated therein.  Plaintiff, St. Charles Surgical Hospital, L.L.C., may

hereinafter at times be referred to as the "Hospital."

## DEFENDANTS

6.       The Defendants named below may hereinafter collectively be referred to as "Blue Cross" or simply "Defendants," and in those instances, it is the Plaintiffs' intent to have allegations apply to all Defendants.

7.       All of the substantive practices, policies and procedures of each of Defendants' health plans are established, implemented, monitored and ratified by each individual Defendant. Local subsidiaries or affiliates of the named Defendants do not function as an independent corporate entity but rather have an alter-ego relationship with each named Defendant and function as agents under the respective Defendant's direction and control with respect to the practices at issue in this case.

8.       Whenever this Complaint alleges that any Defendant did any act or thing, it is meant that it, its directors, officers, agents or employees, or the directors, officers, agents or employees of its subsidiaries or affiliates performed or participated in such act or thing, and in each instance that such act or thing was authorized or ratified by, and done on behalf of, that Defendant.

## DEFENDANTS

9.    **Anthem BlueCross BlueShield of California**

Upon information and belief, Defendant, Anthem BlueCross BlueShield of California is a California corporation that does business in the state of Louisiana.  Upon further information and belief, Defendant is engaged in the business of providing health insurance coverage, administration of health benefits plans and related services.   At all material times, Defendant insured and/or administered employer health benefit plans, where beneficiaries

and/or participants received health care services in New Orleans, Louisiana. Defendant provided health insurance coverage to all of Defendant's insured patients listed on the attached Exhibit I on Column J "Insurance" under the name of the respective insurance company.

9a.    **BlueShield of California**

Upon information and belief, Defendant, Anthem BlueCross BlueShield of California is a California corporation that does business in the state of Louisiana.  Upon further information and belief, Defendant is engaged in the business of providing health insurance coverage, administration of health benefits plans and related services.   At all material times, Defendant insured and/or administered employer health benefit plans, where beneficiaries and/or participants received health care services in New Orleans, Louisiana. Defendant provided health insurance coverage to all of Defendant's insured patients listed on the attached Exhibit I on Column J "Insurance" under the name of the respective insurance company.

10.    **Anthem BlueCross BlueShield of Colorado**

Upon information and belief, Defendant, Anthem BlueCross BlueShield of Colorado is a Colorado corporation that does business in the state of Louisiana.  Upon further information and belief, Defendant is engaged in the business of providing health insurance coverage, administration of health benefits plans and related services.   At all material times, Defendant insured and/or administered employer health benefit plans, where beneficiaries and/or participants received health care services in New Orleans, Louisiana. Defendant provided health insurance coverage to all of Defendant's insured patients listed on the attached Exhibit I identified on Column J "Insurance" under the name of the respective insurance company.

11.    **Anthem BlueCross BlueShield of Connecticut**

Upon information and belief, Defendant, Anthem BlueCross BlueShield of

Connecticut is a Connecticut corporation that does business in the state of Louisiana.  Upon further information and belief, Defendant is engaged in the business of providing health insurance coverage, administration of health benefits plans and related services.   At all material times, Defendant insured and/or administered employer health benefits plans, where beneficiaries and/or participants received health care services in New Orleans, Louisiana. Defendant provided health insurance coverage to all of Defendant's insured patients listed on the attached Exhibit I on Column J "Insurance" under the name of the respective insurance company.

12.    **Anthem BlueCross BlueShield of Kentucky**

Upon information and belief, Defendant, Anthem BlueCross BlueShield of Kentucky is a Kentucky corporation that does business in the state of Louisiana.  Upon further information and belief, Defendant is engaged in the business of providing health insurance coverage, administration of health benefits plans and related services.   At all material times, Defendant insured and/or administered employer health benefits plans, where beneficiaries and/or participants received health care services in New Orleans, Louisiana. Defendant provided health insurance coverage to all of Defendant's insured patients listed on the attached Exhibit I on Column J "Insurance" under the name of the respective insurance company.

13.    **Anthem BlueCross BlueShield of Maine**

Upon information and belief, Defendant, Anthem BlueCross BlueShield of Maine is a Maine corporation that does business in the state of Louisiana.  Upon further information and belief, Defendant is engaged in the business of providing health insurance coverage, administration of health benefits plans and related services.   At all material times, Defendant insured and/or administered employer health benefits plans, where beneficiaries and/or participants received health care services in New Orleans, Louisiana. Defendant provided

health insurance coverage to all of Defendant's insured patients listed on the attached Exhibit I on Column J "Insurance" under the name of the respective insurance company.

14.    **Anthem BlueCross BlueShield of Mississippi**

Upon information and belief, Defendant Anthem BlueCross BlueShield of Mississippi is a Mississippi corporation that does business in the state of Louisiana. Upon further information and belief, Defendant is engaged in the business of providing health insurance coverage, administration of health benefits plans and related services. At all material times, Defendant insured and/or administered employer health benefits plans, where beneficiaries and/or participants received health care services in New Orleans, Louisiana. Defendant provided health insurance coverage to all of Defendant's insured patients listed on Exhibit I on Column J "Insurance" under the name of the respective insurance company.

15.    **Anthem BlueCross BlueShield of Nevada**

Upon information and belief, Defendant Anthem BlueCross BlueShield of Nevada is a Nevada corporation that does business in the state of Louisiana. Upon further information and belief, Defendant is engaged in the business of providing health insurance coverage, administration of health benefits plans and related services. At all material times, Defendant insured and/or administered employer health benefits plans, where beneficiaries and/or participants received health care services in New Orleans, Louisiana. Defendant provided health insurance coverage to all of Defendant's insured patients listed on the attached Exhibit I on Column J "Insurance" under the name of the respective insurance company.

16.    **Anthem Blue Cross and Blue Shield of Ohio**

Upon information and belief, Defendant Anthem Blue Cross and Blue Shield of Ohio is an Ohio corporation that does business in the state of Louisiana. Upon further information and belief, Defendant is engaged in the business of providing health insurance

coverage, administration of health benefits plans and related services.    At all material times, Defendant insured and/or administered employer health benefits plans, where beneficiaries and/or participants received health care services in New Orleans, Louisiana. Defendant provided health insurance coverage to all of Defendant's insured patients listed on the attached Exhibit I on Column J "Insurance" under the name of the respective insurance company.

17.    **Anthem Blue Cross and Blue Shield of Virginia**

Upon information and belief, Defendant Anthem Blue Cross and Blue Shield of Virginia is a Virginia corporation that does business in the state of Louisiana.    Upon further information and belief, Defendant is engaged in the business of providing health insurance coverage, administration of health benefits plans and related services.    At all material times, Defendant insured and/or administered employer health benefits plans, where beneficiaries and/or participants received health care services in New Orleans, Louisiana. Defendant provided health insurance coverage to all of Defendant's insured patients listed on the attached Exhibit I on Column J "Insurance" under the name of the respective insurance company.

18.    **Anthem Blue Cross BlueShield of Wisconsin**

Upon information and belief, Defendant Anthem BlueCross BlueShield of Wisconsin is a Wisconsin corporation that does business in the state of Louisiana.    Upon further information and belief, Defendant is engaged in the business of providing health insurance coverage, administration of health benefits plans and related services.    At all material times, Defendant insured and/or administered employer health benefits plans, where beneficiaries and/or participants received health care services in New Orleans, Louisiana. Defendant provided health insurance coverage to all of Defendant's insured patients listed on the attached Exhibit I on Column J "Insurance" under the name of the respective insurance company.

19.    **Louisiana Health Service & Indemnity Company**

Upon information and belief, Defendant Louisiana Health Service & Indemnity Company D/BA BlueCross BlueShield of Louisiana is a Louisiana corporation that does business in the state of Louisiana.  Upon further information and belief, Defendant is engaged in the business of providing health insurance coverage, administration of health benefits plans and related services.  At all material times, Defendant insured and/or administered employer health benefits plans, where beneficiaries and/or participants received health care services in New Orleans, Louisiana. Defendant provided health insurance coverage to all of Defendant's insured patients listed on Exhibit I on Column J "Insurance" under the name of the respective insurance company.  Defendant is at all relevant times the "Host Plan."

20.     **BlueCross BlueShield of California**

Upon information and belief, Defendant BlueCross BlueShield of California is a California corporation that does business in the state of Louisiana.  Upon further information and belief, Defendant is engaged in the business of providing health insurance coverage, administration of health benefits plans and related services.  At all material times, Defendant insured and/or administered employer health benefits plans where beneficiaries and/or participants received health care services in New Orleans, Louisiana. Defendant provided health insurance coverage to all of Defendant's insured patients listed on the attached Exhibit I on Column J "Insurance" under the name of the respective insurance company.

21.     **BlueCross BlueShield of Minnesota**

Upon information and belief, Defendant BlueCross BlueShield of Minnesota is a Minnesota corporation that does business in the state of Louisiana.  Upon further information and belief, Defendant is engaged in the business of providing health insurance coverage, administration of health benefits plans and related services.  At all material times,

Defendant insured and/or administered employer health benefits plans, where beneficiaries and/or participants received health care services in New Orleans, Louisiana. Defendant provided health insurance coverage to all of Defendant's insured patients listed on the attached Exhibit I on Column J "Insurance" under the name of the respective insurance company.

22. **Blue Cross and Blue Shield of Alabama**

Upon information and belief, Defendant Blue Cross and Blue Shield of Alabama is an Alabama corporation that does business in the state of Louisiana.  Upon further information and belief, Defendant is engaged in the business of providing health insurance coverage, administration of health benefits plans and related services.    At all material times, Defendant insured and/or administered employer health benefits plans, where beneficiaries and/or participants received health care services in New Orleans, Louisiana. Defendant provided health insurance coverage to all of Defendant's insured patients listed on the attached Exhibit I on Column J "Insurance" under the name of the respective insurance company.

23. **BlueCross BlueShield of Arizona**

Upon information and belief, Defendant BlueCross BlueShield of Arizona is an Arizona corporation that does business in the state of Louisiana.  Upon further information and belief, Defendant is engaged in the business of providing health insurance coverage, administration o f health benefits plans and related services.    At all material times, Defendant insured and/or administered employer health benefits plans, where beneficiaries and/or participants received health care services in New Orleans, Louisiana. Defendant provided health insurance coverage to all of Defendant's insured patients listed on the attached Exhibit I on Column J "Insurance" under the name of the respective insurance company.

24. **BlueCross BlueShield of Arkansas**

Upon information and belief, Defendant BlueCross BlueShield of Arkansas is an Arkansas corporation that does business in the state of Louisiana. Upon further information and belief, Defendant is engaged in the business of providing health insurance coverage, administration of health benefits plans and related services. At all material times, Defendant insured and/or administered employer health benefits plans, where beneficiaries and/or participants received health care services in New Orleans, Louisiana. Defendant provided health insurance coverage to all of Defendant's insured patients listed on the attached Exhibit I on Column J "Insurance" under the name of the respective insurance company.

25. **BlueCross BlueShield of Colorado**

Upon information and belief, Defendant BlueCross BlueShield of Colorado is a Colorado corporation that does business in the state of Louisiana. Upon further information and belief, Defendant is engaged in the business of providing health insurance coverage, administration of health benefits plans and related services. At all material times, Defendant insured and/or administered employer health benefits plans, where beneficiaries and/or participants received health care services in New Orleans, Louisiana. Defendant provided health insurance coverage to all of Defendant's insured patients listed on the attached Exhibit I on Column J "Insurance" under the name of the respective insurance company.

26. **BlueCross BlueShield of California Directors Guild of America**

Upon information and belief, Defendant BlueCross BlueShield of California Directors Guild of America is a California corporation that does business in the state of Louisiana. Upon further information and belief, Defendant is engaged in the business of providing health insurance coverage, administration of health benefits plans and related services. At all material times, Defendant insured and/or administered employer health benefits plans, where beneficiaries and/or participants received health care services in New Orleans, Louisiana.

Defendant provided health insurance coverage to all of Defendant's insured patients listed on the attached Exhibit I on Column J "Insurance" under the name of the respective insurance company.

27. **Blue Cross and Blue Shield of Connecticut**

Upon information and belief, Defendant Blue Cross and Blue Shield of Connecticut is a Connecticut corporation that does business in the state of Louisiana. Upon further information and belief, Defendant is engaged in the business of providing health insurance coverage, administration of health benefits plans and related services. At all material times, Defendant insured and/or administered employer health benefits, plans, where beneficiaries and/or participants received health care services in New Orleans, Louisiana. Defendant provided health insurance coverage to all of Defendant's insured patients listed on the attached Exhibit I on Column J "Insurance" under the name of the respective insurance company.

28. **BlueCross BlueShield of Delaware**

Upon information and belief, Defendant BlueCross BlueShield of Delaware is a Delaware corporation that does business in the state of Louisiana. Upon further information and belief, Defendant is engaged in the business of providing health insurance coverage, administration of health benefits plans and related services. At all material times, Defendant insured and/or administered employer health benefits plans, where beneficiaries and/or participants received health care services in New Orleans, Louisiana. Defendant provided health insurance coverage to all of Defendant's insured patients listed on the attached Exhibit I on Column J "Insurance" under the name of the respective insurance company.

29. **Blue Cross and Blue Shield of Florida**

Upon information and belief, Defendant Blue Cross and Blue Shield of Florida is a Florida corporation that does business in the state of Louisiana. Upon further information and

belief, Defendant is engaged in the business of providing health insurance coverage, administration of health benefits plans and related services.    At all material times, Defendant insured and/or administered employer health benefits plans, where beneficiaries and/or participants received health care services in New Orleans, Louisiana. Defendant provided health insurance coverage to all of Defendant's insured patients listed on the attached Exhibit I on Column J "Insurance" under the name of the respective insurance company.

30.    **BlueCross BlueShield of Georgia**

Upon information and belief, Defendant BlueCross BlueShield of Georgia is a Georgia corporation that does business in the state of Louisiana.  Upon further information and belief, Defendant is engaged in the business of providing health insurance coverage, administration of health benefits plans and related services.    At all material times, Defendant insured and/or administered employer health benefits plans where beneficiaries and/or participants received health care services in New Orleans, Louisiana. Defendant provided health insurance coverage to all of Defendant's insured patients listed on the attached Exhibit I on Column J "Insurance" under the name of the respective insurance company.

31.    **BlueCross BlueShield of Hawaii**

Upon information and belief, Defendant BlueCross BlueShield of Hawaii is a Hawaii corporation that does business in the state of Louisiana.  Upon further information and belief, Defendant is engaged in the business of providing health insurance coverage, administration of health benefits plans and related services.    At all material times, Defendant insured and/or administered employer health benefits plans, where beneficiaries and/or participants received health care services in New Orleans, Louisiana. Defendant provided health insurance coverage to all Defendant insured patients listed on the attached Exhibit I on Column J "Insurance" under the name of the respective insurance company.

32.     **BlueCross BlueShield of Idaho**

Upon information and belief, Defendant BlueCross BlueShield of Idaho is an Idaho corporation that does business in the state of Louisiana.  Upon further information and belief, Defendant is engaged in the business of providing health insurance coverage, administration of health benefits plans and related services.     At all material times, Defendant insured and/or administered employer health benefits plans, where beneficiaries and/or participants received health care services in New Orleans, Louisiana. Defendant provided health insurance coverage to all of Defendant's insured patients listed on the attached Exhibit I on Column J "Insurance" under the name of the respective insurance company.

32a.     **Regence BlueShield of Idaho**

Upon information and belief, Defendant Regence BlueShield of Idaho is an Idaho corporation that does business in the state of Louisiana.  Upon further information and belief, Defendant is engaged in the business of providing health insurance coverage, administration of health benefits plans and related services.     At all material times, Defendant insured and/or administered employer health benefits plans, where beneficiaries and/or participants received health care services in New Orleans, Louisiana. Defendant provided health insurance coverage to all of Defendant's insured patients listed on the attached Exhibit I on Column J "Insurance" under the name of the respective insurance company.

33.     **Blue Cross & Blue Shield of Illinois**

Upon information and belief, Defendant Blue Cross & Blue Shield of Illinois is an Illinois corporation that does business in the state of Louisiana.  Upon further information and belief, Defendant is engaged in the business of providing health insurance coverage, administration of health benefits plans and related services.     At all material times, Defendant insured and/or administered employer health benefits plans, where beneficiaries

and/or participants received health care services in New Orleans, Louisiana. Defendant provided health insurance coverage to all of Defendant's insured patients listed on the attached Exhibit I on Column J "Insurance" under the name of the respective insurance company.

34. **BlueCross BlueShield of Indiana**

Upon information and belief, Defendant BlueCross BlueShield of Indiana is an Indiana corporation that does business in the state of Louisiana. Upon further information and belief, Defendant is engaged in the business of providing health insurance coverage, administration of health benefits plans and related services. At all material times, Defendant insured and/or administered employer health benefits plans, where beneficiaries and/or participants received health care services in New Orleans, Louisiana. Defendant provided health insurance coverage to all of Defendant's insured patients listed on the attached Exhibit I on Column J "Insurance" under the name of the respective insurance company.

35. **BlueCross BlueShield of Iowa**

Upon information and belief, Defendant BlueCross BlueShield of Iowa is an Iowa corporation that does business in the state of Louisiana. Upon further information and belief, Defendant is engaged in the business of providing health insurance coverage, administration of health benefits plans and related services. At all material times, Defendant insured and/or administered employer health benefits plans, where beneficiaries and/or participants received health care services in New Orleans, Louisiana. Defendant provided health insurance coverage to all of Defendant's insured patients listed on the attached Exhibit I on Column J "Insurance" under the name of the respective insurance company.

36. **BlueCross BlueShield of Kansas**

Upon information and belief, Defendant BlueCross BlueShield of Kansas is a

Kansas corporation that does business in the state of Louisiana. Upon further information and belief, Defendant is engaged in the business of providing health insurance coverage, administration of health benefits plans and related services. At all material times, Defendant insured and/or administered employer health benefits plans, where beneficiaries and/or participants received health care services in New Orleans, Louisiana. Defendant provided health insurance coverage to all of Defendant's insured patients listed on the attached Exhibit I on Column J "Insurance" under the name of the respective insurance company.

36a. **BlueCross BlueShield of Kansas City**

Upon information and belief, Defendant BlueCross BlueShield of Kansas City is a Kansas corporation that does business in the state of Louisiana. Upon further information and belief, Defendant is engaged in the business of providing health insurance coverage, administration of health benefits plans and related services. At all material times, Defendant insured and/or administered employer health benefits plans, where beneficiaries and/or participants received health care services in New Orleans, Louisiana. Defendant provided health insurance coverage to all of Defendant's insured patients listed on the attached Exhibit I on Column J "Insurance" under the name of the respective insurance company.

37. **BlueCross BlueShield of Kentucky**

Upon information and belief, Defendant BlueCross BlueShield of Kentucky is a Kentucky corporation that does business in the state of Louisiana. Upon further information and belief, Defendant is engaged in the business of providing health insurance coverage, administration of health benefits plans and related services. At all material times, Defendant insured and/or administered employer health benefits plans, where beneficiaries and/or participants received health care services in New Orleans, Louisiana. Defendant provided

health insurance coverage to all of Defendant's insured patients listed on the attached Exhibit I on Column J "Insurance" under the name of the respective insurance company.

38. **BlueCross BlueShield of Georgia**

Upon information and belief, Defendant BlueCross BlueShield of Georgia is a Georgia corporation that does business in the state of Louisiana. Upon further information and belief, Defendant is engaged in the business of providing health insurance coverage, administration of health benefits plans and related services. At all material times, Defendant insured and/or administered employer health benefits plans, where beneficiaries and/or participants received health care services in New Orleans, Louisiana. Defendant provided health insurance coverage to all of Defendant's insured patients listed on the attached Exhibit I on Column J "Insurance" under the name of the respective insurance company.

39. **BlueCross BlueShield Association**

Also made defendant herein is The Blue Cross and Blue Shield Association, a national federation of 37 independent, community-based and locally operated Blue Cross® and Blue Shield® companies. The Association owns and manages the Blue Cross and Blue Shield trademarks and names in more than 170 countries and territories around the world. The Association grants licenses to independent companies to use the trademarks and names in exclusive geographic areas. The Association also operates several business initiatives in support of the Blue Cross and Blue Shield companies and represents the Blue System in national forums. In this role as a national association, BCBSA is responsible for advancing Blue Cross and Blue Shield interests in legislative and regulatory initiatives in Washington, D.C., as well as coordinating legislative, regulatory and political strategy for the Blue System. The Association lists its addresses at 225 North Michigan Avenue, Chicago, IL 60601 and 1310 G Street, N.W., Washington, DC 20005.

40.     **BlueCross BlueShield of Maine**

Upon information and belief, Defendant BlueCross BlueShield of Maine is a Maine corporation that does business in the state of Louisiana.  Upon further information and belief, Defendant is engaged in the business of providing health insurance coverage, administration of health benefits plans and related services.   At all material times, Defendant insured and/or administered employer health benefits plans, where beneficiaries and/or participants received health care services in New Orleans, Louisiana. Defendant provided health insurance coverage to all of Defendant's insured patients on the attached Exhibit I on Column J "Insurance" under the name of the respective insurance company.

41.     **BlueCross BlueShield of Maryland**

Upon information and belief, Defendant BlueCross BlueShield of Maryland is a Maryland corporation that does business in the state of Louisiana.  Upon further information and belief, Defendant is engaged in the business of providing health insurance coverage, administration of health benefits plans and related services.   At all material times, Defendant insured and/or administered employer health benefits plans, where beneficiaries and/or participants received health care services in New Orleans, Louisiana. Defendant provided health insurance coverage to all of Defendant's insured patients listed on the attached Exhibit I on Column J "Insurance" under the name of the respective insurance company.

42.     **BlueCross BlueShield of Massachusetts**

Upon information and belief, Defendant BlueCross BlueShield of Massachusetts is a Massachusetts corporation that does business in the state of Louisiana.   Upon further information and belief, Defendant is engaged in the business of providing health insurance coverage, administration of health benefits plans and related services.   At all material times, Defendant insured and/or administered employer health benefits plans, where beneficiaries

and/or participants received health care services in New Orleans, Louisiana. Defendant provided health insurance coverage to all of Defendant's insured patients listed on the attached Exhibit I on Column J "Insurance" under the name of the respective insurance company.

43.    **BlueCross BlueShield of Michigan**

Upon information and belief, Defendant BlueCross BlueShield of Michigan is a Michigan corporation that does business in the state of Louisiana.  Upon further information and belief, Defendant is engaged in the business of providing health insurance coverage, administration of health benefits plans and related services.   At all material times, Defendant insured and/or administered employer health benefits plans, where beneficiaries and/or participants received health care services in New Orleans, Louisiana. Defendant provided health insurance coverage to all of Defendant's insured patients listed on the attached Exhibit I on Column J "Insurance" under the name of the respective insurance company.

44.    **Defendant BlueCross BlueShield of Minnesota**

Upon information and belief, Defendant BlueCross BlueShield of Minnesota is a Minnesota corporation that does business in the state of Louisiana.  Upon further information and belief, Defendant is engaged in the business of providing health insurance coverage, administration of health benefits plans and related services.   At all material times, Defendant insured and/or administered employer health benefits plans, where beneficiaries and/or participants received health care services in New Orleans, Louisiana. Defendant provided health insurance coverage to all of Defendant's insured patients listed on the attached Exhibit I on Column J "Insurance" under the name of the respective insurance company.

45.    **BlueCross & BlueShield of Mississippi**

Upon information and belief, Defendant Blue Cross & Blue Shield of Mississippi is a Mississippi corporation that does business in the state of Louisiana.   Upon further

information and belief, Defendant is engaged in the business of providing health insurance coverage, administration of health benefits plans and related services.   At all material times, Defendant insured and/or administered employer health benefits plans, where beneficiaries and/or participants received health care services in New Orleans, Louisiana. Defendant provided health insurance coverage to all of Defendant's insured patients listed on the attached Exhibit I on Column J "Insurance" under the name of the respective insurance company.

46.     **BlueCross BlueShield of Missouri**

Upon information and belief, Defendant BlueCross BlueShield of Missouri is a Missouri corporation that does business in the state of Louisiana.  Upon further information and belief, Defendant is engaged in the business of providing health insurance coverage, administration of health benefits plans and related services.   At all material times, Defendant insured and/or administered employer health benefit plans, where beneficiaries and/or participants received health care services in New Orleans, Louisiana.  Defendant provided health insurance coverage to all Defendant insured's patients listed on the attached Exhibit I on Column J, "Insurance" under the name of the respective insurance company.

47.     **BlueCross BlueShield of Montana**

Upon information and belief, Defendant BlueCross BlueShield of Montana is a Montana corporation that does business in the state of Louisiana.  Upon further information and belief, Defendant is engaged in the business of providing health insurance coverage, administration of health benefits plans and related services.    At all material times, Defendant insured and/or administered employer health benefits plans where beneficiaries and/or participants received health care services in New Orleans, Louisiana.  Defendant provided health insurance coverage to all of Defendant's insured patients listed on the attached Exhibit I on Column J "Insurance" under the name of the respective insurance company.

48.    **BlueCross BlueShield of Mountain West Virginia**

Upon information and belief, Defendant BlueCross BlueShield of Mountain West Virginia is a West Virginia corporation that does business in the state of Louisiana. Upon further information and belief, Defendant is engaged in the business of providing health insurance coverage, administration of health benefits plans and related services.   At all material times, Defendant insured and/or administered employer health benefits plans, where beneficiaries and/or participants received health care services in New Orleans, Louisiana. Defendant provided health insurance coverage to all of Defendant's insured patients listed on the attached Exhibit I on Column J "Insurance" under the name of the respective insurance company.

49.    **Blue Cross and Blue Shield of Nebraska, Inc.**

Upon information and belief, Defendant Blue Cross and Blue Shield of Nebraska, Inc. is a Nebraska corporation that does business in the state of Louisiana.   Upon further information and belief, Defendant is engaged in the business of providing health insurance coverage, administration of health benefits plans and related services.   At all material times, Defendant insured and/or administered employer health benefits plans, where beneficiaries and/or participants received health care services in New Orleans, Louisiana. Defendant provided health insurance coverage to all of Defendant's insured patients listed on the attached Exhibit I on Column J "Insurance" under the name of the respective insurance company.

50.    **BlueCross BlueShield of Georgia**

Upon information and belief, Defendant BlueCross BlueShield of Georgia is a Georgia corporation that does business in the state of Louisiana.  Upon further information and belief, Defendant is engaged in the business of providing health insurance coverage, administration of health benefits plans and related services. At all material times, Defendant At all material times, Defendant insured and/or administered employer health benefits plans,

where beneficiaries and/or participants received health care services in New Orleans, Louisiana. Defendant provided health insurance coverage to all of Defendants' insured patients listed on the attached Exhibit I on Column J, "Insurance" under the name of the respective insurance company.

51.    **BlueCross BlueShield of New Jersey**

Upon information and belief, Defendant BlueCross BlueShield of New Jersey is a New Jersey corporation that does business in the state of Louisiana. Upon further information and belief, Defendant is engaged in the business of providing health insurance coverage, administration of health benefits plans and related services.    At all material times, Defendant insured and/or administered employer health benefits plans, where beneficiaries and/or participants received health care services in New Orleans, Louisiana. Defendant provided health insurance coverage to all of Defendant's insured patients listed on the attached Exhibit I on Column J "Insurance" under the name of the respective insurance company.

52.    **BlueCross BlueShield of New Mexico**

Upon information and belief, Defendant BlueCross BlueShield of New Mexico is a New Mexico corporation that does business in the state of Louisiana. Upon further information and belief, Defendant is engaged in the business of providing health insurance coverage, administration of health benefits plans and related services.    At all material times, Defendant insured and/or administered employer health benefits plans, where beneficiaries and/or participants received health care services in New Orleans, Louisiana. Defendant provided health insurance coverage to all of Defendant's insured patients listed on the attached Exhibit I on Column J "Insurance" under the name of the respective insurance company.

53.    **BlueCross BlueShield of New York**

Upon information and belief, Defendant BlueCross BlueShield of New York is a New York corporation that does business in the state of Louisiana.  Upon further information and belief, Defendant is engaged in the business of providing health insurance coverage, administration of health benefits plans and related services.    At all material times, Defendant insured and/or administered employer health benefits plans, where beneficiaries and/or participants received health care services in New Orleans, Louisiana. Defendant provided health insurance coverage to all of Defendant's insured patients listed on the attached Exhibit I on Column J "Insurance" under the name of the respective insurance company.

53a.    **Empire BlueCross BlueShield of New York**

Upon information and belief, Defendant Empire BlueCross BlueShield of New York is a New York corporation that does business in the state of Louisiana. Upon further information and belief, Defendant is engaged in the business of providing health insurance  coverage, administration of health benefits plans and related services.    At all material times, Defendant insured and/or administered employer health benefits plans, where beneficiaries and/or participants received health care services in New Orleans, Louisiana. Defendant provided health insurance coverage to all of Defendant's insured patients listed on the attached Exhibit I on Column J "Insurance" under the name of the respective insurance company.

54.    **BlueCross BlueShield of North Carolina**

Upon information and belief, Defendant BlueCross BlueShield of North Carolina is a North Carolina corporation that does business in the state of Louisiana.  Upon further information and belief, Defendant is engaged in the business of providing health insurance coverage, administration of health benefits plans and related services.    At all material times, Defendant insured and/or administered employer health benefits plans, where beneficiaries

and/or participants received health care services in New Orleans, Louisiana. Defendant provided health insurance coverage to all of Defendant's insured patients listed on the attached Exhibit I on Column J "Insurance" under the name of the respective insurance company.

55. **BlueCross BlueShield of Ohio**

Upon information and belief, Defendant BlueCross BlueShield of Ohio is an Ohio corporation that does business in the state of Louisiana. Upon further information and belief, Defendant is engaged in the business of providing health insurance coverage, administration of health benefits plans and related services. At all material times, Defendant insured and/or administered employer health benefits plans, where beneficiaries and/or participants received health care services in New Orleans, Louisiana. Defendant provided health insurance coverage to all of Defendant's insured patients listed on the attached Exhibit I on Column J "Insurance" under the name of the respective insurance company.

56. **Blue Cross and Blue Shield of Oklahoma**

Upon information and belief, Defendant Blue Cross and Blue Shield of Oklahoma is an Oklahoma corporation that does business in the state of Louisiana. Upon further information and belief, Defendant is engaged in the business of providing health insurance coverage, administration of health benefits plans and related services. At all material times, Defendant insured and/or administered employer health benefits plans, where beneficiaries and/or participants received health care services in New Orleans, Louisiana. Defendant provided health insurance coverage to all of Defendant's insured patients listed on the attached Exhibit I on Column J "Insurance" under the name of the respective insurance company.

57. **BlueCross BlueShield of Oregon**

Upon information and belief, Defendant BlueCross BlueShield of Oregon is an Oregon corporation that does business in the state of Louisiana. Upon further information and

belief, Defendant is engaged in the business of providing health insurance coverage, administration of health benefits plans and related services.    At all material times, Defendant insured and/or administered employer health benefits plans, where beneficiaries and/or participants received health care services in New Orleans, Louisiana. Defendant provided health insurance coverage to all of Defendant's insured patients listed on the attached Exhibit I on Column J "Insurance" under the name of the respective insurance company.

58.    **BlueCross BlueShield of Pennsylvania**

Upon information and belief, Defendant BlueCross BlueShield of Pennsylvania is a Pennsylvania corporation that does business in the state of Louisiana.    Upon further information and belief, Defendant is engaged in the business of providing health insurance coverage, administration of health benefits plans and related services.    At all material times, Defendant insured and/or administered employer health benefits plans, where beneficiaries and/or participants received health care services in New Orleans, Louisiana. Defendant provided health insurance coverage to all of Defendant's insured patients listed on the attached Exhibit I on Column J "Insurance" under the name of the respective insurance company.

59.    **BlueCross BlueShield of Rhode Island**

Upon information and belief, Defendant BlueCross BlueShield of Rhode Island is a Rhode Island corporation that does business in the state of Louisiana.    Upon further information and belief, Defendant is engaged in the business of providing health insurance coverage, administration of health benefits plans and related services.    At all material times, Defendant insured and/or administered employer health benefits plans, where beneficiaries and/or participants received health care services in New Orleans, Louisiana. Defendant provided health insurance coverage to all of Defendant's insured patients listed on the attached Exhibit I on Column J "Insurance" under the name of the respective insurance company.

60.    **BlueCross BlueShield of Rochester New York**

Upon information and belief, Defendant BlueCross BlueShield of Rochester New York is a New York corporation that does business in the state of Louisiana.  Upon further information and belief, Defendant is engaged in the business of providing health insurance coverage, administration of health benefits plans and related services.   At all material times, Defendant insured and/or administered employer health benefits plans, where beneficiaries and/or participants received health care services in New Orleans, Louisiana. Defendant provided health insurance coverage to all of Defendant's insured patients listed on the attached Exhibit I on Column J "Insurance" under the name of the respective insurance company.

61.    **BlueCross BlueShield of South Carolina**

Upon information and belief, Defendant BlueCross BlueShield of South Carolina is a South Carolina corporation that does business in the state of Louisiana.  Upon further information and belief, Defendant is engaged in the business of providing health insurance coverage, administration of health benefits plans and related services.   At all material times, Defendant insured and/or administered employer health benefits plans, where beneficiaries and/or participants received health care services in New Orleans, Louisiana. Defendant provided health insurance coverage to all of Defendant's insured patients listed on the attached Exhibit I on Column J "Insurance" under the name of the respective insurance company.

62.    **BlueCross BlueShield of Tennessee**

Upon information and belief, Defendant BlueCross BlueShield of Tennessee is a Tennessee corporation that does business in the state of Louisiana.  Upon further information and belief, Defendant is engaged in the business of providing health insurance coverage, administration of health benefits plans and related services.   At all material times, Defendant insured and/or administered employer health benefits plans, where beneficiaries

and/or participants received health care services in New Orleans, Louisiana. Defendant provided health insurance coverage to all of Defendant's insured patients listed on the attached Exhibit I on Column J "Insurance" under the name of the respective insurance company.

63.    **Blue Cross and Blue Shield of Texas**

Upon information and belief, Defendant Blue Cross and Blue Shield of Texas is a Texas corporation that does business in the state of Louisiana.  Upon further information and belief, Defendant is engaged in the business of providing health insurance coverage, administration of health benefits plans and related services.   At all material times, Defendant insured and/or administered employer health benefits plans, where beneficiaries and/or participants received health care services in New Orleans, Louisiana. Defendant provided health insurance coverage to all of Defendant's insured patients listed on the attached Exhibit I on Column J "Insurance" under the name of the respective insurance company.

64.    **BlueCross BlueShield of Utah**

Upon information and belief, Defendant BlueCross BlueShield of Utah is a Utah corporation that does business in the state of Louisiana.  Upon further information and belief, Defendant is engaged in the business of providing health insurance coverage, administration of health benefits plans and related services.   At all material times, Defendant insured and/or administered employer health benefits plans, where beneficiaries and/or participants received health care services in New Orleans, Louisiana. Defendant provided health insurance coverage to all of Defendant's insured patients listed on the attached Exhibit I on Column J "Insurance" under the name of the respective insurance company.

65.    **BlueCross BlueShield of Vermont**

Upon information and belief, Defendant BlueCross BlueShield of Vermont is a Vermont corporation that does business in the state of Louisiana.  Upon further information and

belief, Defendant is engaged in the business of providing health insurance coverage, administration of health benefits plans and related services.    At all material times, Defendant insured and/or administered employer health benefits plans, where beneficiaries and/or participants received health care services in New Orleans, Louisiana. Defendant provided health insurance coverage to all of Defendant's insured patients listed on the attached Exhibit I on Column J "Insurance" under the name of the respective insurance company.

66.    **Anthem BlueCross BlueShield of Virginia**

Upon information and belief, Defendant Anthem BlueCross BlueShield of Virginia is a Virginia corporation that does business in the state of Louisiana.  Upon further information and belief, Defendant is engaged in the business of providing health insurance coverage, administration of health benefits plans and related services.    At all material times, Defendant insured and/or administered employer health benefits plans, where beneficiaries and/or participants received health care services in New Orleans, Louisiana. Defendant provided health insurance coverage to all of Defendant's insured patients listed on the attached Exhibit I on Column J "Insurance" under the name of the respective insurance company.

67.    **BlueCross BlueShield of Washington**

Upon information and belief, Defendant BlueCross BlueShield of Washington is a Washington corporation that does business in the state of Louisiana.  Upon further information and belief, Defendant is engaged in the business of providing health insurance coverage, administration of health benefits plans and related services.    At all material times, Defendant insured and/or administered employer health benefits plans, where beneficiaries and/or participants received health care services in New Orleans, Louisiana. Defendant provided health insurance coverage to all of Defendant's insured patients listed on the attached Exhibit I on Column J "Insurance" under the name of the respective insurance company.

68.     **BlueCross BlueShield of West Virginia**

Upon information and belief, Defendant BlueCross BlueShield of West Virginia is a West Virginia corporation that does business in the state of Louisiana.   Upon further information and belief, Defendant is engaged in the business of providing health insurance coverage, administration of health benefits plans and related services.   At all material times, Defendant insured and/or administered employer health benefits plans, where beneficiaries and/or participants received health care services in New Orleans, Louisiana. Defendant provided health insurance coverage to all of Defendant's insured patients listed on the attached Exhibit I on Column J "Insurance" under the name of the respective insurance company.

69.     **BlueCross BlueShield of Western New York**

Upon information and belief, Defendant BlueCross BlueShield of Western New York is a New York corporation that does business in the state of Louisiana.   Upon further information and belief, Defendant is engaged in the business of providing health insurance coverage, administration of health benefits plans and related services.   At all material times, Defendant insured and/or administered employer health benefits plans, where beneficiaries and/or participants received health care services in New Orleans, Louisiana. Defendant provided health insurance coverage to all of Defendant's insured patients listed on the attached Exhibit I Column J "Insurance" under the name of the respective insurance company.

70.     **BlueCross BlueShield of Pennsylvania**

Upon information and belief, Defendant Capital BlueCross BlueShield of Pennsylvania is a Pennsylvania corporation that does business in the state of Louisiana.   Upon further information and belief, Defendant is engaged in the business of providing health insurance coverage, administration of health benefits plans and related services.   At all

material times, Defendant insured and/or administered employer health benefits, plans, where beneficiaries and/or participants received health care services in New Orleans, Louisiana. Defendant provided health insurance coverage to all of Defendant's insured patients listed on the attached Exhibit I on Column J "Insurance" under the name of the respective insurance company.

71.    **CareFirst BlueCross BlueShield of Maryland**

Upon information and belief, Defendant CareFirst BlueCross BlueShield of Maryland is a Maryland corporation that does business in the state of Louisiana.  Upon further information and belief, Defendant is engaged in the business of providing health insurance coverage, administration of health benefits plans and related services.   At all material times, Defendant insured and/or administered employer health benefits plans, where beneficiaries and/or participants received health care services in New Orleans, Louisiana. Defendant provided health insurance coverage to all of Defendant's insured patients listed on the attached Exhibit I on Column J "Insurance" under the name of the respective insurance company.

72.    **Empire BlueCross BlueShield of New York**

Upon information and belief, Defendant Empire BlueCross BlueShield of New York is a New York corporation that does business in the state of Louisiana.  Upon further information and belief, Defendant is engaged in the business of providing health insurance coverage, administration of health benefits plans and related services.   At all material times, Defendant insured and/or administered employer health benefits plans, where beneficiaries and/or participants received health care services in New Orleans, Louisiana. Defendant provided health insurance coverage to all of Defendant's insured patients listed on the attached Exhibit I on Column J "Insurance" under the name of the respective insurance company.

73.    **Highmark BlueCross BlueShield of Pennsylvania**

Upon information and belief, Defendant Highmark BlueCross BlueShield of

Pennsylvania is a Pennsylvania corporation that does business in the state of Louisiana.  Upon further information and belief, Defendant is engaged in the business of providing health insurance coverage, administration of health benefits plans and related services.    At all material times, Defendant insured and/or administered employer health benefits, plans, where beneficiaries and/or participants received health care services in New Orleans, Louisiana. Defendant provided health insurance coverage to all of Defendant's insured patients listed on the attached Exhibit I on Column J "Insurance" under the name of the respective insurance company.

74.    **Highmark BlueCross BlueShield of West Virginia**

Upon information and belief, Defendant Highmark BlueCross BlueShield of West Virginia is a West Virginia corporation that does business in the state of Louisiana.  Upon further information and belief, Defendant is engaged in the business of providing health insurance coverage, administration of health benefits plans and related services.    At all material times, Defendant insured and/or administered employer health benefits plans, where beneficiaries and/or participants received health care services in New Orleans, Louisiana. Defendant provided health insurance coverage to all of Defendant's insured patients listed on the attached Exhibit I on Column J "Insurance" under the name of the respective insurance company.

75.    **Horizon BlueCross BlueShield of New Jersey**

Upon information and belief, Defendant Horizon BlueCross BlueShield of New Jersey is a New Jersey corporation that does business in the state of Louisiana.  Upon further information and belief, Defendant is engaged in the business of providing health insurance coverage, administration of health benefits plans and related services.    At all material times, Defendant insured and/or administered employer health benefits plans, where beneficiaries and/or participants received health care services in New Orleans, Louisiana. Defendant provided health insurance coverage to all of Defendant's insured patients listed on the attached Exhibit I

Column J "Insurance" under the name of the respective insurance company.

76. **Independence Administrators BlueCross BlueShield of Pennsylvania**

Upon information and belief, Defendant Independence Administrators BlueCross BlueShield of Pennsylvania is a Pennsylvania corporation that does business in the state of Louisiana.    Upon further information and belief, Defendant is engaged in the business of providing health insurance coverage, administration of health benefits plans and related services. At all material times, Defendant insured and/or administered employer health benefits plans, where beneficiaries and/or participants received health care services in New Orleans, Louisiana. Defendant provided health insurance coverage to all of Defendant's insured patients listed on the attached Exhibit I on Column J "Insurance" under the name of the respective insurance company.

77. **Keystone Health Plan East BlueCross BlueShield of Pennsylvania**

Upon information and belief, Defendant Keystone Health Plan East BlueCross BlueShield of Pennsylvania is a Pennsylvania corporation that does business in the state of Louisiana.    Upon further information and belief, Defendant is engaged in the  business  of providing health insurance coverage, administration of health benefits plans and related services. At all material times, Defendant insured and/or administered employer health benefits plans, where beneficiaries and/or participants received health care services in New Orleans, Louisiana. Defendant provided health insurance coverage to all of Defendant's insured patients listed on the attached Exhibit I on Column J "Insurance" under the name of the respective insurance company.

78. **Premera BlueCross BlueShield of Washington**

Upon information and belief, Defendant Premera BlueCross BlueShield of Washington is a Washington corporation that does business in the state of Louisiana.    Upon

further information and belief, Defendant is engaged in the business of providing health insurance coverage, administration of health benefits plans and related services.    At all material times, Defendant insured and/or administered employer health benefits, plans, where beneficiaries and/or participants received health care services in New Orleans, Louisiana. Defendant provided health insurance coverage to all of Defendant's insured patients listed on the attached Exhibit I on Column J "Insurance" under the name of the respective insurance company.

79.    **Regence BlueCross BlueShield of Oregon**

Upon information and belief, Defendant Regence BlueCross BlueShield of Oregon is an Oregon corporation that does business in the state of Louisiana.    Upon further information and belief, Defendant is engaged in the business of providing health insurance coverage, administration of health benefits plans and related services.    At all material times, Defendant insured and/or administered employer health benefits plans, where beneficiaries and/or participants received health care services in New Orleans, Louisiana. Defendant provided health insurance coverage to all of Defendant's insured patients listed on the attached Exhibit I on Column J "Insurance" under the name of the respective insurance company.

80.    **Regence BlueCross BlueShield of Utah**

Upon information and belief, Defendant Regence BlueCross BlueShield of Utah is a Utah corporation that does business in the state of Louisiana.    Upon further information and belief, Defendant is engaged in the business of providing health insurance coverage, administration of health benefits plans and related services.    At all material times, Defendant insured and/or administered employer health benefits plans, where beneficiaries and/or participants received health care services in New Orleans, Louisiana. Defendant provided health insurance coverage to all of Defendant's insured patients listed on the attached Exhibit I on Column J "Insurance" under the name of the respective insurance company.

81.     **Regence BlueCross BlueShield of Washington**

Upon information and belief, Defendant Regence BlueCross BlueShield of Washington is a Washington corporation that does business in the state of Louisiana.   Upon further information and belief, Defendant is engaged in the business of providing health insurance coverage, administration of health benefits plans and related services.     At all material times, Defendant insured and/or administered employer health benefits, plans, where beneficiaries and/or participants received health care services in New Orleans, Louisiana. Defendant provided health insurance coverage to all of Defendant's insured patients listed on the attached Exhibit I on Column J "Insurance" under the name of the respective insurance company.

82.     **Wellmark BlueCross BlueShield of Iowa**

Upon information and belief, Defendant Wellmark BlueCross BlueShield of Iowa is an Iowa corporation that does business in the state of Louisiana.  Upon further information and belief, Defendant is engaged in the business of providing health insurance coverage, administration of health benefits plans and related services.     At all material times, Defendant insured and/or administered employer health benefits plans where beneficiaries and/or  participants received health care services in New Orleans, Louisiana. Defendant provided health insurance coverage to all of Defendant's insured patients listed on the attached Exhibit I on Column J "Insurance" under the name of the respective insurance company.

**83. Anthem BlueCross BlueShield of Georgia**

Upon information and belief, Defendant A n t h e m BlueCross BlueShield of Georgia is a Georgia corporation that does business in the state of Louisiana.  Upon further information and belief, Defendant is engaged in the business of providing health insurance coverage, administration of health benefits plans and related services.    At all material times, Defendant insured and/or administered employer health benefits plans where beneficiaries and/or participants received health care services in New Orleans, Louisiana. Defendant provided

health insurance coverage to all of Defendant's insured patients listed on the attached Exhibit I on Column J "Insurance" under the name of the respective insurance company.

## GENERAL ALLEGATIONS

83.    Plaintiff, The Center for Restorative Breast Surgery, LLC, also referred to as "Center" is a group of breast reconstruction surgeons that has national recognition in their field, and are sought out by women, who are disfigured by breast cancer, and who seek to be made whole again following a mastectomy from across the world.

84.    The Women's Health and Cancer Rights Act of 1998 is a federal law that requires health insurance companies and self-insured group health plans that cover mastectomies to also provide benefits for mastectomy related services, including breast reconstruction surgery. The law mandates not only coverage for reconstruction of the breast on which the mastectomy was performed, but also, surgery and reconstruction of the other breast to create a symmetrical appearance, prosthesis such as breast implants, and treatment for physical complications of the mastectomy, including lymphedema (swelling caused by an accumulation of lymph fluid in the form).

85.    In many cases, some form of liposuction and fat transfer is used to create the symmetrical appearance, but has been denied as being cosmetic and/or experimental despite the federal requirement that coverage must include services required to create a symmetrical appearance and professional medical society opinions to the contrary.

86.    All of the Defendants are subject to the federal requirements set forth in the Women's Health and Cancer Rights Act of 1998.

87.    Each Defendant has a health benefit plan that grants such coverage to its insureds,

participants, or enrollees.

88.     The first stage of breast reconstruction surgery is comprehensive and requires two surgeons to complete the procedure, with both working six or more hours to complete.   The second stage involves the complex procedure of revising tissue graft sites in order to create symmetry in the appearance of the breasts, and can also incur 6 -8 hours of operating room time.

89.      In support of these low payments, the Defendants have  routinely down-coded numerous procedures to ones that are less complex and ones that   expose the patients to increased risk and complications, such as hernias and muscular skeletal problems and to ones not supported by the operative record.

90.    The down-coding is done by Defendants in order to reduce reimbursement after the procedure is performed, and importantly, despite the consultation between the reconstruction surgeon and the patient as to the procedure in the best interests of the patient, essentially interfering in the physician/patient relationship.

91.     Plaintiff, St. Charles Surgical Hospital, LLC, also referred to as "Hospital", is the facility where the physicians affiliated with the Center perform the breast reconstruction surgeries. Its staff are specially trained in monitoring the transplanted tissue in order to improve the chances of its viability. Although the leading surgery it performs is breast reconstruction, it does perform other surgeries as identified in Exhibit I in Column K "Procedure".

92.    Both Plaintiffs are out of network providers with all of the defendants, and because of their out of network status, have been purposefully targeted to routine and unwarranted down-coding by Defendants and for denial of some codes to force patients to use other network providers who are not qualified and experienced in the procedure performed.

93.     All of the patients identified on the attached Exhibit I have out of network coverage in their respective Plan.

## PRE-VERIFICATION OF BENEFITS AND PRE-AUTHORIZATION FOR THE PROCEDURE WERE DONE BY BOTH PLAINTIFFS BEFORE PERFORMING THE PROCEDURE ON ALL CASES

94.     Prior to performing any surgery, both Plaintiffs' staff obtained a copy of the patient's health benefit card, contacted the respective insurance company and or health benefit plan identified on the card, which is identified on Exhibit I on Column J, "Insurance".

95.     At that time, Plaintiffs notified defendants of the procedure expected to be performed, requested preauthorization to have the procedure done and requested disclosure of the amount of benefits for the procedure to be performed and any qualification to such benefits.

96.     The attached Exhibit I on Colum "R", "Center/Hospital Verifier Employee, identifies the individuals from each of the plaintiffs' staff who participated in the pre-verification and preauthorization of benefits.

97.     The attached Exhibit I, on Column T, "BC/BS Name of Verifier", identifies the individuals from Defendants' staff who participated in the pre-verification and preauthorization of benefits, or whether the representation was made by a computer.

98.     The attached Exhibit I, on Colum P, "Benefits Verified", identifies some of the pertinent representations about benefits made by the Defendants' respective staff, as well as preauthorization of the procedure.

99.     The attached Exhibit I, on Column S, "Verification Date", identifies the date of the representations.   Relying upon the verification made by the respective defendant, Plaintiffs provided the services to the patient.

100.   The attached Exhibit I, on Column K, "Procedure", identifies date the procedure was performed.   After performing the procedure, the payment was not consistent with the amount of benefits represented.

101.   The attached Exhibit I, on Column M "Amount Collected", identifies the payment received and the attached Exhibit I, on Column Q, "Actual % Paid", identifies the percentage of charges actually paid.

102.   The attached Exhibit I, on Column O, "Amount Outstanding", identifies the detriment to the Plaintiffs from relying upon Defendants' representations.

103.     The Plaintiffs did not have access to the patient's Plan document at the time of verification and had to rely upon the representations, whether oral or electronic or written, that were provided by the Defendants about the benefits, in addition to relying upon the preauthorization to perform the procedure.

104.   The Center has the following or a substantially similar assignment of benefit agreement executed on every patient:

I recognize that my claims for benefits may be governed by the Employment Retirement Income Security Act of 1974, 29 U.S. § 1001, et s ("ERISA") and hereby confirm the express appointment of the Center and my Physicians or anyone acting under the authority from either of them act as my authorized representatives as a claimant under ERISA, including my ERISA plan, with the same rights I have as a claimant. Th appointment includes:

1.   The right of my authorized representatives to file claims for benefits on my behalf and directly receive payments of amounts owed for my benefits at the addresses at the top of this page.

2.   The right of my authorized representatives, including all members of Blue Cross Blue Shield Association, particularly Blue Cross Blue Shield of Louisiana, to communicate with my insurers, plan fiduciaries, employer and plan administrators;

3.   The right of my authorized representatives to send and receive follow-up information and obtain all relevant documentation that ERISA requires to be provided by me, including the summary plan documents for my plan, explanations of benefits, adverse benefit determinations, all relevant documents involving my claim, and data referred to even if not cited or relied upon in my claims, all documents involving "medical judgments" in my claims, and other similar claims.

4.   The right to file appeals on my behalf.

5.   The right to sue on my behalf to enforce my rights under ERISA or any state law claims.

In the event the Center, or my Physicians, or anyone acting under the Center's or my Physician's authority,

*Figure 1 ERISA assignment language for patient Carmen A. –Center*

105.    Prior to performing the surgery, each patient executed a similar assignment of benefits for the hospital services The Hospital has the following or a substantially similar assignment of benefit agreement executed on every patient:

E. **Assignment of Benefits.**

In accordance with La. R.S. 40:2010, authorization is hereby granted for direct payment to the Hospital for all insurance, Medicare private health insurer and/or other plan or other health benefits (collectively "Plan") that would otherwise be payable to me. Further, any payment made by the Plan that is not directed to the Hospital shall not release said Plan from liability to the Hospital to which this benefit has been assigned, nor shall such payment be a defense to any action by the Hospital against said Plan to collect the assigned benefit. I acknowledge that any and all insurance benefits that I have with my insurance company and/or health benefit plan cannot be determined with any specificity by the Hospital and any estimate that has been given may be reduced in accordance with my contractual agreement with my insurance company and/or health benefit plan. I hereby appoint the Hospital as my true lawful attorney to act on my behalf to collect my health insurance benefits for the treatment provided; to endorse for me any checks made payable to me for benefits or claims collected toward my account; and to enforce any and all legal rights that I may have as an ERISA claimant under 29 U.S.C. § 1001, et seq., including, but not limited to, instituting a lawsuit on my behalf and/or on its own behalf. Further, I agree to execute any and all documents necessary to implement same. The undersigned, whether signing as agent or as patient, assigns to the Hospital the foregoing and any and all rights the patient has against the Plan for services provided by the Hospital, whether based on express or implied contract or upon statute, including but limited to any rights authorizing the collection of damages or penalties related to the Plan's failure to timely pay a claim as provided for in La. R.S. 22:1832, any rights under ERISA for any fiduciary duty violated by the Plan, such as its duty of loyalty. Only the rights described above are assigned. No contractual or legal obligations are transferred by this agreement.

Figure 2 Patient Rachel V's assignment to SCSH

106.    As this executed document provides, each patient appointed the respective Plaintiff to be his/her true and lawful attorney to act on his/her behalf to collect any health insurance benefits for the treatment provided, to enforce any and all legal rights that he/she may have to collect insurance benefits, including but not limited to, instituting a lawsuit on his/her behalf, to enforce any and all rights he/she has under the Plan for the services provided by the Hospital, whether based on express or implied contract or upon statute, including but not limited to any rights authorizing the collection of damages or penalties related to the Plan's failure to timely pay a claim, and any rights under *ERISA* for any fiduciary duty violated by the Plan, such as its duty of loyalty, and  also the right to seek equitable relief .

107.    Based upon the information provided by Defendants' employees/agents, and relying upon its accuracy, the Plaintiffs  performed the surgery on its patient, but did not receive the payment  as  expected  based  upon  the  information  received  from  the  Defendants' employees/agents.

### APPEAL OF ADVERSE BENEFIT DETERMINATIONS BY DEFENDANTS

108.     On each claim identified on the Exhibit I, after the benefits were not paid in accordance with the representations, the  respective Plaintiffs' employees  prepared one or more written communications requesting that the decision be reviewed and the payment be corrected, following numerous telephone calls.

109.   The dates of the letters of the first appeal are identified on the Exhibit I on Column W, "First Appeal".

110.    Following an adverse response from the Defendants, a second appeal letter was prepared by the Plaintiffs.

111.   Every second appeal letter requested information from the Defendants that was

necessary for Plaintiffs to meaningfully rebut the appeal decision on behalf of the patient. Every one of these letters specifically requested at least the following information:

1. copies of the respective Plan;

2. the Summary Plan Description;

3. any and all information which was relied upon by the defendant to determine the payment amount;

4. the identity of the person employed by Defendant who participated in the telephone call to verify benefits;

5. whether such telephone call was documented; or who was in the possession of such documentation;

6. the identity of all "in network" healthcare providers who provided the same services as those provided by the Plaintiffs and who have agreed to accept the low payment provided to plaintiffs;

7. the identity of any and all databases, third-party or other, which were utilized to determine the amount of reimbursement;

8. copies of the "explanations of benefits" for each patient, including copies of any documents that explain and/or describe the meaning of all remarks, remark codes or other use on the Explanations of Benefits; and

9. any documents maintained in any way in the claims processing.

112.   Without this information from Defendants, it was impossible to meaningfully participate in the appeal, such as present evidence at the appeal even as to such basic information to show that the rate paid was not the rate cited in the plan documents or whether other provisions the plan documents were complied with, making the appeal futile,

113.   The claims set forth on Exhibit I on Column AB, "Summary Plan Documents", where identified with a "No" identifies all the claims where the Defendants failed to produce any documents in violation of *ERISA*.

114.   Nevertheless even in those claims where some documents were produced, the Defendants failed to produce all of the documents required by *ERISA,* nor enough information that permitted Plaintiffs to have a meaningful participation in the appeal, on behalf of their patients, therefore denying a full and fair review of the matter.

115.   Although there are some claims that were properly paid from the

outset, and some after review and corrected payments sent, the claims that are identified on Exhibit I to this Complaint, are those that remain uncorrected.

116.    The reason given for the denial is set forth for each specific claim on the attached Exhibit I, on Column Z, "Response to Second Appeal", however, the primary reason given for the adverse decision was the rate was "correct," without providing any meaningful information to use in the appeal.  For example, if the rate was to be determined by the employee selected the lowest amount of a list of criteria, there was no document.

117.  As the Exhibit establishes, the payment amount varies from case to case for the same procedure performed, and appear to be arbitrarily determined.

118.    All of the appeals have been futile because of Defendants' purposeful refusal to provide information to Plaintiffs concerning information such as Plan documents and information requested in the thousands of requests for documents sent to Defendants surrounding the methodology used by Blue Cross of Louisiana, the host plan, to establish the rate for the services performed.

119.  Even after these thousands of requests, Defendants have failed to produce any identification of a provider who will accept the allowable rate determined for the breast reconstruction procedures, which is sometimes given as the criteria used to establish the rate.

120.  As the payment information listed on the attached Exhibit I on Column "M", "Amount Collected", even a layperson would question whether a board-certified breast reconstruction surgeon would accept pennies on the dollar and the rate paid, which is often less than that amount paid for a dental procedure, which takes a fraction of the time spent performing the surgeries at issue.

121.  In any case, this concealment of the names of in network providers from the

Plaintiffs who Defendants claim will perform the same surgery as that performed by the Plaintiffs which requires eight hours, under a microscope, transplanting tissue for the rate paid, prevents Plaintiffs from being able to conduct an independent research to dispute Defendants' calculation of the correct allowable rate, and violates every principle of *ERISA* for transparency.

122. This concealment of information prevents the beneficiary from independently confirming the rate is correct. This practice of requiring the beneficiary to blindly accept what Defendants say is the amount another provider would accept, is a practice that must be changed to prevent the Defendants from continuing to perpetuate the same wrong again and again, and equitable relief should be granted to enjoin such concealment.

### INTERRELATIONSHIP BETWEEN OUT-OF-STATE DEFENDANTS AND LOUISIANA BLUE CROSS

123. Upon information and belief, Blue Cross of Louisiana has a contractual relationship with the out-of-state Defendants. Whenever the enrollees of the out-of-state Defendants access healthcare services in Louisiana, the claim for those services is processed through Louisiana.

124. Louisiana Blue Cross establishes the rate for the patients who receive services in Louisiana.

125. Louisiana establishes the rate for the complex breast procedures based upon the small number of other breast surgeons who are in network in Louisiana, which is a fundamentally unfair determination that has the sole purpose of interfering in the patient's selection of a qualified physician who has sufficient experience, training, and success to provide successful results for the difficult surgery.

126. The out-of-state Blue Cross licensees simply delegate this function by contract to Louisiana without any oversight or evaluation as to the fundamental fairness of the rate being set

for its insureds by the Host plan, BlueCross BlueShield of Louisiana.

127.   The delegation of this power to establish the rate for  out-of-state enrollees who seek the services of a qualified out of network provider in Louisiana is not a power that should be delegated without oversight and review and violates the out of state Blue Cross Defendants' fiduciary obligations to its members, and establishes an inherent conflict of interest occurring in every case.

128.   This interrelationship between out-of-state Blue Crosses and Louisiana Blue Cross, interferes with the contractual relationship between the patient and the out of state Defendants to whom the premiums were paid.

129.    The network providers in Louisiana who provide these complex procedures are not only few in number but lack the substantial experience and quality ratings of the Plaintiffs.

130.   Despite attempts to be considered as a network provider by Plaintiffs, BlueCross Louisiana has yet to accept the Plaintiffs into their network, nor respond to requests by Plaintiffs to be in network.

131.    Defendants failure to do so violates the *ERISA* fiduciary principles by Defendants purposefully and knowingly denying their insureds access the services of Plaintiffs who have the highest quality ratings for breast reconstruction surgeries and the least adverse outcomes.

### *ERISA* CAUSES OF ACTION

### COUNT I

### FAILURE TO DETERMINE BENEFITS IN ACCORDANCE WITH THE TERMS OF *ERISA* PLANS

132.   The general allegations stated in above Paragraphs are re-alleged and incorporated herein by reference.  The *ERISA* claims are identified in Column F.

133.    As assignees of Blue Cross' subscribers, *29 U.S.C. § 1132(a)(1)(B)* authorizes

Plaintiffs, *inter alia*, to bring an action to recover benefits due to their patients under the terms of their patients' respective *ERISA* plans and to enforce their rights under the terms of said plans.

134.    In determining the amount of reimbursement for the necessary medical services provided to the *ERISA* Plan subscribers, each Defendant knowingly and intentionally performed one or more of the following acts in contravention of the terms of their subscribers' respective plans, which acts resulted in erroneous determination of benefits and harm to the patients:

(a)    Denied payments and manipulated CPT codes submitted for payment by "down-coding" claims so as to diminish the value of claims;

(b)    Ignored "modifiers" so as to negate the increased value of complex procedures;

(c)    Utilized invalid, inappropriate and/or unreliable data to support the reimbursement;

(d)    Failure to apply the correct criteria the Plan required to be used to determine rate, i.e., concealed information used to determine rate; and

(e)    Other acts to be determined after discovery.

135.    As a result of the above practices, the *ERISA* Plan subscribers listed in Exhibit I have been harmed by unexpected, not-bargained-for, great after-the-fact increases in liability for the services in question.

136.    Because each Defendant operates in both the insurer and administrator or defacto administrator capacities for many if not all of the claims at issue, and thus attempt to decrease payouts on the one hand and act solely for the benefit of the participants and beneficiaries on the other, each is operating under an inherent "conflict," which under trust law requires increased scrutiny of each's actions.

137.    In addition to the recovery of benefits due under the terms of the respective Plans and enforcement of the terms of the respective Plans, Plaintiffs, on behalf of their patients, seek reasonable attorney's fees and costs of this action pursuant to *29 U.S.C. §1132(g)*.

### COUNT II

### FAILURE TO SUPPLY REQUESTED INFORMATION<br>*ERISA* REQUIRES TO BE PRODUCED

138.    The general allegations stated in the above Paragraphs are re-alleged and incorporated herein by reference.

139.    As assignees of Blue Cross' subscribers, *29 U.S.C. §1132(a)(1)(A)* authorizes Plaintiffs to obtain the relief provided in *29 U.S.C. § 1132(c)* for the Blue Cross Defendants' failure to comply with a request for information which the administrator is required by Subchapter I of Chapter 18 of Title 29 of the U.S. Code to furnish.

140.    At all times pertinent herein, Defendants were the administrator, defacto administrator, or administrator through contract delegation.

141.    Among other things, Defendants are required under Subchapter I, specifically *29 U.S.C. §§1021 and 1022*, to produce summary plan descriptions, and those summary plan descriptions must be accurate, and not mislead the nature or extent of benefits expressly or through silence.

142.    The documents that were produced by Defendants all indicated that the out of network provider would be reimbursed a small percentage less than a network provider.

143.    The payment actually paid, as set forth on Exhibit I, on Column M, "Amount Collected", however, cannot reasonably be believed to be a small percentage less than a network provider would accept.

144.    The plan documents therefore, misrepresent out of network benefits to the detriment

of the beneficiary who sought services from Plaintiffs believing that a higher rate would be paid than what was actually paid.

145.    On each claim of each defendant, Plaintiffs, on behalf of the *ERISA* plan subscriber beneficiaries and participants and in connection with appeals of benefits requested summary plan descriptions (SPDs) which were never produced, or not timely produced.

146.    The participants and beneficiaries represented by Plaintiffs in this matter were prejudiced by each Defendant's failure to produce said SPDs, and continue to be prejudiced by each Defendant's failure to produce SPDs, because they are unable to determine the true nature of their out-of-network benefits and their ultimate exposure for health services, *i.e.* believing they would receive only a small percentage less than a network provider and instead received what was peanuts on the dollar as shown on Exhibit I, Column Q, "Actual % Paid".

147.    Defendants have further violated the *ERISA* requirements by their failure to adequately draft rate information in the documents for network benefits, the rate information written in a manner that cannot be understood by the average  insured.

148.    The SPDs at issue often  cite out-of-network benefits are to be paid at a small percentage of the amount a contracted provider would accept for the services provided.

149.    When looking at the amount of payment and comparing it with the procedure performed, most reasonable persons would question what provider would do the eight hour procedure for that amount.

150.    The plan documents therefore patently misrepresent the benefits and are not sufficiently accurate or comprehensive to reasonably apprise the *ERISA* plan participants and beneficiaries identified in Exhibit I of their rights under their respective plans, in contravention of *29 U.S.C.  §1022*.

151.  Moreover, in further contravention of *29U.S.C. §1022*, none of said summary plan descriptions apprise beneficiaries of routine reductions to payments such as Defendants' practices of down-coding and bundling which may result in their denial or loss of benefits.

152.  The Defendants should be required to revise their policy language to correctly apprise beneficiaries of the benefits and not refer to outside data sources that cannot be accessed by beneficiaries to verify the correct payment of benefits.  Only equitable relief is a remedy to prevent this perpetuation of misrepresentation.

153.   For example, as the Exhibits establish for each claim, the Plan documents state that the reimbursement will be based upon payment at a designated percentage of an "allowable charge," or at a percentage of a reasonable and customary charge.

154.  The Plan documents consistently define "allowable charge" as the lesser of full charges or the amount that an in network provider has agreed to accept for the same or similar services. This language is misleading as it clearly suggests that the payment will be based upon  a  percentage  of  a reasonable amount and not pennies on a dollar.

155.  No reasonable patient reviewing the Plan document should be expected to have to research what an in network provider reimbursement is for a service but instead should be able  to  assume  from  that  language  that  it  would  be  a  percentage  of  what  the  national average  is  for  the  same  or  similar  service. National  average  fees  are  set  forth  in  numerous publications  such  as  Encoder  Pro.  There  is  no  rational  reason  for  the  Defendants  to  use confusing  language  in  their  Plan  documents  as  to  something  as  basic  as  the  amount  the insurance company will reimburse the patient's provider for health services or to use language that prevents the patient from being able to determine their own financial exposure.

156.  They  do  so  purposefully  to  confuse  and  conceal  information  from  beneficiaries

by using plan language that makes it burdensome and in many cases impossible for the patient to determine in advance what amount the insurance company will pay to an out of network provider.

157.    This is a violation of fundamental principles of *ERISA*, and serves the only purpose of reducing the ultimate reimbursement to out of network providers at the expense of Defendants' insureds, creating a clear conflict of interest and breach of fiduciary duties owed to beneficiaries by Defendants.

158.    Defendants are thus liable for the penalties set forth in *29 U.S.C. §1132(c)(1)*, which mandate payment of $100 per day from the date of such failure to provide each requested compliant summary plan description.

159.    In addition to the recovery of penalties, Plaintiffs, on behalf of their patients, seek reasonable attorney's fees and costs of this action pursuant to *29 U.S.C. §1132(g).*

160.    Additionally, Plaintiffs request declaratory or injunctive relief requiring Defendants to adopt Plan language that allows the patient to understand in advance what their exposure will be for out of network health care costs under the Plan and to later verify independently whether the amount is correct.

## COUNT III

### FAILURE TO PROVIDE FULL AND FAIR REVIEW UNDER *ERISA*

161.    The general allegations stated in the above Paragraphs are re-alleged and incorporated herein by reference.

162.    As assignees of Blue Cross' subscribers, *29 U.S.C. §1132(a)(3)* authorizes Plaintiffs to enjoin any act or practice which violates any provision of *29 U.S.C., Ch. 18, Sub. Ch. I* <u>or</u> the terms of their patients' respective *ERISA* plans.

163.    As assignees of Blue Cross' subscribers, *29 U.S.C. §1132(a)(3)* further authorizes Plaintiffs to obtain appropriate equitable relief to redress such violations or to enforce any provision of *29 U.S.C., Ch. 18, Sub. Ch. I* or the terms of the respective plans.

164.    Among other things, Defendants, in their capacity as administrators or *de facto* administrators, failed to meet its requirements under Subchapter I, specifically *29 U.S.C. §1133* and the incorporated regulations of the Secretary, to provide written specific reasons for denial of benefits in a manner calculated to be understood by the participant, and to afford a reasonable opportunity to any participant whose claim for benefits has been denied for a full and fair review of the decision denying the claim.

165.    Pursuant to *29 C.F.R. 2560.503-1(b)*, Defendants failed to establish and maintain reasonable procedures governing the filing of benefit claims, notification of benefit determinations, and appeal of adverse benefit determinations (collectively referred to as "claims procedures").

166.    In order for a claim procedure to be deemed reasonable, the claim procedure must contain administrative processes and safeguards designed to ensure and to verify that benefit claim determinations are made in accordance with governing plan documents and that, where appropriate, the plan provisions have been applied consistently with respect to similarly situated claimants. *29 C.F.R. 2560.503-1(b)(5)*.    As Exhibits show, the rate set by Defendants is not consistently applied and could not be verified as correct from data sources concealed by Defendants.

167.   Defendants' express and implied representations of coverage benefits must be accurate and may not mislead the nature or extent of benefits expressly or through silence.

168.  Establishing a methodology that prevents a patient from knowing their out of

network exposure before the procedure is performed is patently misleading and impairs a patient's preparation of an appeal of an inadequate payment.

169.    As set forth above, Plaintiffs, on behalf of the *ERISA* plan subscribers and beneficiaries and participants in connection with appeals of benefits for every claim on Exhibit I requested a variety of documentation from the Defendants, including but not limited to information Defendants' utilized in support of their benefit determinations in order to identify missteps or internal inconsistencies between processes and plan or *ERISA* requirements which may have caused the denials or deficient determinations.

170.    The claims where Defendants' failed to produce requested documents is included on Exhibit I on Column AA, "Plan Documents".

171.  The information included, but not limited to, documents used to support the pricing of the Center and Hospital's services, the insured's complete insurance policy relative to the claim, the appeals policies and procedures required by the respective policy, copies of any review notes that were prepared in processing both the initial appeal and the initial underpayment, the name of the specialty of any healthcare provider who reviewed the matter, the applicable price by CPT code of the services provided by Blue Cross' participating providers, all plan documents and the summary plan descriptions.

172.    For the same reasons, Plaintiffs also requested all documents and correspondence in Blue Cross's possession that constituted any type of communication relevant to the insured's benefits for the contemplated procedure prior to the date of procedure, including pre-certification documents, that would be used in the appeal to show Defendants contracted to pay for the service by giving the preauthorization.

173.    Among other things, Plaintiffs' suspect that Defendants, on behalf of each and the

other through their ownership and control of the Association, systematically utilize their lowest internal "in-network" pricing data to the disadvantage of its insureds who pay more for policies with out of network coverage.

174.   Defendants also failed to provide specific reasons for their denial or decreased benefits, responding with statements such as "the claim was processed with the correct allowable amount," without reference to the details of "allowable."

175.  The in adequate reasons given for each claim are identified on Exhibit I, on Column Z, "Response to Second Appeal".

176.  Such responses, in addition to the failure to produce requested information, prevent Plaintiffs from interpreting relevant plan provisions, from obtaining the specific evidence upon which Defendants based their conclusions, from reviewing why they believed the evidence supported their respective conclusions, and from an opportunity to examine the evidence and show the rate paid was not compliant with the Plan documents.

177.   Defendants' continuous practice of failing to disclose information utilized to determine benefits is an egregious violation of *ERISA*'s requirement for full and fair review of claim determinations.

178.  Plaintiffs suspect Defendants unilaterally withhold the requested information because if the information were disclosed, same would reveal a blatant, continuous and systematic abuse of discretion in determining out of network benefits as a matter of law, causing increased scrutiny of their determinations, for which further administrative review would not  be appropriate.

179.  Further, it will show that such processes result in claim-wide diminishment of the participants' and beneficiaries' respective *ERISA* plan benefits for medically necessary covered

services to out of network providers, causing them to have increased liability, in contravention of Defendants' express and implied representations of coverage to the contrary, which express representations of coverage are couched in misleading terms including payment of benefits based on "allowable" charges.

180.    Further, if the true processing schemes were disclosed, same would reveal that rather than containing safeguards designed to ensure and verify claim determinations are made in accordance with plan documents, same implement processes which systematically reduce or deny payments in contravention of the implied and express terms of plan documents, such as Defendants' inappropriate use of modifiers, its practices of down-coding, and its determination of what procedures are experimental or cosmetic.

181.    Said practices, *inter alia*, violate the requirement that benefit claim determinations be made in accordance with governing plan documents and that, where appropriate, the plan provisions be applied consistently with respect to similarly situated claimants.

182.    Thus, despite Plaintiffs' efforts to obtain information and explain the reasons for the procedures performed on the subscribers, the Blue Cross Defendants continually deny benefits or increases in reimbursement, all without adequate explanation, that a lay person could understood nor verify and without the benefit of anything more than "rubber stamped" reviews, proving Plaintiff's efforts to be futile and compelling its subscribers to institute the instant litigation to receive proper payment.

183.    Defendants' continuous procedural violations, amounting to their failure to provide full and fair review of the claims submitted by Plaintiffs, have resulted in increased personal liability to the *ERISA* plan participants and beneficiaries listed in Exhibit I, commensurate with the amount of deficient payments.

184.    Blue Cross knowingly violated these claim procedure regulations by discouraging appeals, omitting required or material information from communications with subscribers, and otherwise engaged in conduct that rendered its claims procedures and appeals process useless and unfair to the insured patients.

185.    As a result of Defendants' egregious, continuous and systematic flagrant violation of *ERISA's* claim procedures, which is in utter disregard of the underlying policies of *ERISA* and the respective plans, Defendants have harmed and continue to harm the *ERISA* plan participants and beneficiaries identified in Exhibit I.

186.    Plaintiffs seek to enjoin Defendants from utilizing misleading benefit coverage phraseology such as terms containing use of "allowable" amount or from citing data sources that cannot easily be accessible by a beneficiary to verify the Defendants' determination of payment and from using practices that thwart full and fair review of claim determinations, such as using codes and short-hands to explain the determination that are difficult for any average patient to understand.

187.    Defendants contend that unless said practices are stopped, the participants and beneficiaries will be subject to continued substantive harm.

188.    Plaintiffs further seek any and all other legal relief available under the circumstances, in addition to any and all appropriate equitable relief, including, but not limited to, the imposition of surcharges upon Defendants, and the return of premium payments to its patients, so that Defendants will not be able to benefit from their wrong-doings.

189.    In addition, Plaintiffs, on behalf of their patients, seek reasonable attorney's fees and costs of this action pursuant to *29 U.S.C. § 1132(g)*.

## COUNT IV

### BREACH OF FIDUCIARY DUTIES OF LOYALTY,
### DISCLOSURE AND PRUDENCE

190.     The general allegations stated in the above Paragraphs are re-alleged and incorporated herein by reference.

191.     As assignees of Blue Cross' subscribers, *29 U.S.C. §1132(a)(2)* and *(a)(3)* authorize Plaintiffs to obtain appropriate equitable relief for Defendants' breaches of fiduciary duties.

192.   In the context of *ERISA*, whenever Defendants perform discretionary acts, such as the interpretation of plan documents and the payment of claims, said Defendants are acting as fiduciaries.

193.     If the fiduciary breaches its duties with respect to such interpretation of plan documents and the payment of claims, suit is properly brought under *29 U.S.C. §1132(a)(1).*

194.     If *29 U.S.C. §1132(a)(1)* does not provide adequate relief for a beneficiary's injuries, however, *29 U.S.C. §1132(a)(3)* is available to obtain appropriate equitable relief.  Only through injunction or declaratory relief can a Plan's documents be changed or the practices of Defendants in concealing information from data sources used to determine rate or provide explanation or denials in language a layperson can understand.

195.     The fiduciary duties imposed upon Defendants in performance of their discretionary acts include the duty of loyalty, which provides for the discharge of duties solely in the interest of the participants and beneficiaries and for the exclusive purpose of providing benefits to participants and beneficiaries; the duty to disclose material information, which is considered to be the core of a fiduciary's responsibility, animating the common law of trusts long before the enactment of *ERISA*, and the duty of prudence, which requires a demonstration that

the fiduciary engaged in procedural due diligence before taking the questioned action.

196.    Defendants, in performing the acts complained of, have breached all three of these duties.

197.    Out of state Defendants consistently, as part of a larger scheme to deny out of network coverage, despite payment of premiums of insureds, and in bad faith to its subscribers, breached said duties by delegating rate setting to a Host Plan without any oversight of the Host Plan making reduced fee determinations without valid data to substantiate such determinations; by omitting material information about their databases and benefit determination processes from its subscribers; by making misrepresentations about its fee determinations or the databases; by preparing misleading information concerning payment of

out-of-network procedures and in the cases of denial based on breast reconstruction, by interfering in the medical opinion of the subscribers' treating physician and circumventing federal law.

198.    By engaging in the conduct described above, Blue Cross failed to act with the care, skill, and diligence that a prudent plan administrator and/or fiduciary would use in the conduct of an enterprise of like character or to act in accordance with the documents and instruments governing the plan.  *See 29 U.S.C. §1104(a)(1)(B) and (D).*

199.    In those instances where the Defendant was both the insurer and administrator over a claim, which instances discovery is expected to reveal, Blue Cross undertook said discretionary actions under a direct conflict of interest by attempting to increase profits on the one hand, and provide proper pay-outs for covered necessary medical treatment on the other, which conflict requires some level of increased judicial scrutiny of its acts.

200.   The referral of all out of state claims to Louisiana for determination of rate and for

the purpose of getting the lowest rate inherently violates *ERISA* principles of good faith and loyalty.

201.   Further, the Association's process of rate setting constitutes a conflict of interest.

202.   The acts of which Plaintiffs complain were undertaken by Defendants in a calculated and systematic manner, whereby Defendants knew, or should have known, said acts, or in some cases, inactions, would harm the participants and beneficiaries because they directly and proximately caused increased financial burdens to said participants and beneficiaries in amounts commensurate with the erroneous benefit determinations, which harm and burden continues as their increased obligations to the Center and Hospital remain, and some of the Center and Hospitals patients may require additional surgeries to complete their post-mastectomy breast reconstruction procedures, which procedures must necessarily be performed in stages over a period of months, or in rare cases, years.

203.   In addition to a request for the proper determination of benefits, Plaintiffs seek remedial action herein to enjoin the acts and practices described in this Complaint, plan-wide, and a mandate to force compliance with the explicit and implied represented terms of the participant and beneficiaries' respective plans and the provisions of *ERISA*, in addition to the type of restitution typically available in equity, including but not limited to the return of premium payments and surcharges to patients plan wide so that the Blue Cross Defendants will not benefit from their wrong-doing.

204.   Such acts and practices for which enjoinment and equitable relief is sought additionally include Defendants' unlawful exclusion of benefits for the full array of breast reconstruction services in plans that provide for medical and surgical benefits with respect to mastectomies, which upon information and belief include all the *ERISA* plans listed in Exhibit I.

205.    In addition, Plaintiffs, on behalf of their patients, seek reasonable attorney's fees and costs of this action pursuant to *29 U.S.C. §1132(g)*.

## STATE LAW CAUSES OF ACTION

### COUNT V

### DETRIMENTAL RELIANCE/BREACH OF ORAL CONTRACT(S)

206.    The general allegations stated in the above Paragraphs are re-alleged and incorporated herein by reference.

207.    Defendants are liable to Plaintiffs, pursuant to Louisiana Civil Code Art. 1967, which states in pertinent part:

> A party may be obligated by a promise when he knew or should have known that the promise would induce the other party to rely upon it to his detriment and the other party was reasonable in so relying.  Recovery may be limited to the expenses incurred or the damages suffered as a result of the promisee's reliance on the promise.

208.    To obtain damages under the theory of detrimental reliance, Plaintiffs must prove the existence of a promise and their reasonable reliance on said promise to their detriment.

209.    As one Louisiana Circuit has noted, "[t]he doctrine of detrimental reliance is designed to prevent injustice by barring a party from taking a position contrary to his prior acts, admissions, representations, or silence." *East Tangipahoa Development Company, LLC v. Bedico Junction, LLC*, 5 So.3d 238, 246 (La.App. 1 Cir. 2008).

210.    Plaintiffs, prior to agreeing to provide any medical services to the subscribers listed on Exhibit I, contacted the respective Defendant and with that Defendant's authorization received a representation that the proposed services were covered and preauthorized and that in exchange for said services, reimbursement in the amount set forth in Exhibit I, Column P, "Benefits Verified", suggests an impliedly reasonable number for the so-called "allowable amount," or "reasonable and customary amount" would be forthcoming.

211. The "fixed percentage(s)" promised to the Center and Hospital vary on a case-by-case basis, is set forth for each claim in the attached Exhibit I on Column P, "Benefits Verified".

212. The variation of the amount demonstrates the amount was arbitrary and capricious.

213. Upon submission of required claim information and forms necessary to obtain the represented reimbursement, however, Defendants failed to tender the represented amount, and instead tendered in some cases nothing, but in most cases between six and ten percent (6%-10%) of the Center and Hospital's billed usual and customary charges for the procedures in question, which according to national data base, End Code Pro are less than the going rates for same.

214. Had the Center and Hospital been aware that Defendants' representations on the claims listed in the Complaint were nothing more than a hoax to lure them into providing their services at a discounted rate, the Center and Hospital would have declined to provide same unless other guaranteed payment arrangements could be made.

215. Instead, Plaintiffs based their decisions to provide said services on Defendants' representations of payment.

216. Reimbursement of an average of six to ten percent (6%-10%) of the Plaintiffs' charges cannot be construed by any rational person to fit the definition of out of network benefits set forth in the Plan document nor what was represented. Given their charges are consistent with national averages, it is hard to believe any network provider would accept only 20% more than they receive, which is one of the criteria often used by Defendants to set rate. Defendants have directly and proximately caused the Center and Hospital to suffer financial harm in the form of lost income for services performed.

217. The Center and Hospital contend they were reasonable and justifiably entitled to rely upon Blue Cross' promises of reasonable payment because Defendants' representations of

the payment amount determination is a common practice in the health care industry, and at other times not included in this matter, Defendants actually paid an acceptable amount.

218.  The alternative is to force patients to pay in advance for proceeds when they have paid for out of network coverage, in the event, Defendants later failed to pay what was represented.

219.    Inherent in every contract is the duty of good faith and fair dealing, especially and expressly in the performance of a resolutory condition that depends solely on the will of the obligor, and Plaintiffs expect nothing less than good faith dealings in every business transaction with Defendants.

220.  Since Defendants are the makers of the contract of insurance, all ambiguities shall be construed against Defendants.

221.  Plaintiffs have been harmed as a result of Blue Cross' concerted actions and seek damages in an amount to be proven at trial, in addition to any and all other relief deemed lawful, just and/or proper, including an award of reasonable attorney's fees and costs of this action.

## COUNT VI

## BREACH OF CONTRACT(S)

222.    The general allegations stated in the above Paragraphs above are re-alleged and incorporated herein by reference.

223.    The Center and Hospital, in good faith, contacted the respective Blue Cross Defendants to determine whether their patients had out-of-network benefits for the specific services to be provided, and obtain pre-authorization to perform the procedure,  and based on this and their representations regarding the rate of reimbursement Defendants performed said services.

224.    Through these verifications and pre-authorization of the procedures, the respective Defendants and Plaintiffs entered into bilateral onerous commutative oral contracts whereby Plaintiffs would provide their agreed upon covered and pre-authorized services at a predetermined rate that reflect the benefits provided by their subscribers' respective plans.

225.    Said oral contracts created through the verification of benefits process were made directly with the respective Blue Cross Defendants, creating an independent legal duty on the part of said Defendants to tender the represented percentage to the Center and Hospital, based on the representation.

226.    Due to the nature of the oral contract, the duties of good faith are required.

227.    In reliance upon Blue preauthorization of coverage and representation of rates of reimbursement, Plaintiffs provided necessary medical treatment to the persons identified in Exhibit I on the dates reflected therein.

228.    Contrary to Defendants' representations and resulting obligations stemming from the authorization of the procedure and the verification of benefits process, Defendants failed to tender reimbursement in accordance with the representation, tendering instead, substantial and capricious underpayment (6% – 10% of usual and customary charges for the procedures) or nonpayment, as late as two (2) or three (3) years after the procedures were performed.

229.    Blue Cross knowingly breached their contractual obligations to the Center and Hospital by reimbursing less than the agreed upon amounts, which has caused the Center and Hospital to suffer economic losses to their businesses for which they seek damages.

230.    Plaintiffs have been harmed as a result of Blue Cross' concerted actions in their direct dealings with Plaintiffs, not involving the assignment of benefits and seek damages in an amount to be proven at trial, in addition to any and all other relief deemed lawful, just and/or

proper, including an award of reasonable attorney's fees and costs of this action.

## COUNT VII

## NEGLIGENT MISREPRESENTATION(S)

231.    The general allegations stated in the above Paragraphs are re-alleged and incorporated herein by reference.

232.    Louisiana is a jurisdiction which allows recovery in tort for purely economic loss caused by misrepresentation even where privity of contract is absent. *See Lifecare Hospitals, Inc. v. B & W Quality Growers, Inc.,* 887 So.2d 624, 632, 39, 065 (La.App. 2 Cir. 10/27/04).

233.    Negligent misrepresentation is available to the Center and Hospital via Louisiana Civil Code articles 2315 and 2316.

234.  Louisiana jurisprudence has integrated the common law negligent misrepresentation tort doctrine into the duty/risk analysis in negligent misrepresentation cases.

235.    Defendants are under a duty to act in good faith and provide up-to-date information regarding its plan through its agent to third parties who rely on that information in making their admission and patient treatment decisions. *Id.*

236.    Defendants breached this duty to Plaintiffs directly by providing misleading information about the benefits to be paid after authorizing the procedure to be performed. Defendants breached this duty to its beneficiaries by misrepresenting the benefits of its insureds for services from an out of network provider in their written contract with the insurance company.

237.    Because a provider's use of the benefit coverage information by a provider is foreseeable, Defendants are aware of the economic loss that would ensue as a result of negligent/purposeful misrepresentation by Defendants.

238.    Under the circumstances referred to, the Blue Cross Defendants have a legal duty

to supply correct and non-misleading information regarding the existence and extent of insurance coverage for Plaintiffs' provision of medical services to their subscribers.

239.    Defendants' silence as to misleading nature of the "allowable amount" figure is a negligent misrepresentation contemplated under Louisiana law.

240.    Had the Center and Hospital known that they would only receive six to ten pennies on the dollar for their services, they would not have agreed to provide same.

241.    To the extent Blue Cross' health insurance policies do not provide coverage to their insureds sufficient to compensate Plaintiffs at the rates and percentages described in Blue Cross' policies, or as expressed orally or otherwise, Blue Cross negligently misrepresented such provisions to Plaintiffs, causing Plaintiffs to sustain damages including loss of revenue for services rendered to the subscribers, loss of profits, loss of business opportunities, and costs of services and supplies of rendering care and treatment to the subscribers, for which the respective Defendants are liable, or alternatively, under the Center and Hospital's theory of concerted action, all Defendants are joint and solidarily liable.

242.    Blue Cross knowingly breached their duties to disclose accurate and true information to the Center and Hospital, which breaches caused the Center and Hospital to suffer economic losses to their businesses.

243.    Plaintiffs have been harmed as a result of Blue Cross' concerted actions and seek damages in an amount to be proven at trial, in addition to any and all other relief deemed lawful, just and/or proper, including an award of reasonable attorney's fees and costs of this action.

## COUNT VIII

## FRAUD UNDER LOUISIANA LAW

244.    The general allegations stated in the above Paragraphs are re-alleged and incorporated herein by reference.

245.    Under Louisiana law, specifically *La. C. C. art. 1953*, fraud is a misrepresentation or a suppression of the truth made with the intention to either obtain an unjust advantage for one party or to cause a loss or inconvenience to the other. Fraud may also result from silence or inaction.

246.    Defendants made fraudulent representations in the plan documents when defining "allowable amount" as the amount accepted by other providers in network, for the same procedures when in fact using data from providers who do not do the same procedures or do a fraction of the numbers performed by Plaintiffs.

247.    The representation was made by the Defendants' employee identified in the Exhibit I to this complaint on Column T, "BC/BS Name of Verifier" and on the date identified in the Exhibit I on Column S, "Verification Date". The initial fraud communication was made by telephone or through computer generated information.

248.    The statement was fraudulent because the allowed amount that was actually used to calculate the payments was not that which complied with the definitions included in the Plan and were known by Defendants to be misleading.

249.    At all times pertinent herein, Defendants prepared the contract of insurance and all ambiguities are evaluated in favor of the non-maker of the contract.

250.    Plaintiffs relied on these material facts to the detriment by performing the services and then not receiving the represented payment and by not receiving the designated percentage

of payment and by having to engage attorneys in order to appeal and seek additional reimbursement through litigation.

251.    Again, Defendants have not undertaken the above practices and activities in isolation, but instead have done so as part of a common scheme and conspiracy created and perpetuated by them through their participation in the Association.  The out of state Blue Crosses have ratified the actions of Blue Cross of Louisiana by blindly delegating critical functions of the administrator to Louisiana.

252.    Each Defendant, with knowledge and intent, agreed to the overall objective of the conspiracy by entering into such agreements with the Association and then surrendering the most important and basic provision of a health benefit plan which is to calculate the rate of reimbursement to the Association, and then having no oversight whatsoever as to whether or not allowed amount allegedly determined by the host plan, Blue Cross of Louisiana is in fact validated by the internal data.

253.  The purpose behind the Association and the Defendants blind reliance upon the host plan's determination of the allowable rate was to decrease the amount they pay for out of network provider services, including Plaintiffs herein, and to increase their earnings.

254.    Defendants provide their insurance and administrative services to a large percentage of individuals who receive services from Plaintiffs.

255.    Defendants thus operated in concert, and are jointly, severally or alternatively liable, through their utilization of the Associations' mandated procedures regarding their disclosure of benefits in the mandated verification of benefits process and the delegation important role in setting the allowable amount.

256.    Plaintiffs have been harmed as a result of Blue Cross' concerted fraudulent

actions and seek damages in an amount to be proven at trial, in addition to any and all other relief

deemed lawful, just and/or proper, including an award of reasonable attorney's fees and costs of

this action and the cost for appealing the claims.

257.    In addition to the payment of damages for the above harm perpetuated on

Plaintiffs, Plaintiffs contend declaratory and injunctive relief against all Defendants is

appropriate to stop Defendants from misleading Plaintiffs and Plaintiffs' insured beneficiaries

and party through Defendants' suppression of the true rates of payment, and to stop the

Defendants from continuing to confiscate the money Plaintiffs have earned and Defendant's

insured have paid, and that is necessary to maintain their practice on an ongoing basis.

## JURY DEMAND

236.    Plaintiffs assert that their damages exceed that necessary for a trial by jury, and

therefore request a jury trial for all claims triable by jury.

**WHEREFORE**, Plaintiffs, Center for Restorative Breast Surgery, L.L.C. and St. Charles

Surgical Hospital pray that Defendants, severally and jointly be cast in judgment for the amounts

owed to Plaintiffs, on behalf of the *ERISA* plan participants and beneficiaries identified in

Exhibit I attached hereto, and individually, on behalf of themselves.  Plaintiffs further pray for

attorneys' fees, statutory penalties and court costs, together with judicial interest from the date

the claim should have been paid until actually paid, in addition to all other relief deemed by this

Honorable Court to be lawful, necessary and proper, including but not limited to injunctive and

equitable relief, to enjoin Defendants from continuing to draft policy language for payment of out

of network providers in language a lay person cannot understand or for the beneficiary to have

have to refer to data sources or coding practices that cannot be easily accessed/understood by a

lay person so that the person is unable to verify the correct payment.  Lastly, if this Court finds it

does not have subject matter jurisdiction on any particular claim, Plaintiffs request remand to state court.

Respectfully submitted,

*/s/ Charles O. Taylor*

_____

JACQUELINE G. GRIFFITH (#18922)
CHARLES O. TAYLOR (#19869)
RYAN P. MONSOUR (#33286)
*Chehardy, Sherman, Ellis, Murray, Recile,*
*Griffith, Stakelum & Hayes, LLP*
One Galleria Blvd., Suite 1100
Metairie, Louisiana 70001
Telephone: (504) 833-5600
Facsimile: (504) 613-4528
ATTORNEYS FOR PLAINTIFFS

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the above and foregoing pleading was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.

*/s/ Charles O. Taylor*

_____