UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CENTER FOR RESTORATIVE BREAST SURGERY, L.L.C., ET AL.,**     Plaintiffs | **CIVIL ACTION** |
| **VERSUS** | **NO. 11-806** |
| **BLUE CROSS BLUE SHIELD OF LOUISIANA, ET AL.,**     Defendants | **SECTION: "E"** |

## ORDER

Before the Court are the following motions: (1) Defendant Arkansas Blue Cross and Blue Shield's Motion to Dismiss the Fifth Amended, Supplemented, and Restated Complaint for Noncompliance with the Court's September 30, 2014 Order,[1] (2) Defendant Blue Cross Blue Shield of Michigan's Motion to Dismiss,[2] (3) the Motion to Dismiss Pursuant to this Court's September 30, 2014 Order filed by the "Blue Cross Defendants,"[3] (4) the Anthem Defendants' Supplemental Motion to Dismiss Pursuant to the Court's September 30, 2014 Order,[4] and (5) Defendant Blue Cross and Blue Shield of Kansas's Motion to Dismiss the Fifth Amended, Supplemented, and Restated Complaint

---

[1] R. Doc. 310.
[2] R. Doc. 311.
[3] R. Doc. 314. The "Blue Cross Defendants" are Louisiana Health Service & Indemnity Company, Blue Cross and Blue Shield of Alabama, Highmark, Inc., Blue Cross and Blue Shield of Mississippi, Wellmark, Inc., Premera Blue Cross, Blue Cross and Blue Shield of Texas, Blue Cross and Blue Shield of Illinois, Blue Cross and Blue Shield of North Carolina, Regence Blue Shield, Blue Cross and Blue Shield of Florida, Regence Blue Cross Blue Shield of Oregon, Blue Cross and Blue Shield of Oklahoma, Blue Cross and Blue Shield of Nebraska, Inc., Blue Cross and Blue Shield of Tennessee, BCBSM, Inc., and Anthem, Inc. subsidiaries that Plaintiffs have named or appear to have attempted to name as defendants in the Complaint, which appear to include those subsidiaries that are Blue Cross and/or Blue Shield licensees in California, Colorado, Connecticut, Georgia, Indiana, Kentucky, Maine, Missouri, Nevada, New York, Ohio, Virginia, and Wisconsin.
[4] R. Doc. 315. The "Anthem Defendants" are any direct and indirect subsidiaries of Anthem, Inc. that Plaintiffs have named or appear to have attempted to name as defendants in their Fifth Amended Complaint. The "Anthem Defendants" appear to include Anthem, Inc. subsidiaries that are Blue Cross and/or Blue Shield licensees in the following thirteen states: (1) California; (2) Colorado; (3) Connecticut; (4) Georgia; (5) Indiana; (6) Kentucky; (7) Maine; (8) Missouri; (9) Nevada; (10) New York; (11) Ohio; (12) Virginia; and (13) Wisconsin.

1

for Noncompliance with the Court's September 30, 2014 Order.[5] The Court has reviewed the motions, the briefs, the parties' joint letter to the Court, the record, and the law, and now issues this Order.

## A. Defendant Arkansas Blue Cross and Blue Shield's Motion to Dismiss[6] and the Blue Cross Defendants' Motion to Dismiss[7]

Defendant Arkansas Blue Cross and Blue Shield and the "Blue Cross Defendants" filed motions to dismiss based on noncompliance with the Court's September 30, 2014 order and failure to adequately state a claim upon which relief may be granted.[8] These motions have been addressed in part by the Court's order after oral argument[9] and orders granting the parties' joint motion to dismiss[10] and the Plaintiffs' motions to dismiss.[11] In light of these orders, the Court previously denied as moot the Defendants' motions to dismiss to the extent they sought dismissal based on Plaintiffs' failure to comply with the Court's September 30, 2014 order.[12]

The Court now addresses the remaining arguments in the Defendants' motions to dismiss. Both motions either incorporate by reference prior arguments made by the Defendants with respect to failure to adequately plead Counts II through IV or provide an abbreviated argument for dismissal of these counts.[13]

---

[5] R. Doc. 316.
[6] R. Doc. 310.
[7] R. Doc. 314.
[8] R. Docs. 310, 314.
[9] R. Doc. 334.
[10] R. Doc. 356.
[11] R. Docs. 335, 336, 368.
[12] R. Doc. 363. The minute entry erroneously states "dismissed as moot" instead of "denied as moot."
[13] *See* R. Doc. 310-3, pp. 15–16 n.7 (referencing its arguments in R. Doc. 238-2, pp. 16–18); R. Doc. 314-1, p. 12 (briefed fully in R. Doc. 243-1, pp. 11–15). At the last status conference, the Court granted the parties leave to re-urge aspects of past motions to dismiss that had not been ruled on substantively. *See* R. Doc. 363.

Count II

Count II of the Fifth Amended Complaint asserts a claim for failure to supply requested information ERISA requires to be produced. The Defendants claim the factual allegations in the Fifth Amended Complaint and Revised Exhibit 1 do not plausibly support a right to relief. Specifically, they argue the Defendants are not the proper parties to whom a demand for documents under 29 U.S.C. §§ 1024, 1132(c) may be made.

29 U.S.C. § 1024(b)(4) requires the "administrator" of a plan to produce summary plan descriptions upon written request of any participant or beneficiary. ERISA defines "administrator" to mean "the person specifically so designated by the terms of the instrument under which the plan is operated," or "if an administrator is not so designated, the plan sponsor."[14] In the case of an employee benefit plan established or maintained by a single employer, the "plan sponsor" is the employer.[15] If an administrator fails or refuses to comply with a participant or beneficiary's written request for plan documents, the *administrator* may be subjected to penalties under 29 U.S.C. § 1132(c).

The Fifth Amended Complaint contains paragraphs referencing each named Defendant. In all of these paragraphs, Plaintiffs allege that the particular Defendant "insured *and/or* administered employer health benefit plans."[16] Under Count I, Plaintiffs allege "[e]ach Defendant operates in *both* the insurer and administrator or

---

[14] 29 U.S.C. § 1002(16)(A). "[I]n the case of a plan for which an administrator is not designated and a plan sponsor cannot be identified, such other person as the Secretary may by regulation prescribe." *Id.*

[15] 29 U.S.C. § 1002(16)(B) ("The term 'plan sponsor' means (i) the employer in the case of an employee benefit plan established or maintained by a single employer, (ii) the employee organization in the case of a plan established or maintained by an employee organization, or (iii) in the case of a plan established or maintained by two or more employers or jointly by one or more employers and one or more employee organizations, the association, committee, joint board of trustees, or other similar group of representatives of the parties who establish or maintain the plan.").

[16] *See, e.g.*, R. Doc. 308, ¶¶ 9, 10 (emphasis added).

3

defacto administrator capacities for many if not all of the claims at issue."[17] Specifically with respect to Count II, the Fifth Amended Complaint states the "Defendants were the administrator, defacto administrator, or administrator through contract delegation."[18] Defendants argue Revised Exhibit 1 "is wholly devoid of allegations supporting the bald legal conclusion [in the Fifth Amended Complaint] that any of the . . . Defendants are the plan administrator."[19] They argue that, "[w]ithout factual content to justify the application of these legal labels" to the Defendants, Count II must be dismissed.[20]

In this case, Plaintiffs have not pleaded facts sufficient to support a penalty claim against the individual Defendants under 29 U.S.C. § 1132(c). With respect to all of the seventy-plus Defendants, Plaintiffs merely make a conclusory statement that the Defendants are the plan administrator, de facto administrator, or administrator through contract delegation. The Fifth Amended Complaint and Revised Exhibit 1 lack factual content that would allow the Court to draw the reasonable inference that the Defendants are plan administrators under the statute.[21] It is impossible to tell from the pleadings even which one of the three labels—plan administrator, de facto administrator, or administrator through contract delegation—Plaintiffs claim applies with respect to any particular Defendant.[22] Although the Court must accept all well-pleaded facts as true,[23] the Court need not accept as true legal conclusions couched as factual allegations.[24]

---

[17] R. Doc. 308, ¶ 136 (emphasis added).
[18] R. Doc. 308, ¶ 140.
[19] R. Doc. 314-1, p. 12.
[20] R. Doc. 238-2, p. 17.
[21] *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).
[22] Additionally, it is uncertain whether the de facto administrator doctrine is viable in this Circuit. *See Brown v. Aetna Life Ins. Co.*, 975 F. Supp. 2d 610, 618 (W.D. Tex. 2013) (citing *Fisher v. Metro. Life Ins. Co.*, 895 F.2d 1073, 1077 (5th Cir. 1990)).
[23] *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009).
[24] *Iqbal*, 556 U.S. at 678. Furthermore, threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.* at 677 (citing *Twombly,* 550 U.S. at 555).

Plaintiffs have had notice of Defendants' arguments concerning the lack of sufficient factual allegations to support this Count, and the Court has given Plaintiffs numerous opportunities to amend their complaint. Plaintiffs have not cured the allegational defects under this Count. Accordingly, all claims under Count II against all Defendants are dismissed with prejudice.

Counts III and IV

Count III of the Fifth Amended Complaint asserts a claim for failure to provide full and fair review under ERISA, and Count IV asserts a claim for breach of fiduciary duties of loyalty, disclosure and prudence. Both claims are pursued under 29 U.S.C. § 1132(a)(3), which permits a participant, beneficiary, or fiduciary to bring a civil action "(A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan." The Defendants again assert the factual allegations in the Fifth Amended Complaint and Revised Exhibit 1 do not plausibly support a right to relief under either Count III or Count IV. Specifically, the Defendants argue the Plaintiffs are not entitled to maintain claims for relief under 29 U.S.C. § 1132(a)(3) where they are otherwise bringing a claim for benefits under § 1132(a)(1)(B).

As the Defendants correctly argue, a plaintiff may pursue claims under 29 U.S.C. § 1132(a)(3) *only* when no other relief is available or adequate under the facts giving rise to the plaintiff's claims.[25] The Supreme Court has referred to § 1132(a)(3) as a "catchall"

---

[25] *See McCall v. Burlington N./Santa Fe Co.*, 237 F.3d 506, 512 (5th Cir. 2000) ("When a beneficiary wants what was supposed to have been distributed under a plan, the appropriate remedy is a claim for denial of benefits under § 502(a)(1)(B) of ERISA rather than a fiduciary duty claim brought pursuant to § 502(a)(3)."); *Rhorer v. Raytheon Engineers & Constructors, Inc.*, 181 F.3d 634, 639 (5th Cir. 1999); *Tolson v. Avondale Indus.*, Inc., 141 F.3d 604, 610 (5th Cir. 1998).

5

provision that "act[s] as a safety net, offering appropriate equitable relief for injuries caused by violations that [§ 1132] does not elsewhere adequately remedy."[26] Thus, where a plaintiff makes a claim to recover benefits under 29 U.S.C. § 1132(a)(1), the plaintiff is precluded from also seeking relief under 29 U.S.C. § 1132(a)(3).

It is clear from Plaintiffs' Fifth Amended Complaint that Count I—the claim to recover benefits owed under the ERISA plans—is the predominate ERISA cause of action in this suit. The fact that the Plaintiffs may not ultimately obtain the benefits they seek under § 1132(a)(1) is irrelevant.[27] Because § 1132(a)(1) affords the Plaintiffs an avenue for legal redress, Plaintiffs' claims under § 1132(a)(3) in Counts III and IV of the Fifth Amended Complaint cannot be maintained.

Plaintiffs have had notice of Defendants' 12(b)(6) arguments concerning Counts III and IV, and the Court has given Plaintiffs numerous opportunities to amend their complaint. Accordingly, the Court dismisses with prejudice all claims under Counts III and IV asserted against all Defendants.[28]

For the reasons stated above, the motions to dismiss filed by Defendant Arkansas Blue Cross and Blue Shield[29] and the Blue Cross Defendants[30] are granted to the extent they seek dismissal of Counts II, III, and IV for failure to state a claim upon which relief could be granted. Claims under Counts II, III, and IV are dismissed with prejudice as to all Defendants. With respect to all remaining arguments, these motions to dismiss are denied for the reasons discussed at the last status conference. However, the Defendants

---

[26] *Varity Corp. v. Howe,* 516 U.S. 489, 512 (1996).
[27] *See Tolson v. Avondale Indus., Inc.*, 141 F.3d 604, 610 (5th Cir. 1998); *Taylor v. Ochsner Found. Clinic Hosp.*, No. 09-4179, 2010 WL 3528624, at *6 (E.D. La. Sept. 3, 2010) (Fallon, J.).
[28] Moreover, Plaintiffs have failed to plead facts sufficient to show any individual Defendant is an administrator and/or fiduciary. *See Newell ex rel. Snow v. Aetna Life Ins. Co.*, No. 302-0475M, 2002 WL 1840925, at *2 (N.D. Tex. Aug. 8, 2002) (citing *Bratton v. National Union Fire Insurance Co.*, 215 F.3d 516, 526 (5th Cir. 2000)).
[29] R. Doc. 310.
[30] R. Doc. 314.

are granted leave to revisit issues raised in these motions through motions for full or partial summary judgment, where appropriate.

**B. Defendant Blue Cross Blue Shield of Michigan's Motion to Dismiss[31]**

Defendant Blue Cross Blue Shield of Michigan's ("BCBS Michigan") Motion to Dismiss based on noncompliance with the Court's September 30, 2014 order is denied for the reasons addressed above. The Defendant is granted leave to revisit issues raised in its motions to dismiss through motions for full or partial summary judgment, where appropriate.

The Court previously granted BCBS Michigan leave to re-urge its previous motion to sever.[32] The decision whether to allow permissive joinder under Rule 20 or to order severance of misjoined plaintiffs under Rules 21 and 42(b) is left to the discretion of the trial court.[33] The Court finds consolidation, not separation, in this case best serves the interest of judicial economy. Accordingly, Defendant BCBS Michigan's motion to sever is denied.

**C. The Anthem Defendants' Supplemental Motion to Dismiss Pursuant to the Court's September 30, 2014 Order[34]**

The Anthem Defendants' Motion to Dismiss argues that the Fifth Amended Complaint fails to allege any facts showing that Defendants "Anthem BlueCross

---

[31] R. Doc. 311.
[32] R. Doc. 297, p. 1 n.3; R. Doc. 241.
[33] *See Williams v. Hoyt*, 556 F.2d 1336, 1341 (5th Cir. 1977) (the district court has "broad discretion" in determining the propriety of permissive joinder of parties under Rule 20); *see also Applewhite v. Reichhold Chemicals, Inc.*, 67 F.3d 571, 574 (5th Cir. 1995). Rule 20 provides, in pertinent part: "Persons may join in one action as plaintiffs if: (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20(a). Rule 21 provides that "[m]isjoinder of parties is not a ground for dismissing an action," but that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Fed. R. Civ. P. 21. Rule 42(b) provides that "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." Fed. R. Civ. P. 42(b).
[34] R. Doc. 315.

BlueShield of Nevada" or "BlueCross BlueShield of Missouri" have any connection to this case, and as a result the Fifth Amended Complaint fails to state a claim for relief against these two Defendants.[35]

Plaintiffs argue the Defendants have sufficient information to identify the claims asserted against each Defendant by filtering Revised Exhibit 1 to search and identify the claims directed to that specific Defendant. Revised Exhibit 1 delivered to the Court on June 11, 2015 does not identify any claims against Defendants Anthem BlueCross BlueShield of Nevada or BlueCross BlueShield of Missouri. Thus, Plaintiffs have not asserted any claims against them. Accordingly, to the extent the Anthem Defendants' motion argues the Fifth Amended Complaint fails to allege any facts showing that Defendants "Anthem BlueCross BlueShield of Nevada" or "BlueCross BlueShield of Missouri" have any connection to this case, the motion is granted, and these two Defendants are dismissed with prejudice as parties to this action.

The Anthem Defendants' Motion to Dismiss also states that the Anthem Defendants collectively join in the Blue Cross Defendants' motion. Accordingly, the Anthem Defendants' Motion to Dismiss is granted to the extent it seeks dismissal of Counts II, III, and IV for failure to state a claim upon which relief could be granted. The Anthem Defendants' Motion to Dismiss is denied with respect to all remaining arguments. However, the Anthem Defendants are granted leave to revisit issues raised in its motions to dismiss through motions for full or partial summary judgment, where appropriate.

---

[35] *Id.*

**D. Defendant Blue Cross and Blue Shield of Kansas's Motion to Dismiss the Fifth Amended, Supplemented, and Restated Complaint for Noncompliance with the Court's September 30, 2014 Order**[36]

Defendant Blue Cross and Blue Shield of Kansas was dismissed with prejudice as a party to this action.[37] Accordingly, its Motion to Dismiss the Fifth Amended, Supplemented, and Restated Complaint for Noncompliance with the Court's September 30, 2014 Order is denied as moot.

**E. Defendant Independence Administrators BlueCross BlueShield of Pennsylvania's Motion to Dismiss for Failure to State a Claim**[38]

Defendant Independence Administrators BlueCross BlueShield of Pennsylvania's Motion to Dismiss for Failure to State a Claim is reset for submission for July 15, 2015 at 10:00 a.m.

## CONCLUSION

**IT IS ORDERED** that the Motions to Dismiss filed by Defendant Arkansas Blue Cross and Blue Shield,[39] the "Blue Cross Defendants,"[40] and the "Anthem Defendants"[41] are **GRANTED** to the extent they seek dismissal of Counts II, III, and IV for failure to state a claim upon which relief could be granted. All claims under Counts II, III, and IV are **DISMISSED WITH PREJUDICE** as to all Defendants.

**IT IS FURTHER ORDERED** that the Anthem Defendants' Motion to Dismiss is **GRANTED** to the extent it argues the Fifth Amended Complaint fails to state a claim against Defendants "Anthem BlueCross BlueShield of Nevada" or "BlueCross BlueShield

---

[36] R. Doc. 316.
[37] *See* R. Doc. 335.
[38] R. Doc. 357.
[39] R. Doc. 310.
[40] R. Doc. 314.
[41] R. Doc. 315.

of Missouri." Defendants Anthem BlueCross BlueShield of Nevada and BlueCross BlueShield of Missouri are **DISMISSED WITH PREJUDICE** as parties to this action.

**IT IS FURTHER ORDERED** that the Motions to Dismiss filed by Defendant Arkansas Blue Cross and Blue Shield,[42] the "Blue Cross Defendants,"[43] and the "Anthem Defendants"[44] are **DENIED** with respect to all remaining arguments.

**IT IS FURTHER ORDERED** that Defendant Blue Cross Blue Shield of Michigan's Motion to Dismiss[45] and re-urged Motion to Sever are **DENIED**.

**IT IS FURTHER ORDERED** that Defendant Blue Cross and Blue Shield of Kansas's Motion to Dismiss the Fifth Amended, Supplemented, and Restated Complaint for Noncompliance with the Court's September 30, 2014 Order is **DENIED AS MOOT**.[46]

As a result of this order, all pending motions except for Defendant Independence Administrators BlueCross BlueShield of Pennsylvania's Motion to Dismiss for Failure to State a Claim[47] have been fully disposed of by the Court.

**IT IS FURTHER ORDERED** that Defendant Independence Administrators BlueCross BlueShield of Pennsylvania's Motion to Dismiss for Failure to State a Claim is reset for submission for **July 15, 2015 at 10:00 a.m**.[48]

**IT IS FURTHER ORDERED** that all Defendants except for Independence Administrators BlueCross BlueShield of Pennsylvania and BlueCross BlueShield of Arizona **ANSWER** the Fifth Amended Complaint on or before **July 21, 2015**.

---

[42] R. Doc. 310.
[43] R. Doc. 314.
[44] R. Doc. 315.
[45] R. Doc. 311.
[46] R. Doc. 316.
[47] R. Doc. 357.
[48] R. Doc. 357.

New Orleans, Louisiana, this 24th day of June, 2015.

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**