UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CENTER FOR RESTORATIVE<br>BREAST SURGERY, L.L.C., ET AL.,<br>    **Plaintiffs** | CIVIL ACTION |
| VERSUS | NO. 11-806 |
| BLUE CROSS BLUE SHIELD<br>OF LOUISIANA, ET AL.,<br>    **Defendants** | SECTION: "E" (5) |

### ORDER

Before the Court is Plaintiffs' motion to remand 110 of their claims.[1]

Center for Restorative Breast Surgery, L.L.C. and St. Charles Surgical Hospital ("Plaintiffs") filed this action in the Civil District Court for Orleans Parish, Louisiana, on April 6, 2010.[2] It was removed from state court on April 12, 2011, partly on the basis of preemption by the Employee Retirement Income Security Act of 1974 ("ERISA").[3]

Plaintiffs filed this motion to remand 110 of the 1,238 claims on October 5, 2015.[4] Plaintiffs assert that the claims are distinct and independent and have no basis in ERISA or other federal law.[5] They also argue that there is no basis for exercising supplemental jurisdiction over these claims.[6] Louisiana Health Service & Indemnity Company d/b/a Blue Cross Blue Shield of Louisiana ("Defendant") filed a response in opposition on October 13, 2015, arguing that the Court has supplemental jurisdiction over the state-law claims.[7] Plaintiffs filed a reply in support of its motion to remand on October 27, 2015.[8]

---

[1] R. Doc. 443.
[2] R. Doc. 1-1.
[3] R. Doc. 1.
[4] R. Doc. 443.
[5] *See* R. Doc. 443-1 at 3.
[6] *Id.*
[7] R. Doc. 448.
[8] R. Doc. 453.

1

In any civil action over which the Court has original jurisdiction, the Court has supplemental jurisdiction over all other state-law claims "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."[9]

Plaintiffs' state-law claims arise from the same set of facts as the 1,128 claims that have a basis in federal law. Plaintiffs argue that the state-law claims "merely share a factual background" with the federal claims. In their Fifth Amended Complaint, however, Plaintiffs allege with respect to all claims identical facts about the verifications of benefits, the process of appeals of adverse benefit determinations, and contact with Defendant about the reimbursements available for out-of-network providers.[10] Plaintiffs also fail to point to any significant differences between the ERISA and non-ERISA plans. While Plaintiffs argue that the state-law claims involve witnesses who will "testify as to unique conversations" that are "distinct as to each claim,"[11] the Court finds that the ERISA claims and the state-law claims arise out of a series of transactions that are similar and logically related. Thus, the evidence likely will not substantially differ between the two categories of claims.[12] Therefore, remanding the 110 claims would not be in the interest of judicial economy.

As the Fifth Circuit has explained, "[i]f the plaintiff moves to remand, all the defendant has to do is demonstrate a substantial federal claim, *e.g.*, one completely preempted by ERISA, and the court may not remand. Once the court has proper removal jurisdiction over a federal claim, it may exercise supplemental jurisdiction over state law

---

[9] 28 U.S.C. § 1367(a).
[10] *See* R. Doc. 308 at ¶¶ 94–122.
[11] R. Doc. 453 at 2.
[12] *See Paragon Office Servs., LLC v. UnitedHealthcare Ins. Co., Inc.*, 2012 WL 4442368, at *3 (N.D. Tex. Sept. 26, 2012).

claims, . . . even if it dismisses or otherwise disposes of the federal claim or claims."[13] The Court finds that the 110 claims Plaintiffs seek to remand are so related to, and arise out of the same set of operative facts as, the other 1,128 claims in this case that they form part of the same case or controversy. Accordingly, the Court can "comfortably exercise supplemental jurisdiction" over the remaining state-law claims.[14]

In light of the foregoing reasoning, the Plaintiffs' motion to remand is **DENIED**.

**New Orleans, Louisiana, this 9th day of November, 2015.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[13] *Giles v. NYLCare Health Plans, Inc.*, 172 F.3d 332, 337 (5th Cir. 1999).
[14] *Cardiovascular Specialty Care Ctr. Of Baton Rouge, LLC v. United HealthCare of Louisiana, Inc.*, 2015 WL 952121, at *4 (M.D. La. Mar. 4, 2015).