UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CENTER FOR RESTORATIVE BREAST SURGERY, L.L.C., ET AL.,**  **Plaintiffs** | **CIVIL ACTION** |
| **VERSUS** | **NO. 11-806** |
| **BLUE CROSS BLUE SHIELD OF LOUISIANA, ET AL.,**  **Defendants** | **SECTION: "E" (5)** |

### ORDER AND REASONS

Before the Court is Plaintiffs' motion for reconsideration.[1] The Court has reviewed the briefs,[2] the record, and the applicable law, and now issues this order and reasons.

On June 24, 2015, the Court ruled on Defendants' motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[3] The Court granted the motion and dismissed Counts II, III, and IV of Plaintiffs' Fifth Amended Complaint with prejudice.[4]

In their motion to reconsider, Plaintiffs argue the Court should reconsider its order granting Defendants' motion to dismiss.[5]

The Court's order granting Defendants' motion is an interlocutory order since it did not adjudicate all of Plaintiffs' claims. Federal Rule of Civil Procedure 54(b) provides that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a [final] judgment."[6] Although the district court has broad

---

[1] R. Doc. 469.
[2] R. Doc. 469; R. Doc. 477; R. Doc. 484.
[3] R. Doc. 371.
[4] *Id.*
[5] R. Doc. 469.
[6] Fed. R. Civ. P. 54(b).

1

discretion to reconsider an interlocutory order for any reason it deems sufficient,[7] this power "is exercised sparingly in order to forestall the perpetual reexamination of orders and the resulting burdens and delays."[8]

Generally, the courts in this district evaluate a motion to reconsider an interlocutory order under the same standards as those governing a motion to alter or amend a final judgment brought pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.[9] Such a motion "must clearly establish either a manifest error of law or fact or must present newly discovered evidence and cannot be used to raise arguments which could, and should, have been made before the judgment issued."[10] A motion for reconsideration, however, "is 'not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of [the order].'"[11] "The Court is mindful that '[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly.'"[12] "When there exists no independent reason for reconsideration other than mere disagreement with a prior order, reconsideration is a waste of judicial time and resources and should not be granted."[13]

In deciding motions under the Rule 59(e) standards, the courts in this district have considered the following factors:

---

[7] *See U.S. v. Renda*, 709 F.3d 472, 479 (5th Cir. 2013) (citation and internal quotation marks omitted) ("Rule 54(b) authorizes a district court to reconsider and reverse its prior rulings on any interlocutory order for any reason it deems sufficient.")
[8] *Castrillo v. Am. Home Mortgage Servicing, Inc.*, No. 09-4369, 2010 WL 1424398, at *3 (E.D. La. Apr. 5, 2010) (Vance, J.).
[9] *See, e.g.*, *id.* at *3–4 ("The general practice of this court has been to evaluate motions to reconsider interlocutory orders under the same standards that govern Rule 59(e) motions to alter or amend a final judgment."). However, there are some circumstances in which a different standard would be appropriate. *Id.* (citing *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514–16 (4th Cir. 2003)).
[10] *Schiller v. Physicians Resource Group Inc.*, 342 F.3d 563, 567 (5th Cir.2003) (citations and internal quotation marks omitted).
[11] *Lacoste v. Pilgrim Int'l*, 2009 WL 1565940, at *8 (E.D. La. June 3, 2009) (Vance, J.) (quoting *Templet v. HydroChem Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004)).
[12] *Castrillo*, 2010 WL 1424398, at *4 (alteration in original) (quoting *Templet,* 367 F.3d at 479).
[13] *Lightfoot v. Hartford Fire Ins. Co.*, No. 07-4833, 2012 WL 711842, at *3 (E.D. La. Mar. 5, 2012).

(1) whether the movant demonstrates the motion is necessary to correct manifest errors of law or fact upon which the judgment is based;

(2) whether the movant presents new evidence;

(3) whether the motion is necessary in order to prevent manifest injustice; and

(4) whether the motion is justified by an intervening change in the controlling law.[14]

Nothing asserted by Plaintiffs in their motion for reconsideration or their reply establishes that they are entitled to relief under Rule 59(e).

Accordingly, Plaintiffs' motion for reconsideration is **DENIED**.[15]

**New Orleans, Louisiana, this 11th day of April, 2016.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[14] *Castrillo*, 2010 WL 1424398, at *4. The Court notes that the time limits of Rule 59 do not apply in this matter because the order appealed is interlocutory. Rules 59 and 60 set forth deadlines for seeking reconsideration of final judgments. *See Carter v. Farmers Rice Milling Co., Inc.*, 33 F. App'x 704 (5th Cir. 2002); *Lightfoot v. Hartford Fire Ins. Co.*, 07-4833, 2012 WL 711842, at *2 (E.D. La. Mar. 5, 2012).
[15] R. Doc. 469.