## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**CENTER FOR RESTORATIVE**              **CIVIL ACTION**
**BREAST SURGERY, L.L.C., ET AL.,**
     **Plaintiffs**

**VERSUS**                        **NO.  11-806**

**BLUE CROSS BLUE SHIELD**        **SECTION: "E" (5)**
**OF LOUISIANA, ET AL.,**
     **Defendants**

### ORDER AND REASONS

Before the Court is Defendants' motion for partial summary judgment filed March 14, 2016.[1] For the reasons below, the motion is **GRANTED IN PART** and **DENIED IN PART**.

### BACKGROUND

The members of Plaintiff Center for Restorative Breast Surgery, L.L.C. ("Center") are surgeons who perform post-mastectomy breast reconstruction medical services.[2] Plaintiff St. Charles Surgical Hospital ("Hospital") is a specialty surgical center where the physicians affiliated with the Center perform the surgeries.[3] Plaintiffs are out-of-network health care providers, with respect to all Defendants, who provided services to patients covered under ERISA plans and other insurance policies issued or administered by Defendants, numerous Blue Cross Blue Shield health insurance carriers.[4]

Plaintiffs allege that, prior to performing any surgery, Plaintiffs' staff contacted each patient's insurer, notified the insurer of the procedure expected to be performed,

---

[1] R. Doc. 499.
[2] R. Doc. 308 at ¶ 83.
[3] *Id.* at ¶ 91.
[4] *Id.* at ¶ 92; R. Doc. 458-1 at 9. Each patient and his or her respective claim is identified in Exhibit I to the Fifth Amended Complaint. R. Doc. 308.

requested preauthorization to have the procedure done, and requested disclosure of the amount of benefits for the procedure and any qualification to such benefits.[5] Plaintiffs allege they received preauthorization from Defendants, through either Defendants' employees or agents.[6]

Plaintiffs filed this suit on April 6, 2010, in the Civil District Court for the Parish of Orleans, State of Louisiana.[7] Defendant Blue Cross Blue Shield of Louisiana removed the case to this Court on April 12, 2011.[8] Plaintiffs aver that each patient executed an assignment of benefits assigning to Plaintiffs benefits owed to the patient by his or her healthcare insurer, along with the authority and right to institute legal action to recover any amounts due.[9] Plaintiffs allege they performed the surgery on each patient, relying on the information provided by Defendants' employees or agents.[10] Plaintiffs maintain they did not receive the expected payment for each claim identified in Exhibit I to the Fifth Amended Complaint[11] in accordance with the representations made by Defendants.[12]

Plaintiffs bring this action in two capacities: (1) on behalf of their patients as assignees of their patients' ERISA rights, and (2) in their individual capacities to seek recovery under Louisiana state laws for claims resulting from their direct interactions with Defendants.[13] Plaintiffs filed a Fifth Amended Complaint on January 6, 2015, asserting the following counts[14]:

---

[5] R. Doc. 308 at ¶¶ 94–95.
[6] Id. at ¶¶ 94–107.
[7] R. Doc. 1-1.
[8] R. Doc. 1.
[9] R. Doc. 308 at ¶¶ 104–07.
[10] Id. at ¶ 107.
[11] The parties have provided the Court with a CD containing Exhibit I to the Fifth Amended Complaint.
[12] R. Doc. 308 at ¶¶ 107–08.
[13] Id. at ¶ 1.
[14] R. Doc. 308.

| | |
|---|---|
| Count I: | Failure to determine benefits in accordance with the terms of ERISA plans; |
| Count II: | Failure to supply requested information ERISA requires to be produced; |
| Count III: | Failure to provide full and fair review under ERISA; |
| Count IV: | Breach of fiduciary duties of loyalty, disclosure, and prudence under ERISA; |
| Count V: | Detrimental reliance/breach of oral contract(s) under Louisiana law; |
| Count VI: | Breach of contract(s) under Louisiana law; |
| Count VII: | Negligent Misrepresentation(s) under Louisiana law; and |
| Count VIII: | Fraud under Louisiana law. |

On June 24, 2015, the Court dismissed Counts II, III, and IV with prejudice.[15] The Court also dismissed Count VIII after Plaintiffs moved for dismissal with prejudice.[16]

On March 14, 2016, Defendants filed a motion for partial summary judgment raising the following arguments:

1. Count I: Certain of Plaintiffs' claims for ERISA benefits fail as a matter of law because the assignments on which those claims are based are nonexistent or invalid;

2. Count I: Certain of Plaintiffs' ERISA benefits claims fail as a matter of law because Plaintiffs failed to exhaust their administrative remedies; and

3. Count VI: Plaintiffs' state-law cause of action for breach of contract fails as a matter of law because Plaintiffs cannot establish the necessary elements of an oral contract under Louisiana law.[17]

---

[15] R. Doc. 371. On November 30, 2015, Plaintiffs sought reconsideration of the order dismissing Counts II, III, and IV. R. Doc. 469. The Court denied Plaintiffs' motion for reconsideration on April 11, 2016. R. Doc. 508.
[16] R. Doc. 450.
[17] R. Doc. 499.

Plaintiffs filed a response in opposition on June 7, 2016.[18] Plaintiffs filed a supplemental memorandum on June 23, 2016.[19] Defendants filed a reply in support of their motion on June 28, 2016,[20] and Plaintiffs filed a surreply on July 11, 2016.[21]

## STANDARD OF LAW

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[22] "An issue is material if its resolution could affect the outcome of the action."[23] When assessing whether a material factual dispute exists, the Court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence."[24] All reasonable inferences are drawn in favor of the non-moving party.[25] There is no genuine issue of material fact if, even viewing the evidence in the light most favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party, thus entitling the moving party to judgment as a matter of law.[26]

If the dispositive issue is one on which the moving party will bear the burden of persuasion at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'"[27] If the moving party fails to carry this burden, the motion must be denied. If the moving party successfully carries this burden, the burden of production then shifts to the non-moving

---

[18] R. Doc. 531.
[19] R. Doc. 536.
[20] R. Doc. 540.
[21] R. Doc. 543.
[22] Fed. R. Civ. P. 56. *See also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).
[23] *DIRECTV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2005).
[24] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008). *See also Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150–51 (2000).
[25] *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).
[26] *Smith v. Amedisys, Inc.*, 298 F.3d 434, 440 (5th Cir. 2002).
[27] *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263–64 (5th Cir. 1991) (quoting *Golden Rule Ins. Co. v. Lease*, 755 F. Supp. 948, 951 (D. Colo. 1991)).

party to direct the Court's attention to something in the pleadings or other evidence in the record setting forth specific facts sufficient to establish that a genuine issue of material fact does indeed exist.[28]

If the dispositive issue is one on which the non-moving party will bear the burden of persuasion at trial, the moving party may satisfy its burden of production by either (1) submitting affirmative evidence that negates an essential element of the non-movant's claim, or (2) affirmatively demonstrating that there is no evidence in the record to establish an essential element of the non-movant's claim.[29] "[U]nsubstantiated assertions are not competent summary-judgment evidence. The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim. 'Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment.'"[30]

## ANALYSIS

I. COUNT I: CERTAIN OF PLAINTIFFS' CLAIMS FOR ERISA BENEFITS FAIL AS A MATTER OF LAW BECAUSE THE ASSIGNMENTS ON WHICH THOSE CLAIMS ARE BASED ARE NONEXISTENT OR INVALID

Under 29 U.S.C. § 1132(a), a civil enforcement action may be brought only by a plan participant, beneficiary, fiduciary, or the Secretary of Labor. A non-participant health care provider may not bring claims for benefits on its own behalf but must do so derivatively, relying on its patients' assignments of their benefits claims.[31] The Fifth

---

[28] *Celotex*, 477 U.S. at 322–24.

[29] *Id.* at 331–32 (Brennan, J., dissenting).

[30] *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citing *Celotex*, 477 U.S. at 324; *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994) and quoting *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915–16 & n.7 (5th Cir. 1992)).

[31] *See Aviation West Charters, Inc. v. United Healthcare Ins. Co.*, No. 14-338, 2014 WL 5814232 (D. Ariz. Nov. 10, 2014).

Circuit has held that "an assignee has derivative standing to enforce claims under ERISA § 502, thus permitting assignments when not precluded by the plan terms."[32]

Defendants argue Plaintiffs lack standing to bring a cause of action under ERISA with respect to certain claims because the assignments of benefits for those claims are non-existent or invalid.[33]

A.  Claim C686

Defendants argue that certain of Plaintiffs' claims for ERISA benefits should be dismissed as a matter of law because Plaintiffs have not produced the corresponding assignments of benefits.[34]

Defendants failed to identify in their motion the claims for which Defendants contend Plaintiffs did not produce the corresponding assignments of benefits.  As a result, at the June 9, 2016, status conference, the Court ordered Defendants to notify Plaintiffs of the claims for which Defendants believed no assignments of benefits had been provided.[35] Plaintiffs have since represented to the Court, and Defendants agree, that Plaintiffs have located and provided to Defendants copies of all assignments identified by Defendants with the exception of the claim C686, identified in Paragraph 31 of Defendants' statement of uncontested facts.[36] Plaintiffs concede they do not have a valid

---

[32] *La. Health Serv. & Indem. Co. v. Rapides Healthcare Sys.*, 461 F.3d 529, 537 (5th Cir. 2006). "Although courts have long applied the label of 'statutory standing' [under ERISA] . . . , the Supreme Court has cautioned that this label is 'misleading' because the court is not deciding whether there is subject matter jurisdiction but rather whether the plaintiff 'has a cause of action under the statute.'" *Griffin v. Verizon Commc'ns, Inc.*, No. 15-13525, 2016 WL 116598, at *2 (11th Cir. Jan. 12, 2016) (quoting *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 134 S.Ct. 1377, 1387–88 & n. 4 (2014)).

[33] R. Doc. 499-1 at 10–16.

[34] *Id.* at 10–11.

[35] *See* R. Doc. 535 at 3.

[36] R. Doc. 536. All references to "C" followed by a number refer to a line on the Center tab of Exhibit I of the Fifth Amended Complaint. All references to "H" followed by a number refer to a line on the Hospital tab of Exhibit I of the Fifth Amended Complaint.

assignment of benefits with respect to claim C686.[37] Accordingly, the Court grants summary judgment with respect to this claim.

B. <u>Whether Certain of the Center's ERISA Benefits Claims Are Barred by Anti-Assignment Clauses</u>

Defendants argue that certain of the Center's claims for ERISA benefits fail as a matter of law because the corresponding ERISA plans contain anti-assignment provisions that render invalid the assignments upon which the Center relies.[38] In response, Plaintiffs argue that Defendants are estopped from relying on these anti-assignment provisions, or have waived their right to do so, because "Defendants said nothing regarding an anti-assignment provision," even though Defendants were aware of the assignments when Plaintiffs submitted their claims for reimbursement.[39]

Each of the Center's claims identified in Section I of Defendants' statement of uncontested material facts involves an ERISA plan containing an anti-assignment provision.[40] "[T]he Fifth Circuit has . . . recognized that anti-assignment provisions are generally effective and will operate to render a purported assignment invalid."[41] Plaintiffs

---

[37] *Id.*

[38] R. Doc. 499-1 at 11–12.

[39] R. Doc. 531 at 2–4. Defendants "frame their reply in terms of estoppel." *See* R. Doc. 540 at 3 n.2. It is important to note, however, that, "[a]lthough *waiver* and *estoppel* are sometimes used interchangeably, especially in the law of insurance, there is a subtle but significant legal distinction between the two." *Pitts v. American Sec. Life Ins. Co.*, 931 F.2d 351, 357 (5th Cir. 1991) (emphasis in original). "*Waiver* is the voluntary or intentional relinquishment of a known right." *Id.* (emphasis in original). "In contrast to waiver, . . . estoppel involves some element of reliance or prejudice on the part of the insured before an insurer is foreclosed from raising a ground for denial of liability that was known at an earlier date." *Id.* Nevertheless, this distinction is inconsequential with respect to this Order, as the Court finds Plaintiffs fail to come forward with competent summary-judgment evidence showing a genuine issue of material fact with respect to waiver or estoppel.

[40] R. Doc. 499-2 at ¶¶ 1–171.

[41] *The Sleep Lab at West Houston v. Tex. Children's Hosp.*, No. 15-0151, 2015 WL 3507894, at *4 (S.D. Tex. June 2, 2015) (citing *LeTourneau Lifelike Orthotics & Prosthetics, Inc. v. Wal-Mart Stores, Inc.*, 298 F.3d 348, 352 (5th Cir. 2002)). *See also Rapides*, 461 F.3d at 537 ("We have held that an assignee has derivative standing to enforce claims under ERISA § 502, thus permitting assignments *when not precluded by the plan terms*. We have also held that, absent a statute to the contrary, an anti-assignment provision in a plan is permissible under ERISA.").

do not dispute that the ERISA plans governing the claims identified in Section I contained anti-assignment provisions that would be valid and enforceable absent the Plaintiffs' waiver and estoppel arguments.[42]

The Fifth Circuit has recognized, in *Hermann Hospital v. MEBA Medical and Benefits Plan*, that an insurer may be estopped from asserting its right to enforce an anti-assignment clause "because of its protracted failure to assert the clause when [the purported assignee] requested payment pursuant to a clear and unambiguous assignment of payments for covered benefits."[43] The decision in *Herman II* was issued after the district court held a bench trial and the court had all of the evidence regarding estoppel and waiver before it. This case is before the Court on a motion for summary judgment. At trial, Plaintiffs would have the burden of establishing estoppel or waiver. To establish estoppel in an ERISA case, the plaintiff must demonstrate the following: (1) a material misrepresentation; (2) reasonable and detrimental reliance upon the representation; and (3) extraordinary circumstances.[44] To establish waiver, the plaintiff must show that the defendants voluntarily or intentionally relinquished a known right.[45]

Plaintiffs have not provided any summary-judgment evidence establishing disputed issues of fact with respect to whether Defendants are estopped from enforcing or have waived the right to enforce the anti-assignment provisions.[46] In fact, as

---

[42] *See* R. Doc. 531; R. Doc. 531-3 at 2.

[43] *Hermann Hosp. v. MEBA Med. & Benefits Plan* (*Hermann II*), 959 F.2d 569, 575 (5th Cir. 1992), *overruled in part on other grounds by Access Mediquip, L.L.C. v. UnitedHealthcare Ins. Co.*, 698 F.3d 229 (5th Cir. 2012).

[44] *Mello v. Sara Lee Corp.*, 431 F.3d 440, 444–45 (5th Cir. 2005).

[45] *Pitts By & Through Pitts v. Am. Sec. Life Ins. Co.*, 931 F.2d 351, 357 (5th Cir. 1991).

[46] *See, e.g., Aviation*, 2014 WL 5814232 (granting summary judgment for insurer based on an anti-assignment provision, despite the plaintiff's argument that the insurer waived its right to enforce the anti-assignment provision, and noting that "Plaintiff has submitted no evidence of [the insurer's] alleged actions constituting waiver"); *Premier Health Ctr. V. UnitedHealth Group*, No. 11-425, 2012 WL 1135608 (D. N.J. Apr. 4, 2012) ("[C]ourts have held that an anti-assignment clause may be waived by a written instrument,

8

Defendants point out, Dr. Scott K. Sullivan, a "member/manager" of both the Center and the Hospital, with an ownership interest in both entities,[47] testified in his deposition that he was aware since 2003 that Blue Cross does not recognize assignments of benefits, thus undermining Plaintiffs' estoppel argument.[48] Further, some courts have held that estoppel may be invoked only when the relevant plan provision is ambiguous.[49] Plaintiffs do not allege the anti-assignment provisions are ambiguous. Plaintiffs present no evidence from which the Court may infer that Defendants waived or are estopped from asserting their right to enforce the applicable anti-assignment provisions.

It is undisputed that the ERISA plans governing the claims identified in Section I of Defendants' statement of uncontested material facts contain anti-assignment provisions. Plaintiffs have failed to offer any summary-judgment evidence establishing disputed facts with respect to waiver or estoppel. The Court finds as a matter of law that the purported assignments of those claims to the Center are invalid. Accordingly, with respect to the claims identified in Paragraphs 1–30 and 32–171 of Section I of the

---

a course of dealing, or even passive conduct, *i.e.*, taking no action to invalidate the assignment vis-à-vis the assignee.").

Nor did Plaintiffs include allegations in their complaint regarding waiver or estoppel. R. Doc. 308. *See Sleep Lab*, 2015 WL 3507894, at *4–5 ("Plaintiff's reliance on [*Hermann II*] in support of its argument that [the insurer] has waived or is estopped from relying on the Plan's anti-assignment provision is unpersuasive . . . because the complaint as currently drafted contains no facts about the parties' course of conduct, which if true, would allow the court to conclude that defendant has in fact waived or is estopped from relying on the Plan's anti-assignment provision."); *Griffin*, 2016 WL 116598, at *4 ("[The purported assignee] has neither alleged nor explained how [the plan sponsor] intentionally relinquished its rights under the anti-assignment provision.").

[47] R. Doc. 531-2 at ¶¶ 1, 2, 4.

[48] R. Doc. 543-5 at 157–59.

[49] *See, e.g., Griffin*, 2016 WL 116598, at *4 ("Under ERISA equitable estoppel applies only when []the plaintiff can show that . . . the relevant provisions of the plan at issue are ambiguous . . . ." (internal quotation mark omitted)); *Sprague v. Gen. Motors Corp.*, 133 F.3d 388, 404 (6th Cir. 1998) (en banc) ("Principles of estoppel . . . cannot be applied to vary the terms of unambiguous plan documents; estoppel can only be invoked in the context of ambiguous plan provisions. There are at least two reasons for this. First, as we have seen, estoppel requires reasonable or justifiable reliance by the party asserting the estoppel. That party's reliance can seldom, if ever, be reasonable or justifiable if it is inconsistent with the clear and unambiguous terms of plan documents available to or furnished to the party. Second, to allow estoppel to override the clear terms of plan documents would be to enforce something other than the plan documents themselves. That would not be consistent with ERISA." (citations omitted)).

statement of undisputed material facts, the Center does not have a cause of action under ERISA because the Center is not a plan participant, beneficiary, or fiduciary and does not have valid assignments of rights or benefits.[50] Defendants' motion for summary judgment with respect to these claims is granted.

C.  Whether Certain of the Hospital's ERISA Benefits Claims Are Barred by Anti-Assignment Clauses

To prevail on its ERISA claims, the Hospital must demonstrate that it has valid assignments and thus may bring a cause of action for benefits under ERISA. Defendants argue the Hospital cannot establish that it has valid assignments for claims in Sections II and III (Paragraphs 172–253) of Defendants' statement of uncontested material facts because the assignments the Hospital has are rendered invalid by the anti-assignment provisions contained in the applicable plans.[51] Defendants, however, fail to demonstrate that the anti-assignment provisions are valid and enforceable as a matter of law.

Some states have statutes that require insurance companies to honor assignments of benefits made by patients to hospitals. For example, La. R.S. § 40:2010 provides that "[n]o insurance company . . . which is obligated to reimburse [an] individual . . . for the services rendered by [a] hospital shall pay those benefits to the individual when the itemized statement submitted to such entity clearly indicates that the individual's rights to those benefits have been assigned to the hospital."[52] Section 40:2010 thus "requires insurance companies to honor all assignments of benefit claims made by patients to

---

[50] *See Aviation*, 2014 WL 5814232, at *3.
[51] R. Doc. 499-1 at 13–16.
[52] LA. REV. STAT. § 40:2010.

hospitals."[53] In *Louisiana Health Services & Indemnity Co. v. Rapides Healthcare System*, the Fifth Circuit held that Section 40:2010 is not preempted by ERISA.[54]

Defendants argue that La. R.S. § 40:2010 does not apply to the claims identified in Sections II and III of Defendants' statement of uncontested material facts because those claims "relate to ERISA plans that are not governed by Louisiana law."[55]

Specifically, Defendants argue the claims in Section II involve ERISA plans containing choice-of-law provisions that provide that the law of a state other than Louisiana applies.[56] Defendants, however, do not identify which state law applies to each plan, nor do Defendants establish whether the applicable state law has a requirement that insurance carriers honor assignments to hospitals. As a result, Defendants fail to establish as a matter of law that the anti-assignment provisions contained in those plans are valid under the laws applicable to those plans.

Defendants argue the claims in Section III are not governed by ERISA plans with choice-of-law provisions but that, consistent with other courts in this circuit, the Court should apply the law of the state with the most significant relationships to the insurance

---

[53] *Rapides*, 461 F.3d at 530.

[54] *Id.* at 541. Defendants argue that this Court "should find La. R.S. 40:2010 preempted under ERISA" in light of the Supreme Court's recent decision in *Gobeille v. Liberty Mutual Insurance Co.*, 136 S. Ct. 936 (2016). *Gobeille* involved a Vermont reporting regime that required "health insurers, including ERISA plans, to report detailed information about the administration of benefits in a systematic manner." *Id.* at 946. The Supreme Court found that Vermont's reporting regime was preempted by ERISA because the Vermont regime "is a direct regulation of a fundamental ERISA function" and a "direct regulation of a central matter of plan administration." *Id.* The Court explained that "reporting is a principal and essential feature of ERISA," which "demonstrates that Congress intended to pre-empt state reporting laws like Vermont's. . . ." *Id.* ERISA is silent, however, with respect to the assignability of benefits. *See Hermann Hosp. v. MEBA Med. & Benefits Plan* (*Hermann I*), 845 F.2d 1286, 1289 (5th Cir. 1988) ("ERISA contains no anti-assignment provision with regard to health care benefits of ERISA-governed medical plans, nor is there any language in the statute which even remotely suggests that such assignments are proscribed or ought in any way to be limited."); *see also Rapides*, 461 F.3d at 534–35. The Court does not find that *Gobeille* "makes clear that the Fifth Circuit . . . decided *Rapides Healthcare System* incorrectly," as Defendants argue. *See* R. Doc. 499-1 at 13 n.4. Accordingly, consistent with the Fifth Circuit's decision in *Rapides*, this Court finds that La. R.S. § 40:2010 is not preempted by ERISA.

[55] R. Doc. 499-1 at 13–16.

[56] *Id.* at 15.

11

contract.[57] A choice-of-law analysis involves a mixed question of law and fact.[58] Defendants fail to provide sufficient evidence to demonstrate an absence of disputed material facts regarding which state has the most significant relationships to each plan. Furthermore, Defendants fail to establish as a matter of fact and law which state law applies to each plan and fail to establish as a matter of law that the applicable law does not have a requirement that insurance carriers honor assignments to hospitals.

Defendants fail to meet their burden on summary judgment of establishing that there is no genuine issue of material fact or question of law regarding the applicable law and that the anti-assignment provision in each plan is valid under the applicable law.[59] Accordingly, Defendants' motion for summary judgment with respect to the Hospital's claims identified in Sections II and III of Defendants' statement of uncontested material facts is denied.

II.    CERTAIN OF PLAINTIFFS' ERISA BENEFITS CLAIMS FAIL AS A MATTER OF LAW BECAUSE PLAINTIFFS FAILED TO EXHAUST THEIR ADMINISTRATIVE REMEDIES

Defendants argue that Plaintiffs' ERISA claims identified in Section IV (Paragraphs 254–422) of Defendants' statement of uncontested material facts fail as a matter of law because Plaintiffs failed to exhaust their administrative remedies.[60] Defendants identify three reasons the claims in Section IV should be dismissed: (1) no appeal was filed; (2) an appeal was filed but it was untimely under the terms of the

---

[57] R. Doc. 499-1 at 15–16 (citing *J. Ray McDermott & Co. v. Fidelity & Casualty Co.*, 466 F. Supp. 353, 366 (E.D. La. 1979); *In re Gulf Fleet Holdings, Inc.*, 491 B.R. 747, 764 (Bankr. W.D. La. 2013)).

[58] *See, e.g., S.C. of Okaloosa, Inc. v. Brignac*, No. 06-1058, 2007 WL 1974306, at *4 (W.D. La. June 27, 2007).

[59] The Court reiterates that if the dispositive issue is one on which the non-moving party will bear the burden of persuasion at trial, the moving party may satisfy its burden of production on summary judgment by either (1) submitting affirmative evidence that negates an essential element of the non-movant's claim, or (2) affirmatively demonstrating that there is no evidence in the record to establish an essential element of the non-movant's claim.

[60] R. Doc. 499-1 at 16–18.

applicable plan; or (3) the appeal filed lacked the required form necessary to allow Plaintiffs to pursue an administrative appeal on behalf of the patient.[61]

A claimant who is denied benefits under an ERISA plan must exhaust all administrative remedies afforded by the plan before instituting litigation for recovery of benefits.[62]

A.   Claims for which Appeals Were Untimely or No Appeal Was Filed

A claimant's failure to exhaust is proper grounds for dismissal.[63] "An untimely administrative appeal is similarly fatal to an ERISA claim."[64] There are exceptions to the exhaustion requirement, but they are limited: "[A] claimant may be excused from the exhaustion requirement if he shows either that pursuing an administrative remedy would be futile or that he has been denied meaningful access to administrative remedies."[65] For those claims for which the administrative remedies have not been exhausted, Plaintiffs have the burden of establishing an applicable exception to the exhaustion requirement.[66] "These exceptions apply, however, only in extraordinary circumstances."[67]

Plaintiffs concede the following appeals have not been exhausted, either because no appeal was filed or because the appeal filed was untimely[68]:

---

[61] R. Doc. 557.
[62] *Lacy v. Fulbright & Jaworski*, 405 F.3d 254, 256 (5th Cir. 2005) (per curiam).
[63] *Medina v. Anthem Life Ins. Co.*, 983 F.2d 29, 33 (5th Cir. 1993).
[64] *Thomas v. Metro. Life Ins. Co.*, No. 15-1733, 2016 WL 80634, at *3 (E.D. La. Jan. 7, 2016).
[65] *McGowan v. New Orleans Employers Int'l Longshoremen's Ass'n*, No. 12-990, 2012 WL 4885092, at *7 (E.D. La. Oct. 15, 2012), *aff'd*, 538 F. App'x 495 (5th Cir. 2013) (citing *Denton v. First Nat'l Bank of Waco*, 765 F.2d 1295, 1302 (5th Cir. 1985); *Meza v. Gen. Battery Corp.*, 908 F.2d 1262, 1279 (5th Cir.1990)).  *See also Long v. Aetna Life Ins. Co.*, No. 14-403, 2014 WL 4072026, at *4 (E.D. La. Aug. 18, 2014).
[66] *McGowin v. ManPower Int'l, Inc.*, 363 F.3d 556, 559–60 (5th Cir. 2004); *McGowan*, 2012 WL 4885092, at *7.
[67] *Long*, 2014 WL 4072026, at *5.
[68] R. Doc. 531-1.

| Paragraph Number in Defendants' Statement of Uncontested Material Facts[69] | Claim Number(s) |
|---|---|
| 263 | C342 |
| 269 | C515 |
| 271 | C614 |
| 278 | H782 |
| 282 | H967 |
| 286 | C1144 |
| 287 | C1261 |
| 291 | H116 |
| 294 | C1334 |
| 305 | H1197 |
| 312 | C545 |
| 313 | C548 |
| 314 | C551 |
| 315 | H514 |
| 316 | H517 |
| 317 | C967 |
| 318 | H880 |
| 319 | H1221 |
| 320 | C598 |
| 321 | C807, C808, C809 |
| 322 | H843 |
| 323 | C952, C953, C954 |
| 324 | C1028, H 915 |
| 325 | H297, C1235 |
| 326 | C1268, C1269 |
| 327 | C1314, C1315, H1128 |
| 332 | C651 |

[69] R. Doc. 499-2.

| 333 | C652 |
| 338 | H593 |
| 348 | H100 |
| 349 | C110 |
| 350 | H1276 |
| 351 | H1036 |
| 352 | H388 |
| 353 | C978, H889 |
| 354 | H938 |
| 355 | C178 |
| 356 | C179 |
| 357 | H159 |
| 358 | H160 |
| 359 | H247 |
| 360 | H290 |
| 361 | H308 |
| 362 | H310 |
| 363 | C302 |
| 364 | H258 |
| 365 | C336 |
| 366 | H301 |
| 367 | H303 |
| 368 | C411 |
| 369 | C412 |
| 370 | C413 |
| 371 | C414 |
| 372 | H354 |
| 373 | H355 |
| 374 | H415 |
| 375 | C1025 |

| 376 | C1376 |
|-----|-------|
| 377 | H1190 |
| 378 | C1404 |
| 379 | H1215 |
| 380 | H1216 |
| 381 | C6, C7, C8, H7, H8, H9 |
| 382 | C141, C142, H132 |
| 383 | H295 |
| 384 | H296 |
| 385 | C542, C543, C544, H511 |
| 386 | C573, C574, C575, C576, H540 |
| 387 | C630, C631, C632, H581 |
| 388 | H800 |
| 389 | H917, H918 |
| 390 | C1236, H1071 |
| 391 | C1237 |
| 392 | C1287, H1106 |
| 393 | C1337, H115 |
| 394 | C1397 |
| 395 | C329 |
| 396 | C330 |
| 397 | H532 |
| 398 | C615 |
| 399 | C616 |
| 400 | H574 |
| 401 | C830 |
| 402 | C831 |

| 403 | C832 |
|-----|------|
| 404 | H571 |
| 405 | H752 |
| 406 | C889 |
| 407 | C948 |
| 408 | C949 |
| 409 | C950 |
| 410 | C111 |
| 411 | C1215 |
| 412 | C1216 |
| 413 | C1217 |
| 414 | H1053 |
| 415 | H1054 |
| 416 | C535, C536, C537, H500, H501, H502 |
| 417 | H503 |
| 418 | H715 |
| 419 | C12188 |
| 420 | H121 |
| 421 | H750 |
| 422 | C1093, H962, H963 |

Plaintiffs state that "the futility of exhaustion is clear,"[70] but they fail to provide any argument or summary-judgment evidence in support of their contention that the appeals of these claims would have been futile. To show futility, Plaintiffs must show that the review was conducted with "hostility or bias" against the claimant.[71] Plaintiffs have not provided any summary-judgment evidence to show hostility or bias against the

---

[70] R. Doc. 543 at 3.

[71] *McGowin*, 363 F.3d at 559–60.

claimants.  Nor did Plaintiffs provide summary-judgment evidence that they had been denied meaningful access to administrative remedies. Conclusory allegations are insufficient to support an exception to the exhaustion rule based on a denial of meaningful access.[72] Plaintiffs have fail to meet their burden of establishing that an exception to the exhaustion requirement applies. Accordingly, summary judgment with respect to the claims Plaintiffs concede have not been exhausted is granted and the claims are dismissed.

The parties dispute whether the claims should be dismissed with or without prejudice. "While failure to exhaust administrative remedies usually results in a dismissal without prejudice, when exhaustion is no longer possible, dismissal may be with prejudice."[73]

Among the claims for which Plaintiffs concede the administrative remedies have not been exhausted, the following claims in Court Table One are dismissed with prejudice, as the applicable time limit has passed and exhaustion is no longer possible:

### Court Table One

| Paragraph Number in Defendants' Statement of Uncontested Material Facts[74] | Claim Number(s) |
| --- | --- |
| 263 | C342 |
| 269 | C515 |
| 271 | C614 |
| 287 | C1261 |
| 294 | C1334 |
| 305 | H1197 |

---

[72] *Id.* at 560.
[73] *Dawson Farms, LLC v. Farm Serv. Agency*, 504 F.3d 592, 607 (5th Cir. 2007).
[74] R. Doc. 499-2.

| 312 | C545 |
|-----|------|
| 313 | C548 |
| 315 | H514 |
| 318 | H880 |
| 332 | C651 |
| 333 | C652 |
| 338 | H593 |
| 349 | C110 |
| 353 | C978, H889 |
| 375 | C1025 |
| 382 | C141, C142, H132 |
| 387 | C630, C631, C632, H581 |
| 391 | C1237 |
| 394 | C1397 |
| 395 | C329 |
| 396 | C330 |
| 398 | C615 |
| 399 | C616 |
| 407 | C948 |
| 408 | C949 |
| 409 | C950 |

Among the claims for which Plaintiffs concede the administrative remedies have not been exhausted, the following claims in Court Table Two are dismissed without prejudice, as either the applicable time limit has not passed or Defendants failed to provide the Court with the information necessary to determine whether the applicable time limit has passed, and the claims are remanded to the applicable Plan Administrator. Plaintiffs may elect to file an appeal with the Plan Administrator. The Plan Administrator

may then determine whether the administrative remedies have been exhausted in a timely manner, subject to review by this Court.

**Court Table Two**

| Paragraph Number in Defendants' Statement of Uncontested Material Facts[75] | Claim Number(s) |
|---|---|
| 278 | H782 |
| 282 | H967 |
| 286 | C1144 |
| 291 | H116 |
| 314 | C551 |
| 316 | H517 |
| 317 | C967 |
| 319 | H1221 |
| 320 | C598 |
| 321 | C807, C808, C809 |
| 322 | H843 |
| 323 | C952, C953, C954 |
| 324 | C1028, H 915 |
| 325 | H297, C1235 |
| 326 | C1268, C1269 |
| 327 | C1314, C1315, H1128 |
| 348 | H100 |
| 350 | H1276 |
| 351 | H1036 |
| 352 | H388 |
| 354 | H938 |
| 355 | C178 |
| 356 | C179 |

[75] R. Doc. 499-2.

| 357 | H159 |
| --- | --- |
| 358 | H160 |
| 359 | H247 |
| 360 | H290 |
| 361 | H308 |
| 362 | H310 |
| 363 | C302 |
| 364 | H258 |
| 365 | C336 |
| 366 | H301 |
| 367 | H303 |
| 368 | C411 |
| 369 | C412 |
| 370 | C413 |
| 371 | C414 |
| 372 | H354 |
| 373 | H355 |
| 374 | H415 |
| 376 | C1376 |
| 377 | H1190 |
| 378 | C1404 |
| 379 | H1215 |
| 380 | H1216 |
| 381 | C6, C7, C8, H7, H8, H9 |
| 383 | H295 |
| 384 | H296 |
| 385 | C542, C543, C544, H511 |
| 386 | C573, C574, C575, C576, H540 |

| 388 | H800 |
|-----|------|
| 389 | H917, H918 |
| 390 | C1236, H1071 |
| 392 | C1287, H1106 |
| 393 | C1337, H115 |
| 397 | H532 |
| 400 | H574 |
| 401 | C830 |
| 402 | C831 |
| 403 | C832 |
| 404 | H571 |
| 405 | H752 |
| 406 | C889 |
| 410 | C111 |
| 411 | C1215 |
| 412 | C1216 |
| 413 | C1217 |
| 414 | H1053 |
| 415 | H1054 |
| 416 | C535, C536, C537, H500, H501, H502 |
| 417 | H503 |
| 418 | H715 |
| 419 | C12188 |
| 420 | H121 |
| 421 | H750 |
| 422 | C1093, H962, H963 |

In addition to the claims for which Plaintiffs concede the administrative remedies have not been exhausted, Defendants argue they are entitled to summary judgment on

Claims C194 in Paragraph 259, C549 in Paragraph 313, and C1398 in Paragraph 394 of Section IV of the statement of uncontested material facts because, although an appeal was filed with respect to each claim, the appeal was untimely under the terms of the applicable plan.[76] Plaintiffs do not dispute the facts set forth in Defendants' statement of undisputed facts with respect to these claims.[77] The undisputed facts demonstrate the appeals with respect to these claims were untimely.[78] Accordingly, summary judgment with respect to Claims C194, C549, and C1398 is granted, and these claims are dismissed with prejudice.

Defendants also contend they are entitled to summary judgment on Claim C1024 in Paragraph 346 of Section IV of the undisputed statement of material facts because no appeal was filed.[79] Plaintiffs do not dispute the facts set forth in Defendants' statement of undisputed facts with respect to this claim.[80] The undisputed facts demonstrate that no appeal was filed with respect to Claim C1024.[81] Accordingly, summary judgment on Claim C1024 is granted. Because Defendants failed to provide the Court with the information necessary to determine whether the applicable time limit has passed, the claim is dismissed without prejudice.

B. Claims for which Appeals Lacked the Required Authorization Form

Defendants further argue that, with respect to each claim identified in Record Document 557-4, the appeal filed by Plaintiffs lacked the form necessary to allow Plaintiffs to pursue an administrative appeal on behalf of the patient.[82] Plaintiffs have already conceded administrative remedies have not been exhausted with respect to

---

[76] *See* R. Doc. 557-3.
[77] R. Doc. 531-3.
[78] *See* R. Doc. 499-2 at ¶¶ 259, 313, 394.
[79] *See* R. Doc. 557-2.
[80] R. Doc. 531-3.
[81] *See* R. Doc. 499-2 at ¶ 346.
[82] *See* R. Doc. 557 at 4–9.

numerous claims identified by Defendants in Record Document 557-4.[83] This Part addresses only those claims that have not yet been addressed by the Court in this Order.

When Congress enacted ERISA, it intended to maintain employers' freedom "to create, modify and terminate the terms and conditions of employee benefits plans without governmental interference."[84] Further, as other courts of appeals have noted, "[t]he award of benefits under any ERISA plan is governed in the first instance by the language of the plan itself."[85] Accordingly, "[d]ismissal of a complaint is appropriate when the proper procedure has not been followed for filing a claim and administrative remedies have not been exhausted."[86]

The applicable plan for each claim identified in Record Document 557-4 required Plaintiffs to submit an authorization form with respect to each claim showing the Plaintiffs were authorized to pursue an appeal on behalf of the patient. The Court finds that these provisions are clear and must be enforced as written. Because Plaintiffs failed to provide the required authorization form with respect to the claims identified in Record Document 557-4, summary judgment on those claims is granted. These claims are dismissed without prejudice[87] and remanded to the applicable Plan Administrator, as Defendants have failed to provide the Court with the information necessary to determine

---

[83] Plaintiffs have already conceded that the administrative remedies for the claims in the following paragraphs of Defendants' statement of uncontested material facts have not been exhausted: Paragraphs 263, 269, 271, 278, 282, 286, 287, 291, 294, 305, 316, 319, 332, 333, 338, 350, 352, 354, 368, 373, 377, 383, 388, 397, 400–06, 411, 412, and 415. R. Doc. 531-1. The Court has already granted summary judgment with respect to the claims in these paragraphs and dismissed these claims, some with prejudice and some without prejudice. *See supra* Part II.A.

[84] *LeTourneau*, 298 F.3d at 352.

[85] *Liberty Life Assur. Co. of Boston v. Kennedy*, 358 F.3d 1295, 1302 (11th Cir. 2004); *Lockhart v. United Mine Workers of Am. 1974 Pension Trust*, 5 F.3d 74, 78 (4th Cir. 1993) (citing *Callahan v. Rouge Steel Co.*, 941 F.2d 456, 460 (6th Cir. 1991)).

[86] *Long*, 2014 WL 4072026, at *3 (citing *Medina*, 983 F.2d at 33); *see also Marcella v. Ochsner Health Sys.*, No. 10-2323, 2010 WL 4553520, at *2 (E.D. La. Oct. 28, 2010).

[87] This applies only to the claims not already addressed *supra* in Part II.A.

whether the applicable time limit for pursuing an appeal has passed. With respect to each claim in Record Document 557-4, Plaintiffs may elect to file an appeal with the Plan Administrator, providing the required authorization form. The Plan Administrator may then determine whether the appeal with the required form is timely under the applicable plan, subject to review by this Court.

III.   WHETHER PLAINTIFFS' STATE-LAW CAUSE OF ACTION FOR BREACH OF CONTRACT FAILS AS A MATTER OF LAW BECAUSE PLAINTIFFS CANNOT ESTABLISH THE NECESSARY ELEMENTS OF AN ORAL CONTRACT UNDER LOUISIANA LAW

To prevail on their state-law cause of action for breach of contract in Count VI of the Fifth Amended Complaint, Plaintiffs have the burden of proving the existence of a contract.[88] Defendants argue they are entitled to summary judgment on Plaintiffs' state-law claims for breach of contract because Plaintiffs have no evidence to establish the existence of a contract.[89]

Defendants first contend Plaintiffs' cause of action fails as a matter of law because Sigma Delta Billing, LLC ("Sigma Delta"), the company that made the calls to Defendants allegedly giving rise to the oral contracts between Plaintiffs and Defendants, did not have the authority to enter into contracts on behalf of Plaintiffs.[90] In their opposition, Plaintiffs point to the sworn declaration of Dr. Sullivan.[91] Dr. Sullivan states in his declaration he is a member and manager of the Center, the Hospital, and Sigma Delta, with an ownership interest in all three.[92] Dr. Sullivan further states that "Sigma Delta Billing, LLC is and always has been authorized to enter into binding contracts on behalf of the Center for

---

[88] *See* LA. CIV. CODE art. 1831.
[89] R. Doc. 499-1 at 18–23.
[90] *Id.* at 19–23.
[91] R. Doc. 531-2.
[92] *Id.* at ¶¶ 1–4.

Restorative Breast Surgery, LLC and St. Charles Surgical Hospital, LLC."[93] Dr. Sullivan's sworn declaration is sufficient to establish a genuine issue of material fact with respect to whether Sigma Delta was authorized to enter into contracts with Defendants on behalf of Plaintiffs.[94] Accordingly, summary judgment on Plaintiff's state-law cause of action for breach of contract is not warranted on this ground.

Defendants next argue that, even if Sigma Delta was authorized to enter into contracts with Defendants on behalf of Plaintiffs, Plaintiffs' cause of action fails as a matter of law because Plaintiffs cannot establish the elements required to prove the existence of an oral contract of which the value exceeds $500.[95] It is undisputed that the value of the alleged oral contracts exceed $500. Louisiana Civil Code article 1846 requires that, when the plaintiff alleges the existence of an oral contract of which "the price or value is in excess of five hundred dollars, the contract must be proved by at least one witness and other corroborating circumstances."[96] "The 'other corroborating circumstances' need only be general in nature; independent proof of every detail of the agreement is not required."[97] The other corroboration, however, must come from a source other than the plaintiff, and it may not result from the plaintiff's own actions.[98] Whether there are corroborating circumstances sufficient to establish an oral contract is a question of fact.[99]

---

[93] *Id.* at ¶ 12.

[94] When assessing whether a material factual dispute exists, the Court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." *Delta*, 530 F.3d at 398. All reasonable inferences are drawn in favor of the non-moving party. *Little*, 37 F.3d at 1075.

[95] R. Doc. 499-1 at 23.

[96] LA. CIV. CODE art. 1846; *see also Suire v. Lafayette City-Par. Consol. Gov't*, 2004-1459 (La. 4/12/05), 907 So. 2d 37, 58.

[97] *Suire*, 907 So. 2d at 58.

[98] *Id.*; *Kilpatrick v. Kilpatrick*, 27,241 (La. App. 2 Cir. 8/23/95), 660 So. 2d 182, 185, *writ denied*, 95-2579 (La. 12/15/95), 664 So. 2d 444.

[99] *See Lakewood Estates Homeowner's Ass'n, Inc. v. Markle*, 2002-1864 (La. App. 4 Cir. 4/30/03), 847 So. 2d 633, 638, *writ denied sub nom. Lakewood Estate Homeowner's Ass'n, Inc. v. Markle*, 2003-1511 (La. 9/26/03), 854 So. 2d 362; *Deubler Elec. Inc. v. Knockers of Louisiana, Inc.*, 95-372 (La. App. 5 Cir. 11/15/95), 665 So. 2d 481, 484.

Defendants argue Plaintiffs lack evidence of "corroborating circumstances" to support the existence of the alleged oral contracts.[100]

Plaintiffs have failed to come forward with any summary-judgment evidence of corroborating circumstances from a source other than Plaintiffs. In their opposition, Plaintiffs do not even address Defendants' argument that Plaintiffs lack evidence of corroborating circumstances.[101] Defendants re-urge their argument in their reply memorandum, and Plaintiffs provide only the following response:

> Defendants' arguments regarding corroborating circumstances asks this Court to turn a blind eye of the hundreds of letters, appeals, inquiries which resulted from the oral contracts. There is also the uncomfortable fact that the surgery and hospitalizations themselves show that a bargain was made and Plaintiffs performed their part of that bargain, *i.e.*, they conducted surgery and hospitalized Defendants' insureds.[102]

This, however, is insufficient for Plaintiffs to meet their burden on summary judgment, as Plaintiffs fail to provide any competent summary-judgment evidence to corroborate their contention that there was an oral contract. Reference to the alleged surgeries Plaintiffs performed as well as the letters and inquiries Plaintiffs sent to Defendants is insufficient, as the corroborating circumstances "may not result from the [plaintiffs'] own actions."[103]

Plaintiffs do not offer any evidence from another source to establish corroborating circumstances of the alleged contract.[104] "[W]ithout the necessary corroborating evidence, a claimant's testimony, standing alone, is insufficient to prove the existence or

---

[100] R. Doc. 499-1 at 23.
[101] *See* R. Doc. 531.
[102] R. Doc. 543.
[103] *Kilpatrick*, 660 So. 2d at 185.
[104] The Court reiterates that "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment." *Ragas*, 136 F.3d at 458 (internal quotation marks omitted).

amendment of an oral contract."[105] Defendants' motion for summary judgment on Plaintiffs' state-law cause of action for breach of contract in Count VI is granted.

## CONCLUSION

For the foregoing reasons;

**IT IS ORDERED** that the motion for summary judgment is **GRANTED IN PART** and **DENIED IN PART** as set forth below.[106]

**IT IS FURTHER ORDERED** that Defendants' motion for summary judgment with respect to Claim C686 identified in Section I, Paragraph 31 of Defendants' statement of uncontested material facts[107] is **GRANTED** without objection. This claim is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Defendants' motion for summary judgment with respect to the claims identified in Section I, Paragraphs 1–30 and 32–171 of Defendants' statement of uncontested material facts[108] is **GRANTED**. These claims are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Defendants' motion for summary judgment with respect to the claims identified in Section II and III, Paragraphs 172–253 of Defendants' statement of uncontested material facts,[109] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' motion for summary judgment with respect to the claims identified in Section IV, Paragraphs 254–433 of Defendants' statement of uncontested material facts[110] is **GRANTED**. Those claims listed in Court

---

[105] *Biedenharn v. Culp*, 39,680 (La. App. 2 Cir. 8/26/05), 911 So. 2d 313, 319, *writ denied*, 2005-2459 (La. 5/5/06), 927 So. 2d 308.

[106] R. Doc. 499.

[107] R. Doc. 499-2 at 16.

[108] *Id.* at 6–77.

[109] *Id.* at 77–114.

[110] *Id.* at 114–177.

28

Table One are **DISMISSED WITH PREJUDICE.** Those claims listed in Court Table Two are **DISMISSED WITHOUT PREJUDICE** and the claims are remanded to the applicable Plan Administrator.

**IT IS FURTHER ORDERED** that Claims C194 in Paragraph 259, C549 in Paragraph 313, and C1398 in Paragraph 394 of Section IV of the Defendants' statement of uncontested material facts are **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that Claim C1024 in Paragraph 346 of Section IV of the Defendants' statement of uncontested material facts is **DISMISSED WITHOUT PREJUDICE**, and the claim is remanded to the applicable Plan Administrator.

**IT IS FURTHER ORDERED** that the claims identified in Record Document 557-4 not already addressed elsewhere in this Order are **DISMISSED WITHOUT PREJUDICE**, and the claims are remanded to the applicable Plan Administrator.

**IT IS FURTHER ORDERED** that Plaintiffs' state-law cause of action for breach of contract in Count VI of the Fifth Amended Complaint is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the parties file an amended Exhibit I to the Fifth Amended Complaint by **September 2, 2016**, to reflect the rulings contained in this Order. If the parties cannot agree on the disposition of any claim as a result of this Order, Defendants have until **September 9, 2016**, to file a supplemental memorandum identifying each claim Defendants argue is subject to summary judgment based on this Order. Defendants must provide competent summary-judgment evidence to demonstrate why Defendants are entitled to summary judgment on each disputed claim. Plaintiffs have until **September 16, 2016**, to file an opposition to Defendants' supplemental memorandum. Plaintiffs must provide competent summary-judgment evidence to

29

support any contested dates or establish other material facts with respect to each claim identified by Defendants.

**New Orleans, Louisiana, this 10th day of August, 2016.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**