UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CENTER FOR RESTORATIVE BREAST SURGERY, L.L.C., ET AL.,**     Plaintiffs | **CIVIL ACTION** |
| **VERSUS** | **NO. 11-806** |
| **BLUE CROSS BLUE SHIELD OF LOUISIANA, ET AL.,**     Defendants | **SECTION: "E" (5)** |

## ORDER AND REASONS

Before the Court is Defendants' Motion for Reconsideration.[1] On September 19, 2016, the Court granted in part and denied in part Defendants' motion for partial summary judgment.[2] In the Defendants' motion, they ask the Court to reconsider several of its rulings under Rule 59(e) of the Federal Rules of Civil Procedure.

Preliminarily, the Court notes that a number of the ERISA claims addressed in the Court's Order and Reasons with respect to the Defendants' motion for partial summary judgment filed August 1, 2016 had been dismissed by prior orders of the Court. To the extent the motion requests reconsideration with respect to the dismissal with prejudice of ERISA claims for claim lines C1047, H930, H483, C47, C48, C87, H76, C143, C670, C825, C826, C827, C828, C829, C1006, C1007, C679, H632, C92, and C93, the motion is granted and these claims are dismissed with prejudice.

A motion for reconsideration pursuant to Rule 59(e) of the Federal Rules of Civil Procedure "must clearly establish either a manifest error of law or fact or must present newly discovered evidence and cannot be used to raise arguments which could, and

---

[1] R. Doc. 589.
[2] R. Doc. 585.

1

should, have been made before the judgment issued."[3] A motion for reconsideration, however, "is 'not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of [the order].'"[4] "The Court is mindful that '[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly.'"[5] "When there exists no independent reason for reconsideration other than mere disagreement with a prior order, reconsideration is a waste of judicial time and resources and should not be granted."[6]

In deciding motions under the Rule 59(e) standards, the courts in this district have considered the following factors:

(1) whether the movant demonstrates the motion is necessary to correct manifest errors of law or fact upon which the judgment is based;

(2) whether the movant presents new evidence;

(3) whether the motion is necessary in order to prevent manifest injustice; and

(4) whether the motion is justified by an intervening change in the controlling law.[7]

In support of their motion for reconsideration, the Defendants argue that reconsideration of the Court's order is necessary to correct manifest errors of law.

First, the Defendants contend that an error of law was committed with respect to

---

[3] *Schiller v. Physicians Resource Group Inc.*, 342 F.3d 563, 567 (5th Cir. 2003) (citations omitted) (internal quotation marks omitted).
[4] *Lacoste v. Pilgrim Int'l*, No. 07-2904, 2009 WL 1565940, at *8 (E.D. La. June 3, 2009) (Vance, J.) (quoting *Templet v. HydroChem Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004)).
[5] *Castrillo v. Am. Home Mortg. Servicing, Inc.*, No. 09-4369, 2010 WL 1424398, at *4 (alteration in original) (quoting *Templet,* 367 F.3d at 479).
[6] *Lightfoot v. Hartford Fire Ins. Co.*, No. 07-4833, 2012 WL 711842, at *3 (E.D. La. Mar. 5, 2012) (Brown, J.).
[7] *Castrillo*, 2010 WL 1424398, at *4. The Court notes that the time limits of Rule 59 do not apply in this matter because the order appealed is interlocutory. Rules 59 and 60 set forth deadlines for seeking reconsideration of final judgments. *See Carter v. Farmers Rice Milling Co., Inc.*, 33 F. App'x 704 (5th Cir. 2002); *Lightfoot*, 2012 WL 711842, at *2.

the standard of review for motions for summary judgment. At trial on the ERISA claims, the Plaintiffs will bear the burden of proving that the plan administrators' interpretations of the plans were not legally correct using three factors: "(1) whether the administrator has given the plan a uniform construction, (2) whether the interpretation is consistent with a fair reading of the plan, and (3) any unanticipated costs resulting from different interpretations of the plan."[8] Because the Plaintiffs will bear the burden of persuasion at trial, the Court found that the Defendants as movants could satisfy their burden of production on summary judgment by either (1) submitting affirmative evidence negating an essential element of the nonmovant's claim, or (2) affirmatively demonstrating there is no evidence in the record to establish an essential element of nonmovant's claim.[9] The Defendants argue that requiring them to affirmatively demonstrate the lack of evidence at Plaintiffs' disposal or affirmatively negate an element of Plaintiffs' claim is not the correct standard, citing *Celotex Corp. v. Catrett*.[10] Instead, they argue the Plaintiffs will bear the burden of proof at trial and they must "produce specific facts indicating a genuine issue for trial to avoid summary judgment,"[11] presumably even if the movant meets neither method of proving its burden on its motion for summary judgment. This, however, is not the proper standard of the burden of proof for a movant on summary judgment. It is clear under Fifth Circuit precedents that the movant must either submit affirmative evidence to negate an essential element of the nonmovant's claim or demonstrate there is no evidence in the record to establish an essential element of the nonmovant's claim.[12] This does not mean the movant has to submit affidavits or new

---

[8] R. Doc. 585 at 10 (citing *Crowell v. Shell Oil Co.*, 541 F.3d 295, 312 (5th Cir. 2008)).
[9] R. Doc. 585 at 5–6.
[10] R. Doc. 589-1 at 4.
[11] R. Doc. 589-1 at 5.
[12] *See St. Amant v. Benoit*, 806 F.2d 1294, 1297 (5th Cir. 1987) (citing Justice Brennan's statement of the

evidence on its own, but the movant may instead premise its summary judgment motion on an attack of the nonmovant's evidence by reviewing for the court what evidence exists to show why a judgment for the nonmoving party is not supported.[13] Only after this burden is satisfied does the burden shift to the nonmovant to muster sufficient evidence to dispute the movant's contention that there are no disputed facts.[14] The Court applied the correct standard of review.

Second, the Defendants contend an error of law was committed with respect to the application of the Fifth Circuit's ERISA two-step test to determine whether a plan administrator abused its discretion in construing the terms of a plan.[15] This Court found that, with respect to the first and third factors, the Defendants had not submitted affirmative evidence to show the administrator uniformly applied the exclusion or that a different interpretation would lead to unexpected costs.[16] Neither did the Defendants review the evidence that does exist to show the administrator uniformly applied the exclusion or that a different interpretation would lead to unexpected costs. As a result, the Court held the Defendants as movants on summary judgment had not shown that there are no undisputed issues of material fact with respect to whether the administrator's interpretation of the plan was legally correct, and the Defendants' motion for summary

---

summary judgment standard in *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–24 (1986), and requiring the movants to submit affirmative evidence to negate an essential element of the nonmovant's claim or, alternatively, demonstrate the nonmovant's evidence is insufficient to establish an essential element); *Fano v. O'Neill*, 806 F.2d 1262, 1266 (citing Justice Brennan's dissent in *Celotex*, and requiring the movant to make an affirmative presentation to negate the nonmovant's claims on summary judgment); *see also* 10A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE §2727.1 (2016) ("Although the Court issued a five-to-four decision, the majority and dissent both agreed as to how the summary-judgment burden of proof operates; they disagreed as to how the standard was applied to the facts of the case." (internal citations omitted)).
[13] WRIGHT, MILLER & KANE at § 2727.1.
[14] *First Nat'l Bank of Az. v. Cities Serv. Co.*, 391 U.S. 253, 288–89 (1986).
[15] *Pylant v. Hartfort Life and Acc. Ins. Co.*, 497 F.3d 536, 539–40 (5th Cir. 2007).
[16] R. Doc. 585 at 11.

judgment on Count I was denied. The Defendants argue that, with respect to the determination of the first step of the two-step test, the Court is required to treat the first and third factors as neutral if no evidence has been presented by the movant or the nonmovant. The only Fifth Circuit case on this topic the Court has found is *Tolson v. Avondale Industries, Inc.*[17] In *Tolson*, the Fifth Circuit found that the first factor of the test—uniformity of construction—was neutral because the applicable provisions of the plans had not previously been interpreted in light of claims like those of the plaintiff.[18] Obviously, uniformity of construction could not be a factor in the decision if the provision had never before been interpreted. That is not the situation in the case now before this Court and, as a result, the *Tolson* case is distinguishable. The other cases cited by the Defendants are district court cases involving one patient and one plan. The case before the Court involves many claims and many plans, as well as a multitude of defendants. The Court believes that full consideration of all three factors is the appropriate course under these circumstances.

Third, the Defendants contend that an error of law was committed because the Court did not consider the second step of the Fifth Circuit's two-step analysis.[19] The Defendants argue that, "While the Court need not determine whether an administrator's decision satisfied the first step, the Court cannot avoid consideration of the second step **unless** it finds in the administrator's favor under the first step."[20] The Defendants cite *Porter v. Lowe's Companies, Inc.'s Business Travel Accident Insurance Plan*.[21] In *Porter*, the Fifth Circuit noted that a court "can 'bypass, without deciding, [the issue of] whether

---

[17] 141 F.3d 604 (5th Cir. 1998).
[18] *Id.* at 608.
[19] R. Doc. 589-1 at 10–11.
[20] R. Doc 589-1 at 2 (emphasis in original).
[21] 731 F.3d 360, 364 (5th Cir. 2013).

the Plan Administrator's denial was legally correct, reviewing only whether the Plan Administrator abused its discretion in denying the claim' if that can be 'more readily determine[d].'"[22] Indeed, the Fifth Circuit took that course in the *Porter* case.[23] Importantly, the Fifth Circuit said that the court "can" take this action, not that it must. Sanctioning this course of action under appropriate circumstances is not holding that it must be done in all cases. Due to the large number of claims, the multitude of defendants, and the complex nature of this case, the Court has determined that it is more appropriate to consider fully both steps of the two-step analysis.

Fourth, the Defendants contend that an error of law was committed with respect to the consideration of evidence unsupported by evidence in the summary judgment record.[24] Specifically, the Defendants' complain of the Court's denial of summary judgment based on an exclusion found in some of the plans which precludes coverage for "[a]ny services or supplies for which a Participant is not required to make payment or for which a Participant would have no legal obligation to pay in the absence of this or any similar coverage."[25] Similarly, the Defendants complain that the Court denied summary judgment based on an exclusion in the plan for certain Anthem bellwether patients which states that "[n]o payment will be made . . . for . . . [s]ervices for which you are not legally obligated to pay[,] services for which you are not charged[,] [or] [s]ervices for which no charge is made in the absence of insurance coverage . . . ."[26] The Defendants argue that the Court improperly relied on an assertion in the argument section of Plaintiffs' opposition to the motion for summary judgment that Plaintiffs have not waived the

---

[22] *Id.* (alterations in original).
[23] *Id.*
[24] Doc. 589-2 at 12–13.
[25] R. Doc. 585 at 13.
[26] *Id.*

patients' responsibility to pay and that Plaintiffs intend to balance bill the patients for any amounts not collected from the Defendant.[27] The Court's decision was based on the absence of waiver language in the applicable plans and the Court's finding that the exclusions cited by the Defendants are not triggered. Specifically, these plans provide that, if a patient is not obligated to pay—for example, due to incarceration, or because the patient receives gratuitous service provided by a health organization—the insurance company is not obligated to pay for the service.[28] The services for which payment is sought under the applicable claim lines were not provided for free or to an incarcerated person. The objected-to language found in the Plaintiffs' brief is included in a section providing the alternate basis for the Court's decision that the Defendants as movants failed to meet their burden of showing that the exclusions were triggered by coming forward with evidence that would entitle them to a directed verdict if the evidence went uncontradicted at trial.[29] The Court's decision would remain the same even if the argument were stricken.

Fifth, the Defendants contend an error of law was made with respect to the application of Louisiana law to the Plaintiffs' negligent misrepresentation claims.[30] The Defendants argue that a party claiming negligent misrepresentation must show that he reasonably relied on the alleged misrepresentation, citing *Kadlec Medical Center v. Lakeview Anesthesia Associates*.[31] *Kadlec* does include reasonable reliance as an element to a claim for negligent misrepresentation, but the Louisiana decisions on negligent misrepresentation cited in *Kadlec* all apply the duty-risk analysis applied by the Court in

---

[27] *Id.* at 15–16.
[28] *Id.* at 13.
[29] *Id.* at 14–15.
[30] R. Doc. 589-1 at 14.
[31] 527 F.3d 412 (5th Cir. 2008).

7

this case.[32] The Louisiana Supreme Court has approved of the duty-risk analysis used by this Court.[33] In cases decided after *Kadlec*, the Fifth Circuit also has adopted the duty-risk analysis in negligent misrepresentation claims under Louisiana law.[34] This Court's use of a duty-risk analysis to determine whether there was a negligent misrepresentation is correct and does not constitute an error of law.[35]

Sixth, the Defendants also contend an error of law was made with respect to the Plaintiffs' negligent misrepresentation claim because they had no duty to disclose because no special relationship exists. Louisiana courts have often held that, even when there is "no initial duty to disclose information, once a party volunteers information, it assumes a duty to [e]nsure that the information volunteered is correct."[36] Furthermore, Louisiana courts have held in negligent misrepresentation cases that "one is liable for negligent disclosure if he has superior knowledge."[37] Once the existence of the duty to disclose is established, breach of the duty is a question of fact. The Court found that the record was devoid of any disclosure of the allowable amount or explanation of the method used to calculate the allowable amount. As a result, disputed issues of fact remained with respect to whether Defendants breached their duty not to make material misrepresentations. Denial of the Defendants' motion for summary judgment was appropriate and the Court

---

[32] *See Pastor v. Lafayette Bldg. Ass'n*, 567 So. 2d 793, 796 (La. Ct. App. 3 Cir. 1990); *Cypress Oil Contractors, Inc. v. McGoldrick Oil Co., Inc.*, 525 So. 2d 1157, 1162 (La. Ct. App. 3 Cir. 1998). One of the Fifth Circuit cases relied on by the Defendants includes as an element necessary to prove negligent misrepresentation that the damages must be as a result of justifiable reliance upon the misrepresentation. *Brown v. Forest Oil Corp.*, 29 F.3d 966, 969 (5th Cir. 1994). The Fifth Circuit in *Brown* cites a Louisiana First Circuit opinion in *Busby v. Parish National Bank*, 464 So. 2d 374 (La. Ct. App. 1 Cir. 1985), and *Busby* cites *Braydon v. Melancon*, 462 So. 2d 262 (La. Ct. App. 1 Cir. 1984). *Braydon* lists the elements of a cause of action for negligent misrepresentation as duty, risk and causation. *Id.* at 263. *Braydon* does not require reasonable reliance.
[33] *Daye v. General Motors Corp.*, 720 So. 2d 654, 659 (La. 1998).
[34] *Schaumburg v. State Farm Mut. Auto. Ins. Co.*, 421 Fed. App'x 434 (5th Cir. 2011).
[35] The Louisiana Supreme Court's application of the duty-risk analysis to negligent misrepresentation does not require reasonable reliance. *See, e.g., Daye*, 720 So. 2d 654.
[36] *Kadlec*, 527 F.3d at 419 (internal quotations omitted).
[37] *Schaumburg*, 421 Fed. App'x at 441.

committed no error of law.

The Defendants' motion is **GRANTED IN PART** and **DENIED IN PART**. The motion is granted with respect to the ERISA claims dismissed by prior orders of the Court. The ERISA claims are dismissed with prejudice, for the following claim lines: C1047, H930, H483, C47, C48, C87, H76, C143, C670, C825, C826, C827, C828, C829, C1006, C1007, C679, H632, C92, and C93. Otherwise, the Defendants' motion for reconsideration is **DENIED**.

**New Orleans, Louisiana, this 11th day of October, 2016.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**