UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CENTER FOR RESTORATIVE BREAST SURGERY, L.L.C., ET AL.,**    Plaintiffs | **CIVIL ACTION** |
| **VERSUS** | **NO. 11-806** |
| **BLUE CROSS BLUE SHIELD OF LOUISIANA, ET AL.,**    Defendants | **SECTION: "E" (5)** |

### ORDER AND REASONS

Before the Court is a Motion to Enforce Settlement Agreement filed by Defendant USAble Mutual Insurance Company, doing business as Arkansas Blue Cross and Blue Shield ("USAble").[1] For the following reasons, the USAble's motion is **GRANTED**.

On August 22, 2016, USAble sent an email to Plaintiffs' counsel, which included an offer to settle the Plaintiff's claims against USAble and the terms of the settlement proposal.[2] The email offered to settle and release the claims in Exhibit 1 to the Fifth Amended Complaint, the claims identified in the March 29, 2016 spreadsheet provided by the Plaintiffs, which contained an additional sixteen patient claims not identified in the Fifth Amended complaint, and any claims that had been or could have been asserted by the Plaintiffs as of the time of settlement.[3] On August 23, 2016, Plaintiffs' counsel sent an email indicating the offer was accepted.[4] The Plaintiffs do not dispute the facts as set forth by USAble.

The burden of proving the invalidity of a settlement agreement lies with the party

---

[1] R. Doc. 591.
[2] R. Doc. 591-1 at 5–6 (sealed document).
[3] R. Doc. 591-1 at 5.
[4] R. Doc. 591-1 at 7.

1

attacking the agreement—in this case, the Plaintiffs.[5] The Plaintiffs have not carried this burden, as the terms of the offer to compromise were clearly expressed, and Plaintiffs' counsel gave an unequivocal acceptance.[6] The Plaintiffs are correct that Louisiana law requires a compromise to be in writing or recited in open court.[7] This writing requirement may be satisfied by emails.[8]

    The Plaintiff argues settlement correspondence between only attorneys is not sufficient to bind the parties, citing *Regions Bank v. Cabinet Works, LLC*.[9] *Regions Bank*, however, is easily distinguishable from this case. In *Regions Bank*, counsel engaged in email correspondence to determine whether there was an agreement to compromise a promissory note.[10] The Louisiana Fifth Circuit held that because counsel "contemplated further discussion and negotiation regarding [the] terms of the release agreement," no compromise had been reached.[11] The court reasoned all terms of the settlement had not been agreed upon, specifically the scope of the release, so there was no enforceable compromise.[12] In this case, the parties' correspondence specifically identified both the amount USAble would pay and the scope of the release by the Plaintiffs.[13]

---

[5] *Klebanoff v. Haberle*, 978 So. 2d 598, 602 (La. Ct. App. 2 Cir. 3/19/08) (citing *Rivett v. State Farm*, 508 So. 2d 1356 (La. 1987) ("Compromises are favored in the law, and the burden of proving the invalidity of such an agreement lies with the party attacking it."); *Kelly v. Owens*, 698 So. 2d 757, 759 (La. Ct. App. 2 Cir. 8/20/97).
[6] R. Doc. 591-1 at 7.
[7] R. Doc. 603 at 1. Louisiana Civil Code article 3072 states "A compromise shall be made in writing or recited in open court, in which case the recitation shall be susceptible of being transcribed from the record of the proceedings." LA. CIV. CODE art. 3072.
[8] *See* LA. REV. STAT. ANN. § 9:2607(B) ("A contract may not be denied legal effect or enforceability solely because an electronic record was used in its formation."); *id*. at § 9:2607(C) ("If a law requires a record to be in writing, an electronic record satisfies the law."); *see also Seals v. Herzing, Inc. – New Orleans*, No. 10-2848, 2012 WL 85280 at *3, n.3 (E.D. La. 2012).
[9] R. Doc. 603 at 1; *Regions Bank v. Cabinet Works, LLC*, 92 So. 3d 945 (La. Ct. App. 5 Cir. 4/10/12).
[10] *Regions Bank*, 92 So. 3d at 950–56.
[11] *Id*. at 956.
[12] *Id*.
[13] R. Doc. 591-1 at 3.

A binding settlement agreement may be signed by the parties or their agents.[14] Plaintiffs' counsel had authority to bind his clients, as the electronic record shows counsel discussed the settlement offer with his clients before confirming acceptance on his clients' behalf.[15] Using this authority, Plaintiffs' counsel clearly and expressly accepted USAble's August 22, 2016 offer.

The Plaintiffs also argue there was confusion as to the breadth of the offer, which precludes a finding that there was a meeting of the minds, and therefore a valid compromise.[16] Under Louisiana law, to invalidate an otherwise-enforceable agreement, the party attacking the validity of the agreement must prove there was a mutual mistake.[17] After USAble's August 22, 2016 offer, Plaintiffs' counsel sent emails confirming the acceptance of USAble's terms after consulting with his clients.[18] The Plaintiffs' claims of confusion, therefore, are not credible. USAble's August 22, 2016 email clearly set out the terms of the agreement, which the Plaintiffs acknowledged and accepted through a course of emails.[19] There was, therefore, no mutual mistake, or even a mistake made only by the Plaintiffs.

The Court finds there was a meeting of the minds and the legal requirements for an enforceable settlement agreement were met. The settlement agreement between USAble and Plaintiffs Center for Restorative Breast Surgery and St. Charles Surgical Hospital set forth in the parties' correspondence of August 22 and August 23, 2016 is a

---

[14] *Sullivan v. Sullivan*, 671 So. 2d 315, 317–18 (La. 1996); *Dozier v. Rhodus*, 17 So. 3d 402, 408 (La. Ct. App. 1 Cir. 5/5/09).
[15] R. Doc. 591-1 at 7.
[16] R. Doc. 603 at 2.
[17] *Klebanoff*, 978 So. 2d at 602; *Hall Ponderosa, LLC v. Petrohawk Properties, LP*, 90 So. 3d 512, 518 (La. Ct. App. 3 Cir. 4/4/12).
[18] R. Doc. 591-1 at 7.
[19] R. Doc. 591-1 at 7–8.

3

valid, binding, and enforceable agreement to compromise. Plaintiffs have released and relinquished (1) the claims that had been or could have been brought by Plaintiffs against USAble as of the date of this Order, (2) the patient claims in Exhibit 1 to the Fifth Amended complaint, and (3) the patient claims identified in the March 29, 2016 spreadsheet Plaintiffs provided to USAble.[20]

Accordingly;

**IT IS ORDERED** that USAble's Motion to Enforce Settlement Agreement be and is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that the terms of the compromise set forth in the correspondence of August 22 and August 23, 2016 are enforced.

**IT IS FURTHER ORDERED** that Plaintiffs provide their tax identification information to USAble within five business days of this Order. USAble must provide to Plaintiffs the payment set forth in USAble's August 22, 2016 settlement proposal letter within ten business days of its receipt of Plaintiffs' tax identification information. Upon payment to Plaintiffs of the amount set forth in the settlement proposal letter, USAble may file a motion to dismiss the Plaintiffs' claims with prejudice.

**New Orleans, Louisiana, this 13th day of October, 2016.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[20] These claims are listed in a chart attached to USAble's motion. R. Doc. 591-3 at 3.