UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

THE CENTER FOR RESTORATIVE
BREAST SURGERY, L.L.C., ET AL.,

            Plaintiffs,

CIVIL ACTION NO. 11-806

VERSUS

SECTION E (MORGAN)

BLUE CROSS BLUE SHIELD OF
LOUISIANA, ET AL.,

           Defendants

MAGISTRATE 5 (NORTH)


## GENERAL INSTRUCTIONS

1.      YOU HAVE HEARD THE EVIDENCE IN THIS CASE.  I WILL NOW INSTRUCT YOU ON THE LAW THAT YOU MUST APPLY. IN ANY JURY TRIAL, THERE ARE, IN EFFECT, TWO JUDGES. I AM ONE OF THE JUDGES; THE OTHER IS YOU THE JURY. IT IS MY DUTY TO PRESIDE OVER THE TRIAL AND TO DETERMINE WHAT TESTIMONY AND OTHER EVIDENCE IS ADMISSIBLE UNDER THE LAW FOR YOUR CONSIDERATION. IT IS ALSO MY DUTY AT THE END OF THE TRIAL TO INSTRUCT YOU ON THE LAW APPLICABLE TO THIS CASE. IT IS YOUR DUTY TO FOLLOW THE LAW AS I SHALL STATE IT TO YOU. YOU MUST APPLY THAT LAW TO THE FACTS AS YOU FIND THEM FROM THE EVIDENCE IN THE CASE. YOU ARE NOT TO SINGLE OUT ONE INSTRUCTION ALONE AS STATING THE LAW, BUT MUST CONSIDER THE INSTRUCTIONS AS A WHOLE.

2.      DO NOT CONSIDER ANY STATEMENT THAT I HAVE MADE IN THE COURSE OF TRIAL OR MAKE IN THESE INSTRUCTIONS AS AN INDICATION THAT I HAVE

ANY OPINION ABOUT THE FACTS OF THIS CASE. IF I HAVE GIVEN YOU THE IMPRESSION DURING THE TRIAL THAT I FAVOR EITHER PARTY, YOU MUST DISREGARD THAT IMPRESSION. YOU ARE THE SOLE JUDGES OF THE FACTS OF THIS CASE. OTHER THAN MY INSTRUCTIONS TO YOU ON THE LAW, YOU SHOULD DISREGARD ANYTHING I MAY HAVE SAID OR DONE DURING THE TRIAL IN ARRIVING AT YOUR VERDICT.

**3.**    THE TESTIMONY OF THE WITNESSES, THE EXHIBITS INTRODUCED INTO EVIDENCE, AND ANY STIPULATIONS BY THE PARTIES CONSTITUTE THE EVIDENCE. YOU HAVE HEARD THE CLOSING ARGUMENTS OF THE ATTORNEYS. THE STATEMENTS OF COUNSEL ARE NOT EVIDENCE; THEY ARE ONLY ARGUMENTS. IT IS IMPORTANT FOR YOU TO DISTINGUISH BETWEEN THE ARGUMENTS OF COUNSEL AND THE EVIDENCE ON WHICH THOSE ARGUMENTS REST.

**4.**    WHAT THE LAWYERS SAY OR DO IS NOT EVIDENCE. YOU MAY, HOWEVER, CONSIDER THEIR ARGUMENTS IN LIGHT OF THE EVIDENCE THAT HAS BEEN ADMITTED AND DETERMINE WHETHER THE EVIDENCE ADMITTED IN THIS TRIAL SUPPORTS THE ARGUMENTS. YOU MUST DETERMINE THE FACTS FROM ALL THE TESTIMONY THAT YOU HAVE HEARD AND THE OTHER EVIDENCE SUBMITTED. YOU ARE THE JUDGES OF THE FACTS, BUT IN FINDING THOSE FACTS, YOU MUST APPLY THE LAW AS I INSTRUCT YOU.

YOU ARE REQUIRED BY LAW TO DECIDE THE CASE IN A FAIR, IMPARTIAL, AND UNBIASED MANNER, BASED ENTIRELY ON THE LAW AND ON THE EVIDENCE PRESENTED TO YOU IN THE COURTROOM. YOU MAY NOT BE INFLUENCED BY PASSION, PREJUDICE, OR SYMPATHY YOU MIGHT HAVE FOR THE PLAINTIFFS OR THE DEFENDANTS IN ARRIVING AT YOUR VERDICT.

6.    ANSWER EACH QUESTION FROM THE FACTS AS YOU FIND THEM. DO NOT DECIDE WHO YOU THINK SHOULD WIN AND THEN ANSWER THE QUESTIONS ACCORDINGLY. YOUR ANSWERS AND YOUR VERDICT MUST BE UNANIMOUS.

7.    THE FACT THAT A PERSON OR COMPANY HAS BROUGHT A LAWSUIT AND IS IN COURT SEEKING DAMAGES CREATES NO INFERENCE OR PRESUMPTION THAT SUCH PERSON IS ENTITLED TO A JUDGMENT FOR ANY AMOUNT AT ALL. ANYONE MAY MAKE A CLAIM, AND THE FACT OF MAKING THE CLAIM BY IN ITSELF IN NO WAY TENDS TO ESTABLISH IT. LIKEWISE THE FACT THAT A DEFENDANT RAISES A DEFENSE CREATES NO INFERENCE OR PRESUMPTION THAT THE DEFENSE HAS MERIT.

8.    DO NOT LET BIAS, PREJUDICE OR SYMPATHY PLAY ANY PART IN YOUR DELIBERATIONS. A CORPORATION IS CONSIDERED A PERSON UNDER THE LAW. A CORPORATION AND ALL OTHER PERSONS ARE EQUAL BEFORE THE LAW AND MUST BE TREATED AS EQUALS IN A COURT OF JUSTICE.

9.    AS I HAVE TOLD YOU, THIS CASE INVOLVES CLAIMS OF NEGLIGENT MISREPRESENTATION. THE PLAINTIFFS ARE THE CENTER FOR RESTORATIVE BREAST SURGERY, LLC AND ST. CHARLES SURGICAL HOSPITAL. THROUGHOUT THESE INSTRUCTIONS, I WILL REFER TO THE CENTER FOR RESTORATIVE BREAST SURGERY AS "THE CENTER" AND I WILL REFER TO ST. CHARLES SURGICAL HOSPITAL AS "THE HOSPITAL." WHEN I REFER TO THE CENTER AND HOSPITAL TOGETHER, I WILL CALL THEM "PLAINTIFFS."

10.    THERE ARE FOUR DEFENDANTS IN THIS CASE: (1) LOUISIANA HEALTH SERVICE & INDEMNITY COMPANY, WHICH DOES BUSINESS AS BLUE CROSS AND BLUE SHIELD OF LOUISIANA; (2) BLUE CROSS AND BLUE SHIELD OF ALABAMA; (3) BLUE CROSS & BLUE SHIELD OF MISSISSIPPI; AND (4) BLUE CROSS AND BLUE SHIELD OF NORTH CAROLINA.  THROUGHOUT THESE INSTRUCTIONS, I WILL REFER TO LOUISIANA HEALTH SERVICE & INDEMNITY COMPANY AS "BLUE CROSS LOUISIANA;" I WILL REFER TO BLUE CROSS AND BLUE SHIELD OF ALABAMA AS "BLUE CROSS ALABAMA;"  I WILL REFER TO BLUE CROSS & BLUE SHIELD OF MISSISSIPPI AS "BLUE CROSS MISSISSIPPI;" AND I WILL REFER TO BLUE CROSS AND BLUE SHIELD OF NORTH CAROLINA AS "BLUE CROSS NORTH CAROLINA."

ALTHOUGH THERE ARE FOUR DEFENDANTS IN THIS CASE, IT DOES NOT FOLLOW FROM THIS FACT ALONE THAT IF YOU FIND ONE LIABLE, ALL FOUR ARE LIABLE.  EACH DEFENDANT IS ENTITLED TO A FAIR CONSIDERATION OF THE EVIDENCE, AND IS NOT TO BE PREJUDICED BY THE FACT THAT YOU MAY

RETURN A VERDICT AGAINST ANOTHER DEFENDANT, IF YOU SHOULD IN FACT MAKE SUCH A DETERMINATION.   UNLESS I INDICATE OTHERWISE, ALL INSTRUCTIONS I GIVE YOU GOVERN THE CASE AS TO EACH DEFENDANT.

11.    THE PLAINTIFF IN A CIVIL ACTION, SUCH AS THIS ONE, HAS THE BURDEN OF PROVING EVERY ESSENTIAL ELEMENT OF ITS CLAIM BY A "PREPONDERANCE OF THE EVIDENCE." AS I HAVE TOLD YOU, THERE ARE TWO PLAINTIFFS IN THIS CASE, AND EACH PLAINTIFF BEARS THE BURDEN OF PROVING ITS CASE AGAINST EACH DEFENDANT IT CLAIMS IS LIABLE.  IF, FOR EXAMPLE, YOU FIND THAT THE CENTER HAS PROVED THE LIABILITY OF ONE DEFENDANT, IT DOES NOT FOLLOW FROM THIS FACT ALONE THAT THE CENTER HAS PROVED THE LIABILITY OF ANY OTHER DEFENDANT.   LIKEWISE, IF YOU FIND THAT THE CENTER HAS PROVED THE LIABILITY OF ONE DEFENDANT, IT DOES NOT FOLLOW FROM THIS FACT ALONE THAT THE HOSPITAL HAS PROVED THE LIABILITY OF ANY OF THE DEFENDANTS.

12.    YOU MUST ANSWER ALL QUESTIONS USING A PREPONDERANCE OF THE EVIDENCE STANDARD OF PROOF UNLESS I INSTRUCT YOU OTHERWISE. TO ESTABLISH SOMETHING BY "A PREPONDERANCE OF THE EVIDENCE" MEANS TO PROVE THAT SOMETHING IS MORE LIKELY THAN NOT.  IN OTHER WORDS, AFTER CONSIDERING THE EVIDENCE FOR AND AGAINST A FACT SOUGHT TO BE PROVED, YOU ARE PERSUADED THAT THE FACT IS MORE LIKELY TRUE THAN NOT TRUE.

IF EITHER PLAINTIFF HAS FAILED TO PROVE AN ESSENTIAL ELEMENT OF ITS CLAIM AGAINST A DEFENDANT BY A PREPONDERANCE OF THE EVIDENCE, THEN YOU MUST FIND FOR THE DEFENDANT.

THE MERE FACT THAT PLAINTIFFS HAVE FILED A LAWSUIT AGAINST THE DEFENDANTS DOES NOT RAISE A PRESUMPTION THAT ANY DEFENDANT TO THIS ACTION IS LIABLE TO EITHER PLAINTIFF.

**13.**  IN DETERMINING WHETHER ANY FACT HAS BEEN PROVED BY A PREPONDERANCE OF THE EVIDENCE IN THIS CASE, YOU MAY CONSIDER ONLY THE EVIDENCE IN THIS CASE.  HOWEVER, YOU MAY DRAW SUCH REASONABLE INFERENCES FROM THE TESTIMONY, EXHIBITS, AND STIPULATIONS AS YOU FEEL ARE JUSTIFIED IN THE LIGHT OF COMMON EXPERIENCE.  IN OTHER WORDS, YOU MAY MAKE DEDUCTIONS AND REACH CONCLUSIONS BASED ON THE EVIDENCE THAT REASON AND COMMON SENSE LEAD YOU TO MAKE.

YOU MAY, UNLESS OTHERWISE INSTRUCTED, CONSIDER THE TESTIMONY OF ALL WITNESSES, REGARDLESS OF WHO MAY HAVE CALLED THEM, ALL EXHIBITS RECEIVED IN EVIDENCE, REGARDLESS OF WHO MAY HAVE PRODUCED THEM, THE STIPULATIONS OF THE PARTIES, AND ANY FAIR INFERENCES AND REASONABLE CONCLUSIONS YOU CAN DRAW FROM THE FACTS AND CIRCUMSTANCES THAT HAVE BEEN PROVEN.

GENERALLY SPEAKING, THERE ARE TWO TYPES OF EVIDENCE. ONE IS DIRECT EVIDENCE, SUCH AS TESTIMONY OF AN EYEWITNESS. THE OTHER IS INDIRECT OR CIRCUMSTANTIAL EVIDENCE. CIRCUMSTANTIAL EVIDENCE IS EVIDENCE THAT PROVES A FACT FROM WHICH YOU CAN LOGICALLY CONCLUDE ANOTHER FACT EXISTS. AS A GENERAL RULE, THE LAW MAKES NO DISTINCTION BETWEEN DIRECT AND CIRCUMSTANTIAL EVIDENCE, BUT SIMPLY REQUIRES THAT YOU FIND THE FACTS FROM A PREPONDERANCE OF ALL THE EVIDENCE, BOTH DIRECT AND CIRCUMSTANTIAL.

14.    YOU ALONE ARE TO DETERMINE THE QUESTIONS OF CREDIBILITY OR TRUTHFULNESS OF THE WITNESSES.  IN EVALUATING THE TESTIMONY OF THE WITNESSES, YOU MAY CONSIDER THE WITNESS'S MANNER AND DEMEANOR ON THE WITNESS STAND, ANY FEELINGS OR INTEREST IN THE CASE, OR ANY PREJUDICE OR BIAS ABOUT THE CASE, THAT HE OR SHE MAY HAVE, AND THE CONSISTENCY OR INCONSISTENCY OF HIS OR HER TESTIMONY CONSIDERED IN THE LIGHT OF THE CIRCUMSTANCES.  HAS THE WITNESS BEEN CONTRADICTED BY OTHER CREDIBLE EVIDENCE?  HAS HE OR SHE MADE STATEMENTS AT OTHER TIMES AND PLACES CONTRARY TO THOSE MADE HERE ON THE WITNESS STAND?  YOU MUST GIVE THE TESTIMONY OF EACH WITNESS THE CREDIBILITY THAT YOU THINK IT DESERVES.

EVEN THOUGH A WITNESS MAY BE AFFILIATED WITH A PARTY TO THE ACTION, AND THEREFORE INTERESTED IN ITS OUTCOME, THE TESTIMONY MAY BE ACCEPTED IF IT IS NOT CONTRADICTED BY DIRECT EVIDENCE OR BY ANY

INFERENCE THAT MAY BE DRAWN FROM THE EVIDENCE, IF YOU BELIEVE THE TESTIMONY.

YOU ARE NOT TO DECIDE THIS CASE BY COUNTING THE NUMBER OF WITNESSES WHO HAVE TESTIFIED ON THE OPPOSING SIDES. WITNESS TESTIMONY IS WEIGHED; WITNESSES ARE NOT COUNTED. THE TEST IS NOT THE RELATIVE NUMBER OF WITNESSES, BUT THE RELATIVE CONVINCING FORCE OF THE EVIDENCE. THE TESTIMONY OF A SINGLE WITNESS IS SUFFICIENT TO PROVE ANY FACT, EVEN IF A GREATER NUMBER OF WITNESSES TESTIFIED TO THE CONTRARY, IF AFTER CONSIDERING ALL OF THE OTHER EVIDENCE, YOU BELIEVE THAT WITNESS.

**15.**    IN DETERMINING THE WEIGHT TO GIVE TO THE TESTIMONY OF A WITNESS, CONSIDER WHETHER THERE WAS EVIDENCE THAT AT SOME OTHER TIME THE WITNESS SAID OR DID SOMETHING, OR FAILED TO SAY OR DO SOMETHING, THAT WAS DIFFERENT FROM THE TESTIMONY GIVEN AT THE TRIAL.

A SIMPLE MISTAKE BY A WITNESS DOES NOT NECESSARILY MEAN THAT THE WITNESS DID NOT TELL THE TRUTH AS HE OR SHE REMEMBERS IT. PEOPLE MAY FORGET SOME THINGS OR REMEMBER OTHER THINGS INACCURATELY. IF A WITNESS MADE A MISSTATEMENT, YOU NEED TO CONSIDER WHETHER THAT MISSTATEMENT WAS AN INTENTIONAL FALSEHOOD OR SIMPLY A LAPSE OF

MEMORY, AND THAT MAY DEPEND ON WHETHER IT HAS TO DO WITH AN
IMPORTANT FACT OR WITH ONLY AN UNIMPORTANT DETAIL.

YOU ARE NOT, OF COURSE, BOUND TO BELIEVE SOMETHING MERELY
BECAUSE SOMEONE SWORE TO IT, BECAUSE WE ALL KNOW THAT A PERSON CAN
SWEAR TO AN UNTRUTH IF ONE HAS THE WILL TO DO SO.

16.    DURING THE COURSE OF THE TRIAL, TRANSCRIPTS OF RECORDING OF
TELEPHONE CONVERSATIONS WERE RECEIVED IN EVIDENCE.  THE PARTIES
HAVE STIPULATED THAT THE TRANSCRIPTS RECEIVED IN EVIDENCE
ACCURATELY REFLECT THE CONTENT OF THE RECORDED TELEPHONE
CONVERSATIONS AND THE IDENTITY OF THE SPEAKERS, AND YOU MAY REGARD
THE TRANSCRIPTS AS THE PRIMARY EVIDENCE OF THE CONTENTS OF THE
RECORDINGS.

17.    BECAUSE THE PLAINTIFFS BEAR THE BURDEN OF PROVING THEIR CASE
BY A PREPONDERANCE OF THE EVIDENCE, A DEFENDANT IS NOT REQUIRED TO
INTRODUCE ANY EVIDENCE OR TO CALL ANY WITNESSES.  ACCORDINGLY, YOU
MAY NOT DRAW ANY INFERENCE FROM THE FACT THAT A DEFENDANT HAS
ELECTED TO NOT PRESENT WITNESS TESTIMONY.  RATHER, AS I TOLD YOU
EARLIER, YOU MUST BASE YOUR DECISION ON THE TESTIMONY PRESENTED IN
COURT, THE DOCUMENTS AND OTHER EXHIBITS ADMITTED INTO EVIDENCE,
STIPULATIONS OF FACT BY THE PARTIES, AND ANY FAIR INFERENCES AND

REASONABLE CONCLUSIONS YOU CAN DRAW FROM THE FACTS AND CIRCUMSTANCES THAT HAVE BEEN PROVEN.

**18.**   A "STIPULATION" OCCURS WHEN BOTH THE PLAINTIFFS AND DEFENDANTS AGREE THAT SOMETHING IS ACCURATE.  WHEN THERE IS NO DISPUTE ABOUT CERTAIN FACTS, THE ATTORNEYS MAY AGREE TO OR "STIPULATE" AS TO THOSE FACTS.  YOU MUST THEREFORE TREAT THE FACTS SHOWN ON COURT EXHIBIT 1 AS HAVING BEEN PROVEN HERE IN COURT. THESE FACTS HAVE BEEN STIPULATED TO BY PLAINTIFFS AND DEFENDANTS, AND THEY ARE TO BE ACCEPTED BY YOU AS BEING TRUE.

**19.**   DURING THE COURSE OF TRIAL YOU MAY HAVE HEARD OBJECTIONS TO EVIDENCE.  IT IS THE DUTY OF THE ATTORNEYS ON EACH SIDE OF A CASE TO OBJECT WHEN THE OTHER SIDE OFFERS TESTIMONY OR OTHER EVIDENCE WHICH THE ATTORNEY BELIEVES IS NOT PROPERLY ADMISSIBLE ACCORDING TO LAW.   YOU SHOULD NOT DRAW ANY INFERENCE AGAINST, OR SHOW ANY PREJUDICE AGAINST, A LAWYER OR HIS CLIENT BECAUSE OF THE MAKING OF AN OBJECTION.

UPON ALLOWING TESTIMONY OR OTHER EVIDENCE TO BE INTRODUCED OVER THE OBJECTION OF AN ATTORNEY, THE COURT DOES NOT, UNLESS EXPRESSLY STATED, INDICATE ANY OPINION AS TO THE WEIGHT OR EFFECT OF SUCH EVIDENCE.

WHEN THE COURT HAS SUSTAINED AN OBJECTION TO A QUESTION ADDRESSED TO A WITNESS, THE JURY MUST DISREGARD THE QUESTION ENTIRELY, AND MAY DRAW NO INFERENCE FROM THE WORDING OF IT, OR SPECULATE AS TO WHAT THE WITNESS WOULD HAVE SAID IF PERMITTED TO ANSWER THE QUESTION.

**20.**    ANY NOTES THAT YOU HAVE TAKEN DURING THIS TRIAL ARE ONLY AIDS TO YOUR MEMORY.  IF YOUR MEMORY SHOULD DIFFER FROM YOUR NOTES, THEN YOU SHOULD RELY ON YOUR MEMORY AND NOT ON THE NOTES.  YOUR NOTES, AND NOTES TAKEN BY YOUR FELLOW JURORS, ARE NOT EVIDENCE.  IF YOU HAVE NOT TAKEN NOTES, YOU SHOULD RELY ON YOUR INDEPENDENT RECOLLECTION OF THE EVIDENCE AND SHOULD NOT BE UNDULY INFLUENCED BY THE NOTES OF OTHER JURORS.  NOTES ARE NOT ENTITLED TO ANY GREATER WEIGHT THAN THE RECOLLECTION OR IMPRESSION OF EACH JUROR ABOUT THE TESTIMONY.

## 21. PLAINTIFFS' CLAIM – NEGLIGENT MISREPRESENTATION

I WILL NOW INSTRUCT YOU ON THE PLAINTIFFS' CLAIM.

PLAINTIFFS, CENTER AND HOSPITAL, ALLEGE THAT DEFENDANTS, LOUISIANA HEALTH SERVICE & INDEMNITY COMPANY WHICH DOES BUSINESS AS BLUE CROSS AND BLUE SHIELD OF LOUISIANA, BLUE CROSS AND BLUE SHIELD OF ALABAMA, BLUE CROSS & BLUE SHIELD OF MISSISSIPPI, AND BLUE CROSS AND BLUE SHIELD OF NORTH CAROLINA MADE NEGLIGENT MISREPRESENTATIONS TO THE PLAINTIFFS WHEN THEY CALLED THE DEFENDANTS TO VERIFY THE INSURANCE BENEFITS OF PARTICULAR PATIENTS WHO WERE ABOUT TO UNDERGO MEDICAL TREATMENT BY PLAINTIFFS. SPECIFICALLY, PLAINTIFFS ASSERT THAT DEFENDANTS MISREPRESENTED THE AMOUNT OF BENEFITS TO BE PAID FOR A PATIENT'S SERVICE BY ONLY PROVIDING A "VAGUE REFERENCE POINT OF 'THE ALLOWABLE CHARGE.'"

EACH DEFENDANT COMPLETELY DENIES THE CLAIMS OF THE CENTER AND HOSPITAL. SPECIFICALLY, DEFENDANTS ASSERT THAT THEY FULLY AND ADEQUATELY RESPONDED TO PLAINTIFFS' QUESTIONS DURING THE VERIFICATION CALLS, THAT PLAINTIFFS DID NOT PRESENT ANY INFORMATION THAT REQUIRED THEM TO DISCLOSE INFORMATION BEYOND THAT PROVIDED TO PLAINTIFFS, THAT PLAINTIFFS FAILED TO DISCLOSE THE PURPOSE FOR WHICH THEY INTENDED USE THE VERIFICATION INFORMATION, AND THAT PLAINTIFFS CANNOT DEMONSTRATE ANY HARM RESULTING FROM THE ALLEGED MISREPRESENTATION.

NOTWITHSTANDING THE PARTIES' CONTENTIONS, IT IS FOR YOU, THE JURY, TO DETERMINE THE FACTS IN THIS CASE FROM THE EVIDENCE PRESENTED TO YOU.  I WILL NOW INSTRUCT YOU ON THE SPECIFIC RULES OF LAW APPLICABLE TO PLAINTIFFS' CLAIMS OF NEGLIGENT MISREPRESENTATION.

**A. APPLICABLE LAW – LOUISIANA CIVIL CODE ART. 2315**

ARTICLE 2315 OF THE LOUISIANA CIVIL CODE, ENTITLED LIABILITY FOR ACTS CAUSING DAMAGES, READS:

A. EVERY ACT WHATEVER OF MAN THAT CAUSES DAMAGE TO ANOTHER OBLIGES HIM BY WHOSE FAULT IT HAPPENED TO REPAIR IT.

B. DAMAGES MAY INCLUDE LOSS OF CONSORTIUM, SERVICE, AND SOCIETY, AND SHALL BE RECOVERABLE BY THE SAME RESPECTIVE CATEGORIES OF PERSONS WHO WOULD HAVE HAD A CAUSE OF ACTION FOR WRONGFUL DEATH OF AN INJURED PERSON. DAMAGES DO NOT INCLUDE COSTS FOR FUTURE MEDICAL TREATMENT, SERVICES, SURVEILLANCE, OR PROCEDURES OF ANY KIND UNLESS SUCH TREATMENT, SERVICES, SURVEILLANCE, OR PROCEDURES ARE DIRECTLY RELATED TO A MANIFEST PHYSICAL OR MENTAL INJURY OR DISEASE. DAMAGES SHALL INCLUDE ANY SALES TAXES PAID BY THE OWNER ON THE REPAIR OR REPLACEMENT OF THE PROPERTY DAMAGED.

## B. NEGLIGENT MISREPRESENTATION

IN ORDER TO ESTABLISH A CLAIM FOR NEGLIGENT MISREPRESENTATION, PLAINTIFFS MUST ESTABLISH:

(1) THERE IS A LEGAL DUTY ON THE PART OF THE DEFENDANT TO SUPPLY CORRECT INFORMATION;

(2) THE DEFENDANT BREACHED THAT DUTY; AND

(3) THE BREACH CAUSED DAMAGES TO THE PLAINTIFF.

IF A PLAINTIFF FAILS TO ESTABLISH ANY OF THESE ELEMENTS WITH RESPECT TO ANY DEFENDANT, THEN YOU MUST FIND FOR THAT DEFENDANT.

I WILL NOW EXPLAIN EACH OF THESE ELEMENTS TO YOU.

WITH REGARD TO THE FIRST ELEMENT, WHETHER A DUTY IS OWED IS A QUESTION OF LAW. LOUISIANA LAW PROVIDES THAT DEFENDANTS HAVE A DUTY TO PROVIDE CORRECT INFORMATION TO PLAINTIFFS WHEN VERIFYING A PATIENT'S BENEFITS.

WHETHER A DEFENDANT HAS BREACHED A DUTY IS A QUESTION OF FACT. IN A CLAIM FOR NEGLIGENT MISREPRESENTATION, A DEFENDANT CAN BREACH ITS DUTY TO PROVIDE CORRECT INFORMATION IN TWO WAYS: FIRST, BY FAILING TO PROVIDE CORRECT INFORMATION ABOUT EXISTING FACTS; OR, SECOND, BY OMITTING A MATERIAL FACT TO THE PLAINTIFF.

PLAINTIFFS HAVE STIPULATED THAT DEFENDANTS PROVIDED CORRECT INFORMATION WHEN VERIFYING PATIENT BENEFITS BY TELEPHONE. ACCORDINGLY, THE ISSUE FOR YOU TO DECIDE IS WHETHER ANY OF THE DEFENDANTS FAILED TO DISCLOSE MATERIAL FACTS TO EITHER OF THE PLAINTIFFS.

A FACT IS "MATERIAL" ONLY IF A REASONABLE PERSON WOULD ATTACH IMPORTANCE TO ITS EXISTENCE.

THE SCOPE OF THE DUTY THAT DEFENDANTS OWED TO PLAINTIFFS WAS TO USE REASONABLE CARE AND COMPETENCE IN COMMUNICATING FACTS DURING THE VERIFICATION OF BENEFITS CALL.

TO ESTABLISH THAT A DEFENDANT BREACHED THE DUTY TO PROVIDE CORRECT INFORMATION BY FAILING TO DISCLOSE MATERIAL FACTS, A PLAINTIFF MUST SHOW THAT A DEFENDANT HAD KNOWLEDGE THAT WAS SUPERIOR TO THAT OF THE PLAINTIFF, AND THAT THE DEFENDANT KNEW THE PLAINTIFF WAS RELYING UPON THE DEFENDANT FOR SUCH KNOWLEDGE. IF A PLAINTIFF FAILS TO ESTABLISH BOTH THESE FACTORS WITH RESPECT TO ANY DEFENDANT, THEN YOU MUST FIND FOR THAT DEFENDANT.

IF A PLAINTIFF ESTABLISHES THAT A DEFENDANT BREACHED THE DUTY TO PROVIDE CORRECT INFORMATION, THEN THAT PLAINTIFF MUST SHOW THAT THE FAILURE TO PROVIDE CORRECT INFORMATION WAS THE CAUSE-IN-FACT OF HARM TO THAT PLAINTIFF. STATED DIFFERENTLY, THE PLAINTIFF MUST ESTABLISH THAT "BUT FOR" THE DEFENDANT'S

SUBSTANDARD CONDUCT, THE PLAINTIFF WOULD HAVE SUFFERED NO HARM. IF A PLAINTIFF FAILS TO ESTABLISH THAT A DEFENDANT'S BREACH OF THE DUTY TO PROVIDE CORRECT INFORMATION CAUSED IT HARM, THEN YOU MUST FIND FOR THAT DEFENDANT.

FOR A PLAINTIFF TO SHOW THAT IT WAS DAMAGED BY A DEFENDANT'S BREACH OF THE DUTY TO PROVIDE CORRECT INFORMATION, THE PLAINTIFF MUST SHOW THAT IT CHANGED ITS POSITION BECAUSE OF THE INCORRECT INFORMATION, OR THAT IT WOULD HAVE ACTED DIFFERENTLY HAD IT BEEN SUPPLIED THE CORRECT INFORMATION BY THE DEFENDANT.

TO HOLD A DEFENDANT LIABLE FOR NEGLIGENT MISREPRESENTATION, PLAINTIFF MUST SHOW THAT THE DEFENDANT COULD HAVE REASONABLY FORESEEN THAT PLAINTIFF WOULD HAVE RELIED ON THE STATEMENTS MADE BY THE DEFENDANT.  THE LAW ONLY REQUIRES THAT PRECAUTIONS BE TAKEN AGAINST OCCURRENCES THAT CAN AND SHOULD BE FORESEEN. THE LAW DOES NOT REQUIRE DEFENDANTS TO ANTICIPATE UNUSUAL AND IMPROBABLE OCCURRENCES.

## C. DAMAGES

IF YOU FIND THAT A PLAINTIFF HAS SHOWN, BY A PREPONDERANCE OF THE EVIDENCE, THAT A DEFENDANT BREACHED ITS DUTY TO PROVIDE CORRECT INFORMATION, AND THAT THE BREACH CAUSED DAMAGE TO THE PLAINTIFF, THEN YOU MUST DETERMINE THE AMOUNT OF THE DAMAGES, IF ANY, TO WHICH THE PLAINTIFF IS ENTITLED.

YOU SHOULD NOT INTERPRET THE FACT THAT I HAVE GIVEN INSTRUCTIONS ABOUT DAMAGES AS ANY INDICATION IN ANY WAY THAT I BELIEVE THAT EITHER PLAINTIFF SHOULD, OR SHOULD NOT, WIN THIS CASE, OR BE AWARDED DAMAGES.  I AM INSTRUCTING YOU ON DAMAGES ONLY SO THAT YOU WILL HAVE GUIDANCE IN THE EVENT YOU DECIDE THAT A DEFENDANT IS LIABLE TO A PLAINTIFF, AND THAT PLAINTIFF IS ENTITLED TO RECOVER MONEY AS DAMAGES.  IF YOU FIND NO LIABILITY ON THE PART OF A DEFENDANT, YOU DO NOT GET TO THE QUESTION OF DAMAGES.

ANY AWARD OF DAMAGES MUST BE BASED ON EVIDENCE AND NOT SPECULATION OR GUESSWORK.  ON THE OTHER HAND, A PLAINTIFF NEED NOT PROVE THE AMOUNT OF ITS LOSSES WITH MATHEMATICAL PRECISION, BUT ONLY WITH AS MUCH DEFINITIVENESS AND ACCURACY AS THE CIRCUMSTANCES PERMIT.

THE DAMAGES YOU MAY AWARD IN THIS CASE ARE CALLED COMPENSATORY DAMAGES.  THE PURPOSE OF COMPENSATORY DAMAGES IT TO MAKE A PLAINTIFF WHOLE - THAT IS, TO COMPENSATE THE PLAINTIFF FOR THE DAMAGE THAT PLAINTIFF DEMONSTRATES IT HAS SUFFERED.

YOU MAY AWARD COMPENSATORY DAMAGES ONLY FOR HARM THAT A PLAINTIFF PROVES WERE CAUSED BY A DEFENDANT'S ALLEGED WRONGFUL CONDUCT.  THE DAMAGES THAT YOU AWARD MUST BE FAIR COMPENSATION

FOR ALL OF THE PLAINTIFF'S DEMONSTRATED DAMAGES, NO MORE AND NO LESS.

YOU SHOULD NOT AWARD COMPENSATORY DAMAGES FOR SPECULATIVE HARM, BUT ONLY FOR THE HARM, IF ANY, THAT PLAINTIFF HAS ACTUALLY SUFFERED DUE TO THE DEFENDANT'S ALLEGED WRONGFUL CONDUCT.

IF YOU DECIDE TO AWARD COMPENSATORY DAMAGES, YOU SHOULD BE GUIDED BY DISPASSIONATE COMMON SENSE.  COMPUTING DAMAGES CAN SOMETIMES BE DIFFICULT, BUT YOU MUST NOT LET THAT DIFFICULTY LEAD YOU TO ENGAGE IN ARBITRARY GUESSWORK.

YOU MUST USE SOUND DISCRETION IN FIXING AN AWARD OF DAMAGES, DRAWING REASONABLE INFERENCES WHERE YOU FIND THEM APPROPRIATE FROM THE FACTS AND CIRCUMSTANCES IN EVIDENCE.

A PLAINTIFF MUST MAKE EVERY REASONABLE EFFORT TO MINIMIZE OR REDUCE ITS DAMAGES.  THIS IS REFERRED TO AS "MITIGATION OF DAMAGES." YOU MUST NOT COMPENSATE A PLAINTIFF FOR ANY PORTION OF ITS DAMAGES RESULTING FROM PLAINTIFF'S FAILURE TO MAKE REASONABLE EFFORTS TO REDUCE THOSE DAMAGES.

IN MAKING ANY DAMAGE AWARD, YOU ARE NOT TO CONSIDER ANY ATTORNEYS FEES THAT MAY HAVE BEEN INCURRED BY EITHER PARTY IN

BRINGING OR DEFENDING THIS LAWSUIT.  YOU SHOULD ALSO NOT CONSIDER

WHETHER ANY DAMAGES MAY BE SUBJECT TO INCOME TAX.

## CLOSING INSTRUCTIONS

IT IS YOUR SWORN DUTY AS JURORS TO DISCUSS THE CASE WITH EACH OTHER IN AN EFFORT TO REACH AGREEMENT IF YOU CAN DO SO. EACH OF YOU MUST DECIDE THE CASE FOR YOURSELF, BUT ONLY AFTER FULL CONSIDERATION OF THE EVIDENCE WITH THE OTHER MEMBERS OF THE JURY. WHILE YOU ARE DISCUSSING THE CASE, DO NOT HESITATE TO RE-EXAMINE YOUR OWN OPINION AND CHANGE YOUR MIND IF YOU BECOME CONVINCED THAT YOU ARE WRONG. HOWEVER, DO NOT GIVE UP YOUR HONEST BELIEFS SOLELY BECAUSE THE OTHERS THINK DIFFERENTLY, OR MERELY TO FINISH THE CASE.

REMEMBER THAT YOU ARE THE JUDGES OF THE FACTS. YOUR ONLY INTEREST IS TO SEEK THE TRUTH FROM THE EVIDENCE IN THE CASE.

I HAVE PREPARED A SPECIAL VERDICT FORM FOR YOUR CONVENIENCE AND TO AID YOU IN REACHING A UNANIMOUS DECISION. YOU WILL TAKE THE FORM WITH YOU TO THE JURY ROOM. THE VERDICT MUST REPRESENT THE CONSIDERED JUDGMENT OF EACH JUROR. YOUR VERDICT MUST BE UNANIMOUS ON EACH AND EVERY INTERROGATORY YOU ARE CALLED ON TO DECIDE.

WHEN YOU RETIRE TO THE JURY ROOM TO DELIBERATE ON YOUR VERDICT, YOU MAY TAKE THESE INSTRUCTIONS AND THE EXHIBITS THAT THE COURT HAS ADMITTED INTO EVIDENCE WITH YOU. UPON RETIRING, YOU SHOULD SELECT A FOREPERSON AND BEGIN YOUR DELIBERATIONS. DURING

THOSE DELIBERATIONS, YOU MUST NOT COMMUNICATE WITH OR PROVIDE ANY INFORMATION TO ANYONE BY ANY MEANS ABOUT THIS CASE.  YOU MAY NOT USE ANY ELECTRONIC DEVICE OR MEDIA, SUCH AS A TELEPHONE, CELL PHONE, SMART PHONE, IPHONE, BLACKBERRY OR COMPUTER; THE INTERNET, ANY INTERNET SERVICE, OR ANY TEXT OR INSTANT MESSAGING SERVICE; OR ANY INTERNET CHAT ROOM, BLOG, OR WEBSITE SUCH AS FACEBOOK, MY SPACE, LINKEDIN, YOUTUBE, OR TWITTER, TO COMMUNICATE TO ANYONE ANY INFORMATION ABOUT THIS CASE OR TO CONDUCT ANY RESEARCH ABOUT THIS CASE UNTIL I ACCEPT YOUR VERDICT.  YOU MUST FOLLOW THESE INSTRUCTIONS REGARDING YOUR CONDUCT IF THERE IS A RECESS DURING YOUR DELIBERATIONS.

AFTER YOU HAVE REACHED YOUR UNANIMOUS VERDICT, YOUR FOREPERSON IS TO FILL IN ON THE FORM YOUR ANSWERS TO THE QUESTIONS AND SIGN AND DATE THE FORM.  DO NOT REVEAL YOUR ANSWERS TO THE QUESTIONS UNTIL SUCH TIME AS YOU ARE DISCHARGED, UNLESS OTHERWISE DIRECTED BY ME.  YOU MUST NEVER DISCLOSE TO ANYONE, NOT EVEN TO ME, ANY NUMERICAL DIVISION ON ANY QUESTION.

IF YOU NEED TO COMMUNICATE WITH ME DURING YOUR DELIBERATIONS, THE FOREPERSON SHOULD PREPARE A WRITTEN MESSAGE OR QUESTION AND GIVE IT TO THE MARSHAL, WHO WILL BRING IT TO ME.  I WILL EITHER REPLY IN WRITING OR BRING YOU BACK INTO THE COURT TO RESPOND TO YOUR MESSAGE.  I WILL ALWAYS FIRST DISCLOSE TO THE

ATTORNEYS AND THE PARTIES YOUR MESSAGE AND MY RESPONSE BEFORE I ANSWER YOUR QUESTION.

AFTER YOU HAVE REACHED A VERDICT, YOU ARE NOT REQUIRED TO TALK WITH ANYONE ABOUT THE CASE UNLESS THE COURT ORDERS OTHERWISE.

YOU MAY NOW RETIRE TO THE JURY ROOM TO CONDUCT YOUR DELIBERATIONS.