UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CENTER FOR RESTORATIVE BREAST SURGERY, L.L.C., ET AL. | CIVIL ACTION NO. 11-806 |
| VERSUS | SECTION: "E" (MORGAN) |
| BLUE CROSS BLUE SHIELD OF LOUISIANA, ET AL. | MAGISTRATE 5 (NORTH) |

### AFFIDAVIT OF SCOTT SULLIVAN, M.D.

Now comes Scott Sullivan, M.D., who being first cautioned and sworn deposes and states as follows:

1. I submit this Affidavit in support of *Plaintiff's Rule 56(d) Motion to Allow Time for Limited Discovery.*

2. I am a board-certified Plastic surgeon, dedicated to breast reconstruction for women facing breast cancer.

3. I am a member/manager of the Center for Restorative Breast Surgery, LLC.

4. I am a member/manager of St. Charles Surgical Hospital, LLC.

5. I am a member/manager of Sigma Delta Billing, LLC.

6. Sigma Delta Billing, LLC, was created to determine insurance benefits, acquire authorization from insurance companies, determine insurance payments, bill submissions and for collections.

7. During trial, opposing counsel asked me if the insurance verification calls affected what we do. I answered no, but my testimony was somewhat unclear in the following points: regarding a patient's treatment, the phone calls do not change what we do. However,

the verification calls do affect how we bill and collect from patients, and thus, very directly affects our business entities.

8. The proper disease treatment for any patient is determined by the proven and accepted practices in modern medicine. The patient is thoroughly evaluated by the physician, the physician discusses options of care with the patient, and together, the physician and patient select the best optimum treatment plan.

9. If a patient has cancer, insurance or no insurance, the treatment is the same: remove the cancer.

10. As physicians, we take the Hyppocratic oath and are bound to the covenant to "help and do not harm." I contend that this oath affords Blue Cross Blue Shield the opportunity to take advantage of treating physicians and patients.

11. In our experience with Blue Cross Blue Shield, they have historically only provided Sigma Delta Billing, LLC, with policy benefits and "authorization but not guarantee" of payment." This practice causes significant damage us by incurring costs and the amount of money our businesses have to pay its bills.

12. As a healthcare provider, we rely on fair payment from Blue Cross Blue Shield for our services.

13. As we perform our duties to treat patients, we have no knowledge of what our compensation from Blue Cross Blue Shield will be until many months beyond the date of treatment.

14. Not knowing the amount Blue Cross Blue Shield will pay prior to treatment causes damage to healthcare providers.

15. If the amount was revealed prior to treatment, we would request upfront payment from the patient.

16. Without knowledge of what Blue Cross Blue Shield will reimburse us, it is impossible for us to bill the patient properly.

17. Because we do not know the amount of compensation from Blue Cross Blue Shield for particular patients and cannot adequately bill, we do not receive sufficient funds to cover our services. This causes damage to our business.

18. In the past, Blue Cross Blue Shield determined our services were worth very little, often valued less than the pay for the same procedure performed by in network providers of Blue Cross Blue Shield.

19. We attempted to object to Blue Cross Blue Shield's unfair payments, yet it often lead nowhere.

20. The Blue Cross Blue Shield appeals process is prolonged, extraordinarily biased, expensive, and time consuming. By the time the failed appeals process concludes many months later, it is impossible to return to the patient and demand further payment due to significant underpayment by their insurance carrier.

21. If we knew what Blue Cross Blue Shield would reimburse prior to treatment, we could appropriately and fairly bill the patients.

_____
Scott Sullivan, M.D.

SWORN TO AND SUBSCRIBED
BEFORE ME, ON THIS 3rd day of
JANUARY, 2017.

_____
CHARLES O. TAYLOR (#19869)
NOTARY PUBLIC