UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CENTER FOR RESTORATIVE BREAST SURGERY, L.L.C., ET AL. | CIVIL ACTION NO. 11-806 |
| VERSUS | SECTION: "E" (MORGAN) |
| BLUE CROSS BLUE SHIELD OF LOUISIANA, ET AL. | MAGISTRATE 5 (NORTH) |

### AFFIDAVIT OF SARAH UNDERWOOD

Now comes Sarah Underwood, CPA who being first cautioned and sworn deposes and states as follows,

I have read my trial testimony and had I been allowed to reveal my expert opinions, I would have stated and still keep the opinion that:

1. I am the Chief Financial Officer, CFO, for Plaintiff, St. Charles Surgical Hospital, LLC.

2. I am the CFO for Plaintiff, the Center for Restorative Breast Surgery, LLC.

3. As a result of my position within these two companies, I have personal knowledge of the facts set forth herein.

4. I submit this affidavit in support of Plaintiffs' Rule 56(d) motion.

5. I received a Bachelor of Science in Accounting from Louisiana State University in 1995.

6. I have been a Certified Public Accountant since 2001.

7. From 2003 until 2012, I worked at Katz, Gallagher, & Company, and served as the CPA to Plaintiffs, The Center for Restorative Breast Surgery.

8. From 2008 until 2012, I worked at Katz, Gallagher, & Company, and served as the CPA to Plaintiffs, St. Charles Surgical Hospital.

9. In May of 2012, I was hired by St. Charles Surgical Hospital, to serve as CFO to Plaintiffs, St. Charles Surgical Hospital, The Center for Restorative Breast Surgery, and its related entities.

10. I have attended many courses and seminars regarding health care financing; including, Becker Annual Hospital Review and QHR: Reimbursement and Regulatory Updates.

11. As part of my job, I regularly review ledgers of billed charges and reimbursements from insurance companies received by the Plaintiffs.

12. As part of my job, I have negotiated contracts with insurance companies.

13. I have calculated costs of performing our surgeries, and Blue Cross Blue Shield pays below what it costs us to perform the surgeries, this causes economic harm to the corporate entities.

14. It is also my expert opinion that Blue Cross Blue Shield's practice of concealing the allowable amount frustrates any prediction of an accurate depiction of cash flow from our surgeries for patients who are insured by Blue Cross Blue Shield. This, too, causes economic harm to the businesses.

15. The reimbursement received from Blue Cross Blue Shield is inconsistent. It is not uncommon for similar surgeries to be reimbursed for extremely different amounts, thus, this causes Plaintiffs difficulties in performing our business efficiently, and therefore causes economic damage to the business entities.

16. In my opinion, because St. Charles Surgical Hospital and The Center For Restorative Breast Surgery never know what the "allowable amount" from Blue Cross Blue Shield is, these two businesses suffer economic harm because they cannot cover the costs to perform the surgeries and effectively run their businesses.

_____
Sarah Underwood

SWORN TO AND SUBSCRIBED
BEFORE ME, ON THIS ___1st___ day of
FEBRUARY, 2017.

_____
CHARLES O. TAYLOR (#19869)
NOTARY PUBLIC