UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CENTER FOR RESTORATIVE BREAST SURGERY, L.L.C., ET AL.,**   **Plaintiffs** | **CIVIL ACTION** |
| **VERSUS** | **NO. 11-806** |
| **BLUE CROSS BLUE SHIELD OF LOUISIANA, ET AL.,**   **Defendants** | **SECTION: "E" (5)** |

### ORDER AND REASONS

Before the Court is Plaintiffs' motion for additional discovery under Rule 56(d).[1]

On January 27, 2017, Defendants filed a motion for summary judgment with respect to the causation element of Plaintiffs' negligent misrepresentation claims.[2] In response, Plaintiffs filed this motion pursuant to Rule 56(d), seeking additional time to conduct discovery for the purpose of opposing Defendants' motion for summary judgment.[3]

Under Rule 56(d) of the Federal Rules of Civil Procedure,[4] if a party opposing a motion for summary judgment shows, by way of affidavit or declaration, that for some specific reason it cannot present facts essential to justify its opposition, the Court may defer consideration of the summary judgment motion, deny it, allow time for the non-moving party to obtain affidavits or declarations or to take discovery, or issue any other appropriate order.[5] The Rule is "designed to safeguard against a premature or

---

[1] R. Doc. 712.
[2] R. Doc. 709.
[3] R. Doc. 712.
[4] On December 1, 2010, the provisions of former subdivision (f) of Rule 56 were carried forward, without substantial change, to subdivision (d). Accordingly, while case law prior to this change references Rule 56(f) instead of Rule 56(d), those pre-2010 cases still hold precedential and persuasive value and are fully applicable to this case.
[5] Fed. R. Civ. P. 56(d).

1

improvident grant of summary judgment."[6]

"[T]o justify a continuance, the [Rule 56(d)] motion must demonstrate (1) why the movant needs additional discovery, and (2) how the additional discovery will likely create a genuine issue of material fact."[7] In requesting a Rule 56(d) motion, a plaintiff "may not simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts."[8] Rather, the plaintiff "must set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion."[9] A party is not entitled to a Rule 56(d) continuance if it has not diligently pursued discovery.[10]

The Court finds Plaintiffs have failed to justify the need for a continuance to allow additional time to conduct discovery. Specifically, Plaintiffs have not shown they have diligently pursued discovery in this case, filed in 2011, with respect to the causation element of their negligent misrepresentation claims. Nor have Plaintiffs demonstrated to the Court what facts regarding causation they believe probably exist or how those facts will influence the pending summary judgment motion, as required under Rule 56(d).

The Defendants seek summary judgment with respect to Plaintiffs' negligent misrepresentation claims, arguing the undisputed facts show the statements made on the verification calls did not cause the Plaintiffs any harm.[11] First, the testimony and evidence

---

[6] *Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285 (5th Cir. 1990).
[7] *Stearns Airport Equip. Co. v. FMC Corp.*, 170 F.3d 518, 534–35 (5th Cir. 1999) (citing *Krim v. BancTexas Group, Inc.*, 989 F.2d 1435, 1442 (5th Cir. 1993)).
[8] *Raby v. Livingston,* 600 F.3d 552, 561 (5th Cir. 2010) (internal quotation marks and citation omitted).
[9] *Id.* (internal quotation marks and citation omitted).
[10] *See Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 28 F.3d 1388, 1397 (5th Cir. 1994).
[11] R. Doc. 709.

presented at trial established the Plaintiffs' uniform and consistent business practice was to provide services regardless of whether a patient's benefits were verified through the verification calls.[12] Second, Defendants routinely play disclaimers before the verification calls, providing that no information on the call would constitute a guarantee of payment.[13] Third, for many claims, there is no evidence that Plaintiffs made a verification call to the Defendants, or Plaintiffs utilized only iLinkBLUE online coverage summaries.[14]

At trial, the Plaintiffs' representatives testified that they provide healthcare services to all patients, regardless of whether a verification call was made. No testimony was provided with respect to the services provided to any individual plaintiff. Therefore, individual discovery with respect to causation is unlikely to create a genuine issue of material fact, and the Plaintiffs' motion must be denied.

**IT IS ORDERED** that the Plaintiffs' Rule 56(d) motion for additional discovery[15] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs respond to the Defendants' motion for summary judgment[16] by **March 8, 2017**. The Defendants may file a reply memorandum within seven days of the filing of Plaintiffs' opposition.

**New Orleans, Louisiana, this 15th day of February, 2017.**

                                         _____
                                         **SUSIE MORGAN**
                            **UNITED STATES DISTRICT JUDGE**

---

[12] R. Doc. 709-1 at 4.
[13] *Id.*
[14] *Id.*
[15] R. Doc. 712.
[16] R. Doc. 709.

3