UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CENTER FOR RESTORATIVE BREAST SURGERY, L.L.C., ET AL.,**  **Plaintiffs** | **CIVIL ACTION** |
| **VERSUS** | **NO. 11-806** |
| **BLUE CROSS BLUE SHIELD OF LOUISIANA, ET AL.,**  **Defendants** | **SECTION: "E" (5)** |

### ORDER

Before the Court is Plaintiffs' Motion for Reconsideration.[1] On February 15, 2016, the Court denied Plaintiffs' motion for additional discovery under Rule 56(d).[2] In Plaintiffs' motion, they ask the Court to reconsider its ruling under Rule 59(e) of the Federal Rules of Civil Procedure.

A motion for reconsideration pursuant to Rule 59(e) of the Federal Rules of Civil Procedure "must clearly establish either a manifest error of law or fact or must present newly discovered evidence and cannot be used to raise arguments which could, and should, have been made before the judgment issued."[3] A motion for reconsideration, however, "is 'not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of [the order].'"[4] "The Court is mindful that '[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly.'"[5] "When there exists no independent reason for

---

[1] R. Doc. 714.
[2] R. Doc. 713.
[3] *Schiller v. Physicians Resource Group Inc.*, 342 F.3d 563, 567 (5th Cir. 2003) (citations omitted) (internal quotation marks omitted).
[4] *Lacoste v. Pilgrim Int'l*, No. 07-2904, 2009 WL 1565940, at *8 (E.D. La. June 3, 2009) (Vance, J.) (quoting *Templet v. HydroChem Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004)).
[5] *Castrillo v. Am. Home Mortg. Servicing, Inc.*, No. 09-4369, 2010 WL 1424398, at *4 (alteration in original) (quoting *Templet,* 367 F.3d at 479).

1

reconsideration other than mere disagreement with a prior order, reconsideration is a waste of judicial time and resources and should not be granted."[6]

In deciding motions under the Rule 59(e) standards, the courts in this district have considered the following factors:

(1) whether the movant demonstrates the motion is necessary to correct manifest errors of law or fact upon which the judgment is based;

(2) whether the movant presents new evidence;

(3) whether the motion is necessary in order to prevent manifest injustice; and

(4) whether the motion is justified by an intervening change in the controlling law.[7]

In support of their motion for reconsideration, the Plaintiffs argue that reconsideration of the Court's order is necessary to correct manifest errors of law and fact. Specifically, Plaintiffs argue the Court failed to consider "facts identified in the Plaintiffs [*sic*] motion and attached affidavits."[8]

The arguments presented in the memorandum in support of Plaintiffs' motion[9] and the facts set forth in the attached affidavits of Dr. Frank DellaCroce,[10] Dr. Scott Sullivan,[11] Sarah Underwood,[12] and Stephen George[13] all were considered by the Court prior to its ruling. The Plaintiffs have presented no basis for the Court to reconsider its

---

[6] *Lightfoot v. Hartford Fire Ins. Co.*, No. 07-4833, 2012 WL 711842, at *3 (E.D. La. Mar. 5, 2012) (Brown, J.).
[7] *Castrillo*, 2010 WL 1424398, at *4. The Court notes that the time limits of Rule 59 do not apply in this matter because the order appealed is interlocutory. Rules 59 and 60 set forth deadlines for seeking reconsideration of final judgments. *See Carter v. Farmers Rice Milling Co., Inc.*, 33 F. App'x 704 (5th Cir. 2002); *Lightfoot*, 2012 WL 711842, at *2.
[8] R. Doc. 714-1 at 2.
[9] R. Doc. 712-1.
[10] R. Doc. 712-2.
[11] R. Doc. 712-3.
[12] R. Doc. 712-4.
[13] R. Doc. 712-5.

prior ruling.

Denial of Plaintiffs' motion for additional discovery under Rule 56(d) was appropriate, the Court considered all facts provided by the Plaintiffs, and the Court committed no error of law.

Accordingly;

**IT IS ORDERED** that the Plaintiffs' motion for reconsideration[14] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs respond to the Defendants' motion for summary judgment[15] by **March 8, 2017**. The Defendants may file a reply memorandum within seven days of the filing of Plaintiffs' opposition.

**New Orleans, Louisiana, this 2nd day of March, 2017.**

*Susie Morgan*
**SUSIE MORGAN
UNITED STATES DISTRICT JUDGE**

---

[14] R. Doc. 714.
[15] R. Doc. 709.